IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Adam Crane, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-CV-947 |
| Corrections Corporation of America | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Adam Crane is an attorney, licensed to practice law in the State of Kansas. As a licensed Kansas attorney, Plaintiff Crane is allowed to practice in The United District Court for Kansas and The United States District Court for the Western District of Missouri. As alleged herein, Defendant has been, improperly and without authorization, or consent by either party, recording confidential phone calls and meetings between attorneys, including Plaintiff Crane, and their clients. Plaintiff brings this lawsuit on behalf of himself and all others similarly situated against Defendant for violations of the Kansas and Missouri wiretapping statutes, K.S.A. 22-2502, *et. seq.*, and RsMo 542.010, *et. seq.*

In support of his Complaint, Crane respectfully submits the following:

## PARTIES AND BACKGROUND INFORMATION

1. Plaintiff Adam Crane is an attorney, licensed to practice law in the State of Kansas. As a licensed Kansas attorney, Plaintiff Crane is allowed to practice in The United District Court for Kansas and The United States District Court for the Western District of Missouri. Plaintiff's office is located in Overland Park, Kansas. At all times, Plaintiff has represented clients who have been or are currently detained by the United States Marshal Service

1

at a private detention facility in Leavenworth, Kansas (CCA-Leavenworth).

2. Defendant Corrections Corporation of America, Inc. ("CCA" or "Defendant CCA") is a private corrections management company that manages prisons, jails and detention facilities, including CCA-Leavenworth. Defendant is a Maryland, for-profit corporation.

3. When clients of the Plaintiff are detained through a Pretrial Order of Detention issued by a United States Magistrate Judge the clients are remanded to the custody of the United States Marshal Service to be held pending resolution of the criminal case. The United States Marshal Service contracts with detention facilities, including CCA, to detain the clients. The United States Marshal Service for the Western District of Missouri contracts with CCA-Leavenworth.

4. In particular, Plaintiff represented Arturo-Lorenzo Roldan who was remanded the custody of United States Marshal Service through a Pretrial Detention Order and was detained at CCA-Leavenworth. The Case is stylized United States v. Arturo-Lorenzo Roldan, Case No. 14-CR-00167-06-SRB, United States District Court Judge Stephen R. Bough, presiding. During the course of representation, Plaintiff had numerous conversations with his client, both telephonically and in-person.

5. On August 19, 2016, Judge Stephen R. Bough issued an Order in Case No. 16-00003-01-CR-W-SRB finding that detention facilities, including CCA-Leavenworth have installed devices and/or systems that are capable of recording communications between an attorney and their client, a detained defendant.

6. The Court issued a Cease and Desist order, requiring detention facilities to immediately stop recording meetings and communications between detainees and their attorneys.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1338(d)(2) for the claims brought pursuant to Missouri and Kansas wiretapping statutes, K.S.A. 22-2502, *et. seq.*, and RsMo 542.010, *et. seq.*, because the putative classes exceed 100 members and the amount in controversy exceeds $5,000,000.00 .

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the causes of action set forth herein have arisen and occurred in part in this judicial district and also because the Defendant is subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

9. Defendant CCA is a private, for-profit corporation that manages detention facilities, including CCA-Leavenworth.

10. The United States Marshal's Service uses detention facilities operated and managed by CCA, including CCA-Leavenworth to house federal inmates charged in the Western District of Missouri.

11. Attorneys, including Plaintiff Crane, routinely contact their clients by phone, video conference and/or in person to discuss confidential matters. They do so with the understanding that their conversations are private. Similarly, detainees understand that in-person and remote conversations with their attorneys are confidential and not recorded. Plaintiff Crane routinely communicates with his clients/detainees both in person and also from locations in Kansas City, Missouri. Plaintiff Crane received calls on his cellular phone from client Roldan. Client Roldan would use a prepaid phone card to call Plaintiff Crane. Upon information and belief, some or all of the calls to or from Plaintiff occurred in the State of Missouri.

