| | | |
|---|---|---|
| Adam Crane, David Johnson, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:16-cv-00947 |
| Corrections Corporation of America, | ) ) ) | |
| Defendant. | ) ) ) | |
| United States of America, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 16-0003-01-CR-W-SRB |
| Ronald L. Bell, | ) ) ) | |
| Defendant. | ) ) ) | |
| United States of America, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 14-CR-00167-06-SRB |
| Arturo-Lorenzo Roldan, | ) ) ) ) | |
| Defendant. | ) | |

**CONSOLIDATED MOTION AND SUGGESTIONS IN SUPPORT OF MOTION TO
CONSOLIDATE CASES FOR DISCOVERY AND OTHER PURPOSES**

## INTRODUCTION

On August 31, 2016, Plaintiffs, on behalf of themselves and others similarly situated, initiated an action against Corrections Corporation of America ("Defendant"), alleging that Defendant had unlawfully recorded conversations between plaintiffs and their clients, detainees at Defendant's Leavenworth, Kansas facility. Thirteen days earlier, on August 19, 2016, in United Staes v. Bell, Case No. 16-003-01-CR-W-SRB, the Court issued a Cease and Desist Order, requiring detention facilities to immediately stop recording 1) face-to-face meetings held in detention facilities, including CCA's facility;[1] 2) telephone calls between a detainee and counsel representing the detainee; and 3) and videoconference calls between a detainee and his or her counsel representing the detainee. Plaintiffs Adam Crane and David Johnson have each represented clients detained at CCA Leavenworth. In particular, Plaintiff Crane represented Arturo-Lorenzo Roldan who was remanded to the custody of United States Marshal Service through a Pretrial Detention Order and was detained at CCA-Leavenworth. The Case is stylized United States v. Arturo-Lorenzo Roldan, Case No. 14-CR-00167-06-SRB, United States District Court Judge Stephen R. Bough, presiding. During the course of representation, Plaintiff had numerous conversations with his client, both telephonically and in-person. Plaintiffs request consolidation of the actions for pretrial purposes, because they involve common questions of law and fact.

## RELEVANT BACKGROUND

In 2016, it was discovered that Defendant had been recording, without consent, communications between criminal defendants and their attorneys at CCA's Leavenworth facility. On August 10, 2016, United States District Court Judge Julie A. Robinson entered an Order in a case stylized United States v. Black, et. al, Case No. 16-20032-JAR, that all detention facilities in

---

[1] The Order applied to CCA, as well as the county jails in Bates, Caldwell, Callaway, Christian, Cole, Greene, Lafayette, Morgan, Phelps, St. Clair, and Warren Counties in Missouri.

Kansas and Missouri, as well as CCA, cease and desist audio-visual recordings of attorney-client communications in the detention facility and audio recording of attorney-client phone calls. The Order directed the United States Marshal for District of Kansas to give the United States Marshal for the Western District of Missouri notice of the Order. Nine days later, this Court followed suit, in United States v. Bell, Case No. 16-003-01-CR-W-SRB.

As a result, Courts in the Western District of Missouri, and the District of Kansas began investigating the conduct, demanding that CCA and other facilities immediately stop recording attorney/client interactions.

Plaintiffs and the putative class comprise a group of attorneys who have represented clients who were detained at CCA's Leavenworth facility. Plaintiffs have asserted claims under Kansas and Missouri's wiretapping laws, alleging that CCA has violated their reasonable expectation of privacy by recording privileged interactions with their clients. Both the Western District of Missouri and the District of Kansas have been actively investigating the scope and nature of CCA's recordings. Because Plaintiffs' allegations substantially relate, and contain common questions of fact and law, Plaintiffs seek the consolidation of these matters for pretrial, including discovery, purposes.

