# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| Adam Crane, David Johnson, | ) | |
| individually and on behalf | ) | |
| of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00947 SRB |
| | ) | |
| Corecivic | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Securus Technologies, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## THIRD AMENDED COMPLAINT

Plaintiff Adam Crane and Plaintiff David Johnson are attorneys, licensed to practice law. As licensed attorneys, Plaintiffs are allowed to practice in The United District Court for Kansas and The United States District Court for the Western District of Missouri. As alleged herein, Defendants have been, improperly and without authorization, or consent by either party, recording confidential phone calls and meetings between attorneys, including Plaintiffs Crane, Johnson, and their clients. Plaintiffs bring this lawsuit on behalf of themselves and all others similarly situated against Defendants for violations of the Kansas and Missouri wiretapping statutes, K.S.A. 22-2502, *et. seq.*, and RsMo 542.010, *et. seq.*

In support of their Complaint, Plaintiffs respectfully submit the following:

## PARTIES AND BACKGROUND INFORMATION

1.    Plaintiff Adam Crane is an attorney, licensed to practice law in the State of Kansas. As a licensed Kansas attorney, Plaintiff Crane is allowed to practice in The United

Case 4:16-cv-00947-SRB   Document 32   Filed 03/08/17   Page 1 of 23

District Court for Kansas and The United States District Court for the Western District of Missouri. Plaintiff's office is located in Overland Park, Kansas. At all times, Plaintiff has represented clients who have been or are currently detained by the United States Marshal Service at a private detention facility in Leavenworth, Kansas (CCA-Leavenworth).

2.      Plaintiff David Johnson is an attorney, licensed to practice law in the State of Missouri. As a licensed Missouri attorney, Plaintiff Johnson is allowed to practice in The United District Court for Kansas and The United States District Court for the Western District of Missouri. Plaintiff's office is located in Kansas City, Missouri. At all times, Plaintiff has represented clients who have been or are currently detained by the United States Marshal Service at a private detention facility in Leavenworth, Kansas ("CCA-Leavenworth").

3.      Defendant Corecivic (formerly known as Corrections Corporation of America, Inc.) ("CCA" or "Defendant CCA") is a private corrections management company that manages prisons, jails and detention facilities, including CCA-Leavenworth. Defendant is a Maryland, for-profit corporation.

4.      Defendant Securus Technologies, Inc. is a private corporation, founded and headquartered in Dallas, Texas. It has contracts with prisons and jails across the nation, including CCA-Leavenworth, to provide telephone and video conferencing services for detainees.

5.      When clients of the Plaintiffs are detained through a Pretrial Order of Detention issued by a United States Magistrate Judge the clients are remanded to the custody of the United States Marshal Service to be held pending resolution of the criminal case. The United States Marshal Service contracts with detention facilities, including CCA, to detain the clients. The United States Marshal Service for the Western District of Missouri contracts with CCA-

2

Leavenworth.

6.     In particular, Plaintiff Crane represented Arturo-Lorenzo Roldan who was remanded to the custody of United States Marshal Service through a Pretrial Detention Order and was detained at CCA-Leavenworth. The Case is stylized United States v. Arturo-Lorenzo Roldan, Case No. 14-CR-00167-06-SRB, United States District Court Judge Stephen R. Bough, presiding. During the course of representation, Plaintiff had numerous conversations with his client, both telephonically and in-person.

7.     On August 19, 2016, Judge Stephen R. Bough issued an Order in Case No. 16-00003-01-CR-W-SRB finding that detention facilities, including CCA-Leavenworth have installed devices and/or systems that are capable of recording communications between an attorney and their client, a detained defendant.

8.     Plaintiff Johnson represented Jajuan Howard who was remanded to the custody of the United States Marshal Service through a Pretrial Detention Order and was detained at CCA-Leavenworth.  The Case is stylized United States v. Jajuan Howard, Case No. 12-CR-00359-03-GAF, United States District Court Judge Gary A. Fenner, presiding.  During the course of representation, Plaintiff Johnson had numerous conversations with his client, both telephonically and in person while his client was detained at CCA.

9.     On August 19, 2016, the Court, in United States v. Bell, Case No. 16-00003-01-CR-W-SRB, issued a Cease and Desist Order, requiring detention facilities to immediately stop recording 1) face-to-face meetings held in detention facilities, including CCA's facility;[1] 2) telephone calls between a detainee and counsel representing the detainee; and 3) and videoconference calls between a detainee and his or her counsel representing the detainee.

