IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ADAM CRANE and DAVID JOHNSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:16-cv-00947 SRB |
| ) | |
| CORECIVIC, ) | |
| ) | |
| and ) | |
| ) | |
| SECURUS TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants. ) | |

## **STIPULATED PROTECTIVE ORDER**

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of information should be treated as confidential or attorneys' eyes only, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of information.

Accordingly, for good cause shown under Fed. R. Civ. P. 26(c), the Court hereby enters the following Protective Order:

**1.** **Scope.** Certain specifically identified documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom
1

(hereinafter collectively "documents"), are subject to this Order concerning Confidential and Attorneys' Eyes Only information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.   **Designation of Confidential and Attorneys' Eyes Only Information.**

As used in this Order, "Confidential" information is defined as information that the producing party designates in good faith as having been previously maintained in a confidential manner and that should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. "Attorneys' Eyes Only" information is defined as material considered highly confidential by a party, such that disclosure of such information to the other party or its representatives (other than attorneys of record and retained experts who satisfy the criteria provided in Section 6(c)(5) herein) may cause significant or competitive harm to the disclosing party. Nothing in this Order shall prevent a plaintiff from viewing his or her *personal* information and documents, but in no event shall a plaintiff be entitled to view information and documents designated as "Attorneys' Eyes Only" and pertaining to another plaintiff.

For purposes of this Order, the parties will limit their designation of Confidential or Attorneys' Eyes Only information to the following categories of information or

documents[1]: customer[2] lists; customer identifying information; Customer Proprietary Network Information ("CPNI"), as defined by 47 U.S.C. Section 222;[3] call recordings to or from inmates at CCA-Leavenworth; any and all reports generated by the Secure Call Platform that contain and/or reveal sales information; profits and margins; product costs; business plans; financial data; trade secrets; personnel files; product capabilities, specifications, functions, and limitations; organizational charts; research and development; internal and/or external investigations and compliance audits or reviews; manuals, handbooks, user guides, contracts, internal memoranda, training materials, and other highly sensitive competitive or confidential information. Confidential or Attorneys' Eyes Only information may also include information or records whose disclosure is restricted or prohibited by statute. Information or documents that are available to the public may not be designated as Confidential or Attorneys' Eyes Only information.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential or Attorneys' Eyes Only information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" or, as appropriate "ATTORNEYS' EYES ONLY" (hereinafter "the markings") on the document and on all copies in a manner that will not interfere with the

---

[1] Nothing in this list presumes production. Certain categories of documents and information such as those relating to or revealing CPNI, security features, information related to historical or on-going law enforcement investigatory activities, and call detail records for numbers that have not been identified as an attorney numbers will not be produced absent a Court Order requiring such a production.
[2] "Customer" means any person or entity that purchases goods or services from Securus Technologies, Inc., including CoreCivic, f/k/a Corrections Corporation of America.
[3] CPNI includes consumers' sensitive personal information, such as the phone number dialed; the frequency, duration, and timing of a call; and any services purchased by the consumer.

legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Attorneys' Eyes Only information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the markings, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text or detailed descriptions of marked documents and do not otherwise disclose the substance of the Confidential or Attorneys' Eyes Only information are not required to be marked.  By marking a designated document as Confidential or Attorneys' Eyes Only, the designating attorney thereby certifies that the attorney holds a good-faith belief that the document contains Confidential or Attorneys' Eyes Only information as defined in this Order.

   4.   **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential or Attorneys' Eyes Only information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within five business days after discovery of the inadvertent failure.

   5.   **Depositions**.  Deposition testimony will only be deemed Confidential or Attorneys' Eyes Only if designated as such when the deposition is taken or within fifteen (15) days after receipt of the deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6.     Protection of Confidential or Attorneys' Eyes Only Material.**

**(a)     General Protections.**  Designated Confidential or Attorneys' Eyes Only information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, subject to the other terms and conditions of this Order.