12. Notwithstanding that understanding, CCA records communications between detainees and the outside world. The equipment it uses to intercept, record, and/or share

3

detainees' calls neither facilitates those telephone calls and in-person meetings, nor are the recordings a necessary incident of the calls and meetings.

13. CCA stores recordings in a computers server, and regularly gives access to those recordings to law enforcement agencies. In addition to normal recordings, law enforcement agencies have access to conversations between detainees and their attorneys.

14. There is no legitimate reason to record calls between detainees and their attorneys – the recordings do nothing to further the facilities' security or public safety.

15. Law enforcement has accessed recordings of confidential attorney-client communications from CCA-Leavenworth. Upon information and belief, the government has distributed to defense attorneys through discovery recorded attorney-client calls.

16. CCA was aware that it was operating a system that captured and recorded confidential attorney-client communications. CCA has been aware of nearly identical complaints in the United States District Court for the District of Kansas, for example, Case No. 2:16-cr-20032-JAR.

17. Detainees are all in substantial risk of having their attorney calls and meetings monitored, recorded and used against them to prejudice their cases. Similarly, both attorneys and their clients face substantial risk that Defendant will continue to violate their rights under Kansas and Missouri Wiretap statutes.

18. Further, even if an attorney were suspected or were aware that his calls and in-person meetings were being monitored, the detainee's Sixth Amendment rights would still be in serious jeopardy, because the attorney would have no choice and no way of avoiding surveillance and recording for meetings and conversations between the attorney and the client.

19. Criminal defense attorneys, including the Plaintiff must frequently consult with

their clients. As an investigation proceeds, they must confer about various case details to inform their investigation, motion practice, and trial strategy.

20. The same unlawful practices and procedures described above affect all attorneys representing clients in CCA-Leavenworth.

## COUNT I
### Violation of the Missouri Wiretap Statutes
### (Brought by Plaintiff and the Proposed Class Against Defendant)

21. Plaintiff incorporates by reference the foregoing paragraphs of this Amended Complaint.

22. The Missouri wiretap statute broadly prohibits the interception, disclosure or use of any wire, oral or electronic communication.

23. Defendant has violated (and continues to violate) both attorneys' and detainees' rights under the Missouri Wiretap statute The individual Plaintiff, and all class members are directly affected.

24. CCA has acted (and continues to act) unlawfully to intercept communications between Class members, like Plaintiff, and their clients/detainees, and discloses those confidential communications to third parties, including law enforcement, in violation of the Act.

25. CCA violates the Missouri Wiretap Act when it:

- Intercepts, discloses, uses, or procures other persons to intercept, disclose or uses communications between Plaintiff and the putative class and their detainees/clients.

*Mo Rev. Stat. § 542.418*.

26. Plaintiff has been entitled to the rights, protections, and benefits provided under the Missouri Wiretap Act, codified at Mo. Rev. Stat. §§ 542.400 *et seq.*

27. Plaintiff brings this claim as a class action under Fed. R. Civ. P. 23 on behalf of:

5

> All attorneys who were, are or will represent clients/detainees who are detained at CCA-Leavenworth, from August 31, 2013 to the present, plus periods of tolling, who communicated with clients from locations in Missouri, and whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

28. Defendant is a Person within the meaning of the Missouri Wiretap statute

29. Plaintiff and the putative class are "aggrieved persons" within the meaning of the Missouri Wiretap statute

30. As set forth herein, Defendant unlawfully recorded confidential communications between Plaintiff, the putative class and their clients/detainees.

31. In some cases, Defendant then disclosed those confidential communications to third parties, such as law enforcement, in further violation of the Missouri Wiretap statute

32. Pursuant to the Missouri Wiretap Act, Plaintiff and the Missouri Class Members are entitled to damages not less than one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

33. Plaintiff and the Missouri Class Members are entitled to punitive damages. Defendant's conduct has at all times been willful or intentional within the meaning of the Missouri Wiretap statute

34. Defendant is liable pursuant to Mo. Rev. Stat. § 542.418 for Plaintiff's attorneys' fees and costs/expenses incurred in this action.