## ARGUMENT

### I. LEGAL STANDARD

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933). District courts have broad discretion to consolidate actions involving a "common question of law or fact." FED. R. Civ. P. 42(a)(2); *Enter. Bank v. Saettele,* 21 F.3d 233,235 (8th Cir. 1994). In doing so, the court considers whether the proceedings involve a common party in addition to common issues of fact or law. *Id.* Consolidation has long been "permitted as a matter of convenience and economy in administration..." while allowing suits to maintain their separate identities. *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496, *53* S. Ct. 721,

727 (1933); *see United States v. Altman,* 750 F.2d 684, *695* (8th Cir. 1984). "[D]istrict courts generally take a favorable view of consolidation ..." § 2383 Consolidation—Discretion of Court, 9A Fed. Prac. & Proc. Civ. § **2383 (3d ed.) "Actions involving the same parties are apt candidates for consolidation."** *Id.* § 2384. "The party seeking consolidation bears the burden of showing that it would promote judicial convenience, and economy." *Powell v. National Football League,* 764 F.Supp. 1351, 1359 (D. Minn. 1991). Consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.,* 135 F.3d 543, *551* (8th Cir. 1998); *see U.S. E.P.A. v. City of Green Forest, Ark,* 921 F.2d 1394, 1403 (8th Cir. 1990) (affirming denial of consolidation motion where different parties and legal claims in each suit).

## II. CONSOLIDATION OF THESE CASES PROMOTES JUDICIAL CONVENIENCE AND ECONOMY.

Consolidation of these cases for trial is warranted in furtherance of judicial convenience and economy. Plaintiffs' claims rest on legal theories that are co-extensive with CCA's conduct in surreptitiously recording attorney-client interactions, which is the subject of the investigations in Kansas and Missouri. Moreover, as information pertaining to who and what was recorded comes to light, those facts will have direct bearing on Plaintiffs' claims under Kansas and Missouri wiretapping laws.

**ANY POTENTIAL UNFAIR PREJUDICE CREATED IS OUTWEIGHED BY THE BENEFITS OF CONSOLIDATION.**

Notably, Plaintiffs only seek consolidation for pretrial matters, including discovery. Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources of common factual and legal issues, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Chill,* 181 F.R.D. at *405* (citing *Cantrell,* 999 F.2d at 1011;

*Kramer,* 134 F.R.D. at 258*59).* Here, the advantages of consolidation to the Court, the parties, and witnesses, outweigh the risks of prejudice and possible confusion.

There exists great efficiency of treating these cases as one for purposes of discovery. This Court's order in *Bell* was based on the same conduct that provides the factual basis for Plaintiffs' claims. In the interest of judicial efficiency, these matters should be consolidated to eliminate duplicative efforts and costs and to streamline the investigations for the purpose of judicial economy. While investigations progress, Plaintiffs may be able to help the Court ascertain the scope of CCA's conduct, while Plaintiffs may discover the full extent and number of conversations that were surreptitiously recorded by Defendant. Additionally, any potential unfair prejudice or confusion that may result from consolidation can be resolved by proper limitations by the Court.

## CONCLUSION

Consolidation is appropriate because these cases involve common questions of law and fact. Consolidation in this matter promotes judicial economy and furthers the convenience of all parties, witnesses, and counsel by decreasing the time required to conclude multiple suits and the relative expense to all involved. Moreover, any risk of unfair prejudice is overborne by the benefits of consolidation. Therefore, the Court should grant Plaintiffs' Motion for Consolidation.

Respectfully Submitted,

**The Hodgson Law Firm, LLC**

By: */s/ Michael Hodgson*
Michael Hodgson   MO Bar No. 63677

3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

*/s/ Lance Sandage*
Lance D. Sandage MO Bar No. 46022
Sandage Law LLC
1600 Genessee Street, Suite 314
Kansas City, MO 64102

Tel: 816.753.0800
Fax: 816.735.4602
lance@sandagelaw.com

*/s/ Joseph K. Eischens*
Joseph K. Eischens          MO #44706
Law Office of Joseph K. Eischens
1321 Burlington St., Suite 202
North Kansas City, Missouri 64116
(816) 945-6393 *telephone*
joe@jkemediation.com


ATTORNEYS FOR PLAINTIFFS