---

[1] The Order applied to CCA, as well as the county jails in Bates, Caldwell, Callaway, Christian, Cole, Greene, Lafayette, Morgan, Phelps, St. Clair, and Warren Counties in Missouri.

3

## JURISDICTION AND VENUE

10.     This Court has jurisdiction under 28 U.S.C. § 1332(d)(2) for the claims brought pursuant to Missouri and Kansas wiretapping statutes, K.S.A. 22-2502, *et. seq.*, and RsMo 542.010, *et. seq.* because, upon information and belief, the putative classes exceed 100 members and the amount in controversy exceeds $5,000,000.00 .

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the causes of action set forth herein have arisen and occurred in part in this judicial district and also because the Defendants are subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

12.     Defendant CCA is a private, for-profit corporation that manages detention facilities, including CCA-Leavenworth.

13.     The United States Marshal's Service uses detention facilities operated and managed by CCA, including CCA-Leavenworth to house federal inmates charged in the Western District of Missouri.

14.     CCA-Leavenworth's phone and videoconference services are provided by Securus Technologies. Securus charges families and others a fee for speaking with a detainee. It shares those proceeds with CCA-Leavenworth, which creates profit for both entities.

15.     Attorneys, including Plaintiffs, routinely contact their clients by phone, video conference and/or in person to discuss confidential matters. They do so with the understanding that their conversations are private. Similarly, detainees understand that in-person and remote conversations with their attorneys are confidential and not recorded.

16.      In reality, Securus Technologies and CCA-Leavenworth do record confidential attorney-client communications. There is no legitimate reason to record calls between detainees

4

and their attorneys – the recordings do nothing to further the facilities' security or public safety.

17. During those calls, Securus Technologies recorded communications between detainees and third parties, relying on a set of servers, electronic storage, cables, and software separate from what is used to simply connect the callers. The equipment it used to intercept, record, and share detainees' calls neither facilitated those telephone calls, nor were the recordings a necessary incident of the calls.

18. Securus Technologies stored recordings in a computer server, to which it gave local law enforcement agencies direct online access. They were able to review any recorded call at their leisure.

19. Securus Technologies and CCA-Leavenworth were aware early on they were operating a system that captured and recorded privileged conversations. Securus, in particular, has been aware of virtually identical complaints from other parts of the country where it provides services, in Texas, California, and other locations.

20. Plaintiffs Crane and Johnson routinely communicate with their clients/detainees both in person and also from locations in Kansas City, Missouri.

21. Plaintiff Crane received calls on his cellular phone from client Roldan. Client Roldan would use a prepaid phone card to call Plaintiff Crane. Upon information and belief, some or all of the calls to or from Plaintiff occurred in the State of Missouri.

22. Plaintiff Johnson routinely communicates with his clients/detainees both in person and by telephone. Plaintiff Johnson received calls from client Howard. Client Howard would call Plaintiff Johnson using a prepaid phone card or by calling collect.

23. Notwithstanding that understanding referenced in paragraph 15 above,

Defendants recorded communications between detainees and the outside world. The equipment they used to intercept, record, and/or share detainees' calls neither facilitated those telephone calls and in-person meetings, nor were the recordings a necessary incident of the calls and meetings.

24.     CCA and/or Securus store recordings in a computers server, and regularly give access to those recordings to law enforcement agencies. In addition to normal recordings, law enforcement agencies had access to conversations between detainees and their attorneys.

25.     Additionally, during in-person meetings between attorneys and their clients/detainees, Corecivic and/or Securus routinely recorded those meetings, without the consent of either attorneys or their clients/detainees.   Video cameras were placed in attorney/client visitation rooms and those video cameras recorded communications between the attorneys and their clients/detainees.

26.     There is no legitimate reason to record calls or meetings between detainees and their attorneys – the recordings do nothing to further the facilities' security or public safety.

27.     Law enforcement agencies have accessed recordings of confidential attorney-client communications from CCA-Leavenworth. Upon information and belief, the government has distributed to defense attorneys through discovery recorded attorney-client calls.

28.     CCA and/or Securus were aware that they were operating a system that captured and recorded confidential attorney-client communications. CCA has been aware of nearly identical complaints in the United States District Court for the District of Kansas, for example, Case No. 2:16-cr-20032-JAR, and in the Western District of Texas, Case No. 1:14-cv-00366-LY.