**(b)     Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, designated Confidential information may only be disclosed to the following persons:

(1)     The parties to this litigation, including any employees, agents, and representatives of the parties;

(2)     Outside and in-house counsel for the parties and employees and agents of counsel;

(3)     The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the Court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in **Attachment A**, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual third party fact witness and his or her counsel, but only to the extent such confidential

5

documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in **Attachment A**;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)** **Who May View Designated Attorneys' Eyes Only Information.**

Except with the prior written consent of the designating party or prior order of the Court, designated Attorneys' Eyes Only information may only be disclosed to the following persons:

(1) Outside and in-house counsel for the parties and employees and agents of counsel;

(2) The Court and Court personnel, including any special master appointed by the Court, and members of the jury;

(3) Court reporters, recorders, and videographers engaged for depositions;

(4) Any mediator appointed by the Court or jointly selected by the parties;

(5) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation provided the disclosing attorney has a good faith belief that

6

disclosure of such documents is necessary for the expert, consultant, or investigator's review of the issues in this action, but only after such persons have completed the certification contained in **Attachment A**, Acknowledgment and Agreement to be Bound;

(6) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(7) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(8) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(d) Control of Documents**. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential or Attorneys' Eyes Only information pursuant to the terms of this Order. Counsel for the parties must maintain the forms signed by those persons acknowledging their obligations under this Order.

**7. Filing of Confidential or Attorneys' Eyes Only Information**. In the event a party seeks to file any document containing Confidential or Attorneys' Eyes Only information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as Confidential or Attorneys' Eyes Only; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely

7

for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested unredacted documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party is permitted to file the requested unredacted documents under seal, only counsel of record will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**8.     Challenges to a Confidential or Attorney' Eyes Only Designation.** The designation of any material or document as Confidential or Attorneys' Eyes Only is subject to challenge by any party. Before filing any motion or objection to a Confidential or Attorneys' Eyes Only designation, the objecting party must confer in good faith to resolve the objection informally without judicial intervention. If the parties are unable to resolve the conflict, challenges to the designation will be handled in the same manner as other discovery disputes pursuant to W.D. Mo. L.R. 37.1(a). A party that elects to challenge a confidentiality designation must identify the challenged material and set forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation (whether Confidential or Attorneys' Eyes Only) remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential or Attorneys' Eyes Only (however so designated by the party providing the designation) under the terms of this Order.

**9. Use of Confidential or Attorneys' Eyes Only Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential or Attorneys' Eyes Only information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential or Attorneys' Eyes Only information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10. Obligations on Conclusion of Litigation.**

    **(a) Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

    **(b) Return of Confidential or Attorneys' Eyes Only Documents.** Within 90 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential or Attorneys' Eyes Only information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the parties agree to destruction of the document to the extent practicable in lieu of return. With respect to documents bearing the notations, summations, or other mental impressions of the receiving party, that parties may agree to identify and destroy such documents and provide a written certification to the producing party that it has done so.

**(c) Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential or Attorneys' Eyes Only information. This work product will continue to be Confidential or Attorneys' Eyes Only (however so designated by the party providing the designation) under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential or Attorneys' Eyes Only information or as consented to by the designating party or by order of this Court.

11. **Order Subject to Modification**. This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential or Attorneys' Eyes Only information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**13. Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**14. Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15. Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, this Order shall apply with equal force to those individuals and entities.

**16. Protections Extended to Third-Party's Confidential or Attorneys' Eyes Only Information.** The parties agree to extend the provisions of this Protective Order to Confidential or Attorneys' Eyes Only information produced in this case by third parties, if timely requested by a party to the litigation.

**17. Confidential or Attorneys' Eyes Only Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorneys' Eyes Only information, the receiving party must promptly notify the designating party, in writing, sufficiently in advance of the compliance date to allow the designating party the opportunity to take reasonable steps to quash the subpoena or seek relief from the order in advance of the compliance date, and in no event later than 10 days after receipt by the receiving party of the subpoena or order. Such notification must include a copy of the subpoena or court

order.

The receiving party also must timely inform the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order the subject of this Order. In addition, the receiving party must promptly deliver a copy of this Order to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Attorneys' Eyes Only information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential or Attorneys' Eyes Only information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential or Attorneys' Eyes Only information designated by the other party to this case.

**18. Inadvertent Disclosure of Confidential or Attorneys' Eyes Only Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential or Attorneys' Eyes Only under the Protective Order, will not be deemed to waive a party's

claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and(e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Date: June 13, 2017

# ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Adam Crane, et al. v. Corecivic, et al.*, Case No. 4:16-cv-00947 SRB, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of Missouri in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential or Attorneys' Eyes Only information in accordance with this Protective Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential or Attorneys' Eyes Only information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____        _____
Signature                                                                    Date