35. The Missouri Wiretap Act claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

36. The Missouri Named Plaintiff and the Missouri Class Members are all similarly situated in that they were all subject to Defendant' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Missouri

Wiretap statute

37. Class certification of this count for violations of the MWL is appropriate under Fed. R. Civ. P. 23(a) in that:

    a. The members of the Missouri Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Missouri Named Plaintiff at the present time but the number is anticipated to be well in excess of one hundred individuals;

    b. There are questions of law and fact arising in this action which are common to the Missouri Named Plaintiff and the Missouri Class Members, including, but not limited to:

        (i) Whether Defendant has been recording attorney-client communications;

        (ii) Whether Defendant's policies and practices described within this Complaint were unlawful; and

        (iii) Whether the Defendant's actions were willful and/or intentional within the meaning of the Missouri Wiretap statute

38. Excluded from the Class are Defendant, any affiliate, parent, employee or subsidiary of Defendant; any officer, director, or employee of Defendant, Counsel for Plaintiffs, anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

39. The Missouri Named Plaintiff will fairly and adequately protect the interests of the members of the class.

40. The Missouri Named Plaintiff has retained counsel who is competent and experienced in class action and complex litigation involving violations of state and federal law.

41. The Missouri Named Plaintiff has no interests which are adverse to or in conflict

with other Missouri Class Members.

42. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the Missouri Wiretap Act; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

43. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendant' conduct.

44. In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

    a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

    b. The prosecution of separate actions by individual Class members would

8

Case 4:16-cv-00947-SRB   Document 1   Filed 08/31/16   Page 8 of 15

create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

  c. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

45. Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendant improperly intercepted, disclosed or used, or procured another person to intercept, disclose or use confidential attorney-client communications.

## COUNT II
### Violation of the Kansas Wiretap Statutes
**(Brought by Plaintiff and the Proposed Class Against Defendant)**

46. Plaintiff incorporates by reference the foregoing paragraphs of this Amended Complaint.

47. The Kansas Wiretap Act broadly prohibits the interception, disclosure or use of any wire, oral or electronic communication.

48. Defendant has violated (and continue to violate) both attorneys' and detainees' rights under the Kansas Wiretap statute The individual Plaintiff, and all class members are directly affected.

49. CCA has acted (and continues to act) unlawfully to intercept communications between Class members, like Plaintiff, and their clients/detainees, and discloses those confidential communications to third parties, including prosecutors, in violation of the Act.

50. CCA violates the Wiretap Act when it:

- Intercepts, discloses, uses, or procures other persons to intercept, disclose or uses communications between Plaintiff and the putative class and their detainees/clients.

*K.S.A. § 22-2518*.

51. Plaintiff has been entitled to the rights, protections, and benefits provided under the Kansas Wiretap Act, codified at K.S.A. §22-2502, *et seq*.

52. Plaintiff brings this claim as a class action under Fed. R. Civ. P. 23 on behalf of:

> All attorneys who were, are or will represent clients/detainees who are detained at CCA-Leavenworth, from August 31, 2013 to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

53. Excluded from the Class are Defendant, any affiliate, parent, employee or subsidiary of Defendant; any officer, director, or employee of Defendant, Counsel for Plaintiffs, anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

54. Defendant is a Person within the meaning of the Kansas Wiretap statute

55. Plaintiff and the putative class are "aggrieved persons" within the meaning of the Kansas Wiretap statute

56. As set forth herein, Defendant unlawfully recorded confidential communications between Plaintiff, the putative class and their clients/detainees.

57. In some cases, Defendant then disclosed those confidential communications to third parties, such as law enforcement, in further violation of the Kansas Wiretap statute.

58. Pursuant to the Kansas Wiretap Act, Plaintiff and the Kansas Class Members are entitled to damages, but not less than liquidated damages computed of one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

59. Plaintiff and the Class Members are further entitled to punitive damages.

60. Defendant is liable pursuant to K.S.A. 22-2518 for Plaintiff's attorneys' fees and costs/expenses incurred in this action.

61. The Kansas Wiretap Act claim, if certified for class wide treatment, may be pursued by all similarly situated persons who do not opt-out of the class.