29.     Detainees are all in substantial risk of having their attorney calls and meetings monitored, recorded and used against them to prejudice their cases. Similarly, both attorneys and

their clients face substantial risk that Defendant will continue to violate their rights under Kansas and Missouri Wiretap statutes.

30.     Further, even if an attorney were suspected or were aware that his calls and in-person meetings were being monitored, the detainee's Sixth Amendment rights would still be in serious jeopardy, because the attorney would have no choice and no way of avoiding surveillance and recording for meetings and conversations between the attorney and the client.

31.     Criminal defense attorneys, including the Plaintiff must frequently consult with their clients. As an investigation proceeds, they must confer about various case details to inform their investigation, motion practice, and trial strategy.

32.     The same unlawful practices and procedures described above affect all attorneys representing clients in CCA-Leavenworth.

## COUNT I
### Violation of the Missouri Wiretap Statutes
### (Brought by Plaintiff and the Proposed Class Against Defendant)

33.     Plaintiffs incorporate by reference the foregoing paragraphs of this Amended Complaint.

34.     The Missouri wiretap statute broadly prohibits the interception, disclosure or use of any wire, oral or electronic communication.

35.     Defendants have violated (and continue to violate) both attorneys' and detainees' rights under the Missouri Wiretap statute. The individual Plaintiff, and all class members are directly affected.

36.     CCA and Securus have acted (and continue to act) unlawfully to intercept communications between Class members, like Plaintiffs, and their clients/detainees, and disclose those confidential communications to third parties, including law enforcement, in violation of the

7

Act.

37.    CCA and Securus violate the Missouri Wiretap Act when they:

- Intercept, disclose, use, or procure other persons to intercept, disclose or uses communications (including, but not limited to phone calls and in-person meetings) between Plaintiff and the putative class and their detainees/clients.

*Mo Rev. Stat. § 542.418.*

38.    Plaintiffs are entitled to the rights, protections, and benefits provided under the Missouri Wiretap Act, codified at Mo. Rev. Stat. §§ 542.400 *et seq.*

39.    Plaintiffs bring this claim as a class action under Fed. R. Civ. P. 23 on behalf of:

> All attorneys who were, are, or will represent clients/detainees who are detained at CCA-Leavenworth, from August 31, 2013 to the present, plus periods of tolling, who communicated with clients from locations in Missouri, and whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

40.    Defendants are Persons within the meaning of the Missouri Wiretap statute.

41.    Plaintiffs and the putative class are "aggrieved persons" within the meaning of the Missouri Wiretap statute

42.    As set forth herein, Defendants unlawfully recorded confidential communications between Plaintiff, the putative class and their clients/detainees.

43.    In some cases, Defendants then disclosed those confidential communications to third parties, such as law enforcement, in further violation of the Missouri Wiretap statute

44.    Pursuant to the Missouri Wiretap Act, Plaintiff and the Missouri Class Members are entitled to damages not less than one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

45.    Plaintiffs and the Missouri Class Members are entitled to punitive damages. Defendants' conduct has at all times been willful or intentional within the meaning of the

8

Missouri Wiretap statute.

46.     Defendants are liable pursuant to Mo. Rev. Stat. § 542.418 for Plaintiff's attorneys' fees and costs/expenses incurred in this action.

47.     All similarly situated persons who do not opt-out of the class, if certified for class wide treatment, may pursue the Missouri Wiretap Act claim.

48.     The Missouri Named Plaintiffs and the Missouri Class Members are all similarly situated in that they were all subject to Defendants' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Missouri Wiretap statute

49.     Class certification of this count for violations of the Missouri Wiretap Act is appropriate under Fed. R. Civ. P. 23(a) in that:

a.      The members of the Missouri Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Missouri Named Plaintiff at the present time but the number is anticipated to be well in excess of one hundred individuals;

b.      There are questions of law and fact arising in this action that are common to the Missouri Named Plaintiff and the Missouri Class Members, including, but not limited to:

i.      Whether Defendants have been recording attorney-client communications (including, but not limited to phone calls and in-person meetings);

ii. Whether Defendants' policies and practices described within this Complaint were unlawful; and

iii. Whether the Defendants' actions were willful and/or intentional within the meaning of the Missouri Wiretap statute.