62. The Named Plaintiff and the Class Members are all similarly situated in that they were all subject to Defendant' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Kansas Wiretap statute.

63. Class certification of this count for violations of the Kansas Wiretap Act is appropriate under Fed. R. Civ. P. 23(a) in that:

    a. The members of the Missouri Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Named Plaintiff at the present time but the number is anticipated to be in the thousands;

    b. There are questions of law and fact arising in this action which are common to the Named Plaintiff and the Class Members, including, but not limited to:

        (i) Whether Defendant has been recording attorney-client communications;

        (ii) Whether Defendant's policies and practices described within this Complaint were unlawful; and

        (iii) Whether Plaintiff and the putative class are entitled to punitive damages

64. The Named Plaintiff will fairly and adequately protect the interests of the members of the class.

65. The Named Plaintiff has retained counsel who is competent and experienced in class action and complex litigation involving violations of state and federal law.

66. The Named Plaintiff has no interests which are adverse to or in conflict with

11

Case 4:16-cv-00947-SRB   Document 1   Filed 08/31/16   Page 11 of 15

other Class Members.

67. Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the Kansas Wiretap Act; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

68. The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendant' conduct.

69. In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

    d. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

    e. The prosecution of separate actions by individual Class members would

create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

    f.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

70. Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendant improperly intercepted, disclosed or used, or procured another person to intercept, disclose or use confidential attorney-client communications.

## PRAYER FOR RELIEF

**WHEREFORE,** concerning Plaintiff's Count I for Defendant' alleged violation of the Missouri Wiretap Act, Plaintiff prays for relief as follows:

1. Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Missouri Class Members and issuance of notice to all Missouri Class Members, apprising them of the pendency of this action;

2. Designation of Plaintiff Crane as Representative Plaintiff of the Missouri Class Members;

3. Designation of Michael Hodgson of the Employee & Labor Law Group of Kansas City, LLC, Joseph K. Eischens, and Lance Sandage as the attorneys representing the Missouri Class;

4. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wiretap Act;

5. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

6. An award of damages not less than $100 per day for each day of violation, or $10,000, whichever is greater due for Plaintiff and Missouri Class Members, to be paid by Defendant;

7. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8. Punitive Damages, as provided by Missouri law.

**WHEREFORE,** concerning Plaintiff's Count II for Defendant' alleged violation of the Missouri Wiretap Act, Plaintiff prays for relief as follows:

1. Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Class Members and issuance of notice to all Class Members, apprising them of the pendency of this action;

2. Designation of Plaintiff Crane as Representative Plaintiff of the Class Members;

3. Designation of Michael Hodgson of the Employee & Labor Law Group of Kansas City, LLC, Joseph K. Eischens, and Lance Sandage as the attorneys representing the Class;

4. A declaratory judgment that the practices complained of herein are unlawful under the Kansas Wiretap Act;

5. An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law,

from engaging in each of the unlawful practices, policies, and patterns set forth herein;

6. An award of damages not less than $100 per day for each day of violation, or $1,000, whichever is greater due for Plaintiff and Class Members, to be paid by Defendant;

7. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8. Punitive Damages, as provided by Kansas law.

Respectfully Submitted,

**Employee & Labor Law Group of Kansas City, LLC**

By: */s/ Michael Hodgson*
Michael Hodgson   MO Bar No. 63677
Kristi L. Kingston, MO Bar No. 46539
3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.945.2122
Fax: 816.945.2120
mike@elgkc.com
kristi@elgkc.com

*/s/ Lance Sandage*
Lance D. Sandage MO Bar No. 46022
Sandage Law LLC
1600 Genessee Street, Suite 314
Kansas City, MO 64102
Tel: 816.753.0800
Fax: 816.735.4602
lance@sandagelaw.com

*/s/ Joseph K. Eischens*
Joseph K. Eischens         MO #44706
1321 Burlington St., Suite 202
North Kansas City, Missouri 64116
(816) 945-6393 *telephone*
joe@jkemediation.com

ATTORNEYS FOR PLAINTIFFS