50.     Excluded from the Class are Defendants, any affiliate, parent, employee or subsidiary of Defendants; any officer, director, or employee of Defendants, Counsel for Plaintiffs, anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

51.     The Missouri Named Plaintiffs will fairly and adequately protect the interests of the members of the class.

52.     The Missouri Named Plaintiffs have retained counsel who is competent and experienced in class action and complex litigation involving violations of state and federal law.

53.     The Missouri Named Plaintiffs have no interests that are adverse to, or in conflict with other Missouri Class Members.

54.     Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the Missouri Wiretap Act; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

55.     The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent

results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendants' conduct.

56.     In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

a.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

b.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

57.     Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendants improperly intercepted, disclosed or used, or procured another person to intercept, disclose or use confidential attorney-client communications.

**COUNT II**
**Violation of the Kansas Wiretap Statutes**
**(Brought by Plaintiffs and the Proposed Class Against Defendants)**

58.     Plaintiffs incorporate by reference the foregoing paragraphs of this Amended Complaint.

11

59.     The Kansas Wiretap Act broadly prohibits the interception, disclosure or use of any wire, oral or electronic communication.

60.     Defendants have violated (and continue to violate) both attorneys' and detainees' rights under the Kansas Wiretap statute. The individual Plaintiffs, and all class members, are directly affected.

61.     Corecivic and/or Securus have acted (and continue to act) unlawfully to intercept communications between Class members, like Plaintiffs and their clients/detainees, and disclose those confidential communications to third parties, including prosecutors, in violation of the Act.

62.     Defendants violate the Kansas Wiretap Act when they:

•       Intercept, disclose, use, or procure other persons to intercept, disclose or use communications (including, but not limited to phone calls and in-person meetings) between Plaintiff and the putative class and their detainees/clients.

*K.S.A. § 22-2518*.

63.     Plaintiffs have been entitled to the rights, protections, and benefits provided under the Kansas Wiretap Act, codified at K.S.A. §22-2502, *et seq.*

64.     Plaintiffs bring this claim as a class action under Fed. R. Civ. P. 23 on behalf of:

All attorneys who were, are, or will represent clients/detainees who are detained at CCA-Leavenworth, from August 31, 2013 to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

65.     Excluded from the Class are Defendants, any affiliate, parent, employee or subsidiary of Defendants; any officer, director, or employee of Defendants, Counsel for Plaintiffs, anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

66.     Defendants are Persons within the meaning of the Kansas Wiretap statute

12

67.     Plaintiffs and the putative class are "aggrieved persons" within the meaning of the Kansas Wiretap statute.

68.     As set forth herein, Defendants unlawfully recorded confidential communications between Plaintiffs, the putative class and their clients/detainees.

69.     In some cases, Defendants then disclosed those confidential communications to third parties, such as law enforcement, in further violation of the Kansas Wiretap statute.

70.     Pursuant to the Kansas Wiretap Act, Plaintiffs and the Kansas Class Members are entitled to damages, but not less than liquidated damages computed of one hundred dollars a day for each day of violation or one thousand dollars, whichever is greater.

71.     Plaintiffs and the Class Members are further entitled to punitive damages.

72.     Defendants are liable pursuant to K.S.A. 22-2518 for Plaintiffs' attorneys' fees and costs/expenses incurred in this action.

73.     All similarly situated persons who do not opt-out of the class, if certified for class wide treatment, may pursue the Kansas Wiretap Act claim.

74.     The Named Plaintiffs and the Class Members are all similarly situated in that they were all subject to Defendants' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Kansas Wiretap statute.

75.     Class certification of this count for violations of the Kansas Wiretap Act is appropriate under Fed. R. Civ. P. 23(a) in that:

a.     The members of the Kansas Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Named Plaintiff at the present time but the number is anticipated to be in the thousands;

b.     There are questions of law and fact arising in this action which are common to

13

the Named Plaintiff and the Class Members, including, but not limited to:

      i.      Whether Defendants have been recording attorney-client communications;

      ii.     Whether Defendants' policies and practices described within this Complaint were unlawful; and

      iii.    Whether Plaintiff and the putative class are entitled to punitive damages

76.    The Named Plaintiffs will fairly and adequately protect the interests of the members of the class.

77.    The Named Plaintiffs have retained counsel who is competent and experienced in class action and complex litigation involving violations of state and federal law.

78.    The Named Plaintiffs have no interests that are adverse to, or in conflict with, other Class Members.

79.    Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is minimal interest of members of this class in individually controlling their prosecution of claims under the Kansas Wiretap Act; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

80.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and

judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendants' conduct.

81. In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

a. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

82. Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendant improperly intercepted, disclosed or used, or procured another person to intercept, disclose or use confidential attorney-client communications.

## COUNT III – FEDERAL WIRETAP ACT (18 U.S.C. § 2510, *et. seq.*)

83. The Federal Wiretap Act broadly prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

15

84.     Defendants have violated (and continue to violate) attorneys' rights under the Federal Wiretap Act. The individual Plaintiffs, the and the putative class members are directly affected.

85.     Corecivic and/or Securus have acted (and continue to act) unlawfully to intercept communications between Class members, like Plaintiffs and their clients/detainees, and disclose those confidential communications to third parties, including prosecutors, in violation of the Act.

86.     Defendants violate the Federal Wiretap Act when they:

- Intentionally intercept, disclose, use, or procure other persons to intercept, disclose or use wire oral or electronic communications (including, but not limited to phone calls and in-person meetings) between Plaintiff and the putative class and their detainees/clients.
- Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511.

*18 U.S.C. § 2511.*

87.     Plaintiffs have been entitled to the rights, protections, and benefits provided under the Federal Wiretap Act, codified at 18 U.S.C. § 2511, *et seq.*

88.     Plaintiffs bring this claim as a class action under Fed. R. Civ. P. 23 on behalf of:

All attorneys who were, are, or will represent clients/detainees who are detained at CCA-Leavenworth, from August 31, 2013 to the present, plus periods of tolling, whose communications have been intercepted, disclosed or used by Defendant and/or its affiliates.

89.     Excluded from the Class are Defendants, any affiliate, parent, employee or subsidiary of Defendants; any officer, director, or employee of Defendants, Counsel for Plaintiffs, anyone employed by counsel for Plaintiffs in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

90.     Defendants are Persons within the meaning of the Federal Wiretap statute

16

91.     Plaintiffs and the putative class are "aggrieved persons" within the meaning of the Federal Wiretap statute.

92.     As set forth herein, Defendants unlawfully recorded confidential communications between Plaintiffs, the putative class and their clients/detainees.

93.     In some cases, Defendants then disclosed those confidential communications to third parties, such as law enforcement, in further violation of the Federal Wiretap statute.

94.     Pursuant to the Federal Wiretap Act, Plaintiffs and the Class Members are entitled to damages, but not less than actual damages suffered by the Plaintiffs and any profits made by Defendants as a result of the violation, or liquidated damages computed of one hundred dollars a day for each day of violation or ten thousand dollars, whichever is greater.

95.     Plaintiffs and the Class Members are further entitled to punitive damages.

96.     Defendants are liable pursuant to 18 U.S.C. § 2520 for Plaintiffs' attorneys' fees and costs/expenses incurred in this action.

97.     All similarly situated persons who do not opt-out of the class, if certified for class wide treatment, may pursue the Federal Wiretap Act claim.

98.     The Named Plaintiffs and the Class Members are all similarly situated in that they were all subject to Defendants' policy and practice of recording confidential attorney-client communications without consent of either party, in violation of the Federal Wiretap statute.

99.     Class certification of this count for violations of the Federal Wiretap Act is appropriate under Fed. R. Civ. P. 23(a) in that:

a.      The members of the Federal Class are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to the Named Plaintiff at the present time but the number is anticipated to be in the thousands;

17

b.      There are questions of law and fact arising in this action which are common to the Named Plaintiff and the Class Members, including, but not limited to:

i.      Whether Defendants have been recording attorney-client communications;

ii.      Whether Defendants' policies and practices described within this Complaint were unlawful; and

iii.      Whether Plaintiff and the putative class are entitled to punitive damages

100.    The Named Plaintiffs will fairly and adequately protect the interests of the members of the class.

101.    The Named Plaintiffs have retained counsel who is competent and experienced in class action and complex litigation involving violations of state and federal law.

102.    The Named Plaintiffs have no interests that are adverse to, or in conflict with, other Class Members.

103.    Class certification of the respective class is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members and a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that: (a) there is  minimal interest of members of this class in individually controlling their prosecution of claims under the Kansas Wiretap Act; (b) it is desirable to concentrate all the litigation of these claims in this forum; and (c) there are no unusual difficulties likely to be encountered in the management of this case as a class action.

104.    The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum

18

simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Numerous repetitive individual actions would also place an enormous burden on the courts, as they would be forced to take duplicative evidence and repeatedly decide the same issues concerning Defendants' conduct.

105.    In the alternative, the Class may be certified under Rule 23 (b)(1) and/or (b)(2) because:

a.    The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the Class members as a whole.

106.    Alternatively, this case may be maintained as a class action with respect to particular issues under Fed. R. Civ. P. 23(c)(4), including but not limited to, the issue of whether Defendant improperly intercepted, disclosed or used, or procured another person to intercept, disclose or use confidential attorney-client communications.

## PRAYER FOR RELIEF

**WHEREFORE,** concerning Plaintiffs' Count I for Defendants' alleged violation of the

Missouri Wiretap Act, Plaintiffs pray for relief as follows:

1.    Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Missouri Class Members and issuance of notice to all Missouri Class Members, apprising them of the pendency of this action;

2.    Designation of Plaintiffs Crane and Johnson as Representative Plaintiffs of the Missouri Class Members;

3.    Designation of Michael Hodgson of the The Hodgson Law Firm, LLC, Joseph K. Eischens, and Lance Sandage as the attorneys representing the Missouri Class;

4.    A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wiretap Act;

5.    An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

6.    An award of damages not less than $100 per day for each day of violation, or $10,000, whichever is greater due for Plaintiffs and Missouri Class Members, to be paid by Defendants;

7.    Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8.    Punitive Damages, as provided by Missouri law.

**WHEREFORE,** concerning Plaintiffs' Count II for Defendants' alleged violation of the Kansas Wiretap Act, Plaintiffs pray for relief as follows:

1.    Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Class Members and issuance of notice to all Class Members, apprising them of the

pendency of this action;

2.      Designation of Plaintiffs Crane and Johnson as Representative Plaintiffs of the Class Members;

3.      Designation of Michael Hodgson of the The Hodgson Law Firm, LLC, Joseph K. Eischens, and Lance Sandage as the attorneys representing the Class;

4.      A declaratory judgment that the practices complained of herein are unlawful under the Kansas Wiretap Act;

5.      An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

6.      An award of damages not less than $100 per day for each day of violation, or $1,000, whichever is greater due for Plaintiffs and Class Members, to be paid by Defendants;

7.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8.      Punitive Damages, as provided by Kansas law.

**WHEREFORE,** concerning Plaintiffs' Count III for Defendants' alleged violation of the Federal Wiretap Act, Plaintiffs pray for relief as follows:

1.      Designation of this action as a class action under Fed. R. Civ. P. 23 on behalf of the Class Members and issuance of notice to all Class Members, apprising them of the pendency of this action;

2.      Designation of Plaintiffs Crane and Johnson as Representative Plaintiffs of the Class Members;

3.      Designation of Michael Hodgson of the The Hodgson Law Firm, LLC, Joseph K. Eischens, and Lance Sandage as the attorneys representing the Class;

4.      A declaratory judgment that the practices complained of herein are unlawful under the Federal Wiretap Act;

5.      An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

6.      An award of damages not less than the greater of actual damages and any profits made by Defendants as a result of the violation, or $100 per day for each day of violation, or $10,000, whichever is greater due for Plaintiffs and Class Members, to be paid by Defendants;

7.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

8.      Punitive Damages, as provided by 18 U.S.C. 2520.

Respectfully Submitted,

**The Hodgson Law Firm, LLC**

By: _/s/ Michael Hodgson_
Michael Hodgson   MO Bar No. 63677

3699 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

_/s/ Lance Sandage_

Lance D. Sandage MO Bar No. 46022
Sandage Law LLC
1600 Genessee Street, Suite 314
Kansas City, MO 64102
Tel: 816.753.0800
Fax: 816.735.4602
lance@sandagelaw.com

*/s/ Joseph K. Eischens*

Joseph K. Eischens          MO #44706
Law Office of Joseph K. Eischens
1321 Burlington St., Suite 202
North Kansas City, Missouri 64116
(816) 945-6393 *telephone*
joe@jkemediation.com


ATTORNEYS FOR PLAINTIFFS