**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| David Johnson,<br>individually and on behalf<br>of all others similarly situated, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-00947 |
| | ) | |
| Corrections Corporation of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Plaintiffs' Statement of Facts in Support of their Motion for Class**

**Certification**

*Securus Call Platform and Privatization*

1. At CCA-Leavenworth, the Securus Call Platform's default settings are to record all calls placed by an inmate at the facility. *Exh. 1,* Deposition of Securus Technologies Corporate Representative, Joshua Conklin 62:6-8

2. The Securus Call Platform has the ability to privatize phone numbers so that parties may have an unrecorded phone call. *Exh. 2*, Contract between Securus Technologies and Corecivic, § 8.1, Bates No. ST 0000118



9. ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

10. ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

11. ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

12. ████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████.

13. Based on Securus' records from this process, 1627 phone calls between attorneys and Detainees were recorded <u>after</u> a privatization event occurred on the Securus call platform from known attorney numbers appearing on the special master list. *Exh. 3, Declaration of Nicholas Harris*.

### *Corecivic Procedures for Private Phone Calls*

14. When inmates first arrive at CCA-Leavenworth, they go through things like personal property, and are given documents, including an "inmate handbook," an acknowledgment of phone policy. *Exh. 4,* Deposition of Corecivic Corporate Representative, Warden Linda Thomas 25:19-24, *Exh. 5, Excerpts of Inmate Handbooks, 2011 – 2016,* Bates Nos. Corecivic 98-120

15. However, in reality, there is no guarantee that a detainee received a handbook. In fact, it is more likely than not that a detainee never received a handbook. *Exh. 6, Testimony of Leslie West, May 15, 2018, 41:10-14*

16. In 2011-12, the Inmate Handbooks explicitly stated that "all calls may be monitored, and are recorded." *Exh. 5 at Bates Number* Corecivic 000100

17. In recent versions, the handbook only states that "dayroom telephones are subject to monitoring." *Exh. 7, 2016 Full Inmate Handbook, Bates No Corecivic7152-7196 at * 7183*

18. The detainee handbook makes it the Detainee's responsibility to inform their attorney about Corecivic's policies. *Exh. 4,* Thomas Depo. 177:6-23

19. Specifically, the handbook states that "Your attorney may request of our facility that calls to their office not be recorded to ensure Attorney/Client privilege. They may request this by way of sending CCA/LDC a fax on their office letterhead. This request must include contact information and signature. They may fax it to (913)727-2231. IT IS YOUR RESPONSIBILITY TO ENSURE THAT YOUR ATTORNEY IS AWARE OF THIS PROCEDURE; THEIR TELEPHONE CALLS ARE SUBJECT TO BEING RECORDED IF THEY DO NOT REQUEST THEY BE RESTRICTED." *Exh. 7,* at *7183

20. Attorneys representing Detainees are not informed of Corecivic's policies regarding recording of phone calls and/or the process for privatization. *Exh. 4,* Thomas Depo. 148:14-24, 180:21 – 181:10

21. Corecivic does not post this information or have CO or receptionist make this available at security/check-in inside facility. Nothing is mentioned on any website. *Exh. 4,* Thomas Depo. 148:14-24

22. Another possible way for a Detainee to have an unrecorded phone call with an attorney is to place the call from the Case Manager or Counselor's office inside Corecivic. *Exh. 4,* Thomas Depo. 92:4-94:18

23. Detainees are informed of this process through the "monitoring of Inmate/Detainee Telephone Calls notice attached as Exhibit 8, which states in pertinent part "A properly placed phone call to an attorney is not monitored. You must contact your unit team to request an unmonitored attorney call." *Exh. 4,* Thomas Depo. 28:1-16

24. However, in reality, Detainees are not allowed to request a private call of this nature unless it is a "special circumstance," in which case they would give "some consideration" to the request. *Exh. 9, Testimony of Wayne Bigelow*, 9/7/2016 in Case No. 16-CR-20032, at *82:1-21

25. On rare occasions, attorneys have requested a private call between a Detainee/Client and the attorney to be held at the Case Manager's office. *Exh. 10,* Corecivic000384-000399

26. Even in those circumstances, under many, if not all circumstances, unless there is a window to the hallway allowing the detainee to be observed from outside the office, the prison staff must be present for the phone call. *Exh. 4,* Thomas Depo. 95:22-98:9; *Exh. 9, Testimony of Wayne Bigelow, 9/7/16, at *82:22 – 83:7.*

27. In those situations, Corecivic, although it is now aware of the attorney client relationship and the attorneys phone number, takes no steps to privatize the attorney number from thereon to ensure that calls between Detainees and Attorneys will not be recorded in the future. *Exh. 4,* Thomas Depo. 97:3-98:19

28. Until October 2016, Detainees could not request that calls made to their attorneys from phone banks in their units be privatized. *Exh. 4,* Thomas Depo. 85:3 – 17.

29. Beginning in October, 2016, Corecivic changed its policies to allow for Detainees to request that their attorney's phone numbers be privatized. *Exh. 11*, Bates No. 008266; *Exh. 12,* Bates Nos. ST000040-43, *Exh. 4,* Thomas Depo. 85:3-17

30.  A detainee can now complete the form attached as Exhibit 13. Corecivic000197, *Exh. 11,* Bates No. Corecivic 008266

31. This form is not provided to Detainees at intake, but rather generally made available to them. *Exh. 4,* Thomas Depo. 25:4 – 26:5.

32. Once a Detainee fills out Exhibit 13, and the number has been verified, that number should be set to private. *Exh. 4,* Thomas Depo. 113:2 – 114:2.

33. Detainees receive a confirmation that the number has been privatized. *Exhibit 14,* Bates Nos. 198-358

34. Once a number has been set to private, it is private for all detainees calling that number within the parameters of the particular privatization setting. *Exh. 4,* Thomas Depo.  109:2 – 7.

35. However not all numbers that have been verified as attorney numbers are privatized, despite receiving a confirmation that the number has been private. *See, e.g. Exh. 14, at *Corecivic000316-317, Privatization Request and Confirmation for Gregory Rapp **dated December 15, 2016**; Exh 15, Recorded Call Report for Phone Number 816-521-8249, demonstrating a recorded call on **April 12, 2017.***

36. Beginning in August 2016, Corecivic received a large number of attorney requests for privatization as a result of Judge Robinson's Cease and Desist Order issue USA v. Black, Case No. 16-CR-20032. *Exh. 17,* Bates Nos. Corecivic000372-000374, Exh. 18, Bates Nos. Corecivic000384-000399

37. Included in those requests was a Request from David Johnson that his number be set to private and not be recorded. *Exh. 17, Request from David Johnson for Privatization*. Bates Nos. 000372-000374

38. Despite Johnson's request in August, 2016, his phone numbers were not privatized until March 27, 2017. *Exh. 18*, *Privatization Report for David Johnson*, Bates No. ST-000575.

39. During the interim between the request for privatization and the number being privatized, Plaintiff Johnson received several phone calls from Clients that were recorded, despite the fact that Johnson had requested calls to his phone numbers not be recorded. *Exh. 19, Recorded Call Report for Phone Number 816-531-7100, demonstrating a recorded call on* **March 8, 2017.**

40. It is unknown how many additional requests went unanswered, because of the limited production of privatization records that have been solely based on numbers appearing in the Special Master List. In other words, other known attorney phone numbers appearing on Bar Directories may also have systemic issues, but the parties have not completely discovered this information due to the stage of the proceedings. *Exh. 3, Harris Declaration.*

*Internal Review of Recorded Phone Calls*

41. Corecivic routinely reviews and listens to phone calls for internal security purposes. *Exh. 4,* Thomas Depo. 42:1-9;  52:13-55:15

42. No system, policy or process is in place at Corecivic for employees who have monitored an attorney/client call to memorialize this event so government, defense counsel or the court can be provided the information, if requested.  *Exh. 4,* Thomas Depo. 56:2-57:1

43. In doing so, Corecivic instructs its investigators that in the event they come across an attorney/detainee phone call, they are to stop listening. *Exh. 4,* Thomas Depo. 56:2-12.

44. ███████████████████████████████████████████████████

███████████

45. In that event, Corecivic does not privatize the phone number on that recording to ensure that future calls to that attorney will not be recorded. *Exh. 4,* Thomas Depo. 58:25-59:8.

46. Corecivic does not notify detainee or attorney that a call between them has been recorded and monitored. *Exh. 4,* Thomas Depo. 56:2-57:1

*Administrative Subpoenas and Informal Requests from Law Enforcement*

47. Corecivic routinely receives requests from Law Enforcement for phone call recordings in conjunction with Law Enforcement investigations. *Exh. 4,* Thomas Depo. 62:9-68:9.

48. Requests for phone call recordings come in various forms: *Id. See Also, Exh. 20,* Bates Nos. Corecivic0437-503, *Exh. 21*, Corecivic0504-534

49. Administrative Subpoenas are not subject to judicial review and/or approval. *Exh. 4,* Thomas Depo. 63:12-16

50. Email and phone requests are honored as well, and again are not subject to judicial review and/or approval. *Exh. 4,* Thomas Depo. 63:15-64:2

51. In some cases, such as USMS requests, the request explicitly states that attorney client phone calls are not subject to the request. *Exh. 21,* Bates Nos. 000504-534

52. Despite this, Corecivic does not go back and review phone call recordings to ensure that it does not provide such recordings of phone calls, despite their ability to do so through the Internal Review Process as set forth above. *Exh. 4,* Thomas Depo. 72:15-20

*The Federal Public Defender and the 2011 Amendments to the Corecivic Contract with BOPT/USMS*

53. As early as 2011, possibly 2009, the USMS contract with Corecivic mandated that calls to Federal Public Defender Offices be free and private. *Exh. 22, Email correspondence regarding FPD privatization requirements,* Bates Nos. ST00024-26

54. 

55.  Due to the needs of the facility, detainees are regularly transferred to other Pods, including County level and other areas of the facility.  *Exh. 4,* Thomas Depo. 16:12- 21:7

56. 

57. 

58. 

59. During the 2011 to 2013 time period, 1338 calls placed by detainees to the Kansas Federal Public Defender were recorded. *Exh. 26, Call Detail Report for Telephone Numbers 316-269-6445; 785-232-9828; 913-551-6712.*

***Audio Admonitions of Recording of Phone Calls***

60. Callers using the call platform will hear various prompts at the outset of a call. *Exh. 4,* Thomas Depo. 12:7-13:6; *Exh. 27,* Corecivic Bates Nos. 00001-00002

61. If a number is not privatized, both the calling party and the receiving party will hear "This call is subject to monitoring and recording." *Id.*

62. If a number is privatized, neither the calling party, nor the receiving party will hear the foregoing admonition. *Id.*

63. The form used by Detainees to request privatization of their attorney's telephone numbers does not inform them that they should no longer hear the recorded statement once privatization has occurred. *Exh. 13,* Corecivic000197.

64. The notices informing attorneys of the process for privatizing their numbers do not inform attorneys that they should no longer hear the recorded statement once privatization has occurred. *Exh. 28,* Corecivic008267.

65. ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

66. Corecivic's corporate representative testified that the reason for the language had to do with its contractual obligations with the BOPT/USMS to notify the caller of the potential for monitoring. *Exh. 4,* Thomas Depo. 15:4-16:6

67. At no point did this admonition contain language similar to the 2011/12 detainee handbooks that "all calls are subject to monitoring, and will be recorded."

***Court Orders re Non Recording of Phone Numbers***

68. On August 10, 2016, in conjunction with a criminal investigation in USA v. Black, Case No. 16-CR-20032, Judge Robinson issued an Order, Requiring "that all detention facilities in Kansas and Missouri, as well as CCA, that house detainees charged in the United States District Court for the District of Kansas immediately **CEASE AND DESIST:** (1) audio-visual recording of

attorney-client communications in the detention facility; (2) audio recording of attorney-client phone calls; and (3) audio-visual recording of attorney-client videoconference calls;" and "that CCA, and the detention facilities in Kansas or Missouri that house detainees charged in the United States District Court for the District of Kansas shall FORTHWITH submit written confirmation to the United States Marshal for the District of Kansas that the facilities are not audio or video recording any type of attorney-client communications." Memorandum and Order, August 10, 2016, USA v. Black, et. al., Case No. 16-CR-20032, *ECF Doc. No. 102.*

69. On August 19, 2016, in conjunction with USA v. Ronald Bell, Case No. 16-00003-01-CR-W-SRB, this Court Ordered that "unless it has been specifically and explicitly authorized, in advance, by a federal judicial officer in the Western District of Missouri, no detention facility used by the USMS to house federal inmates charged in the Western District of Missouri should record: (1) face-to-face meetings held in said detention facilities between detainees and defense counsel; (2) telephone calls between detainees in said detention facilities and the attorney representing the detainee; and (3) videoconference calls between detainees in said detention facilities and defense counsel;" and "unless it has been specifically and explicitly authorized, in advance, by a federal judicial officer in the Western District of Missouri, all facilities used by the USMS to house detainees charged in the Western District of Missouri shall immediately **CEASE AND DESIST** recording: (1) face-to-face meetings held in said detention facilities between detainees and counsel representing the detainee; (2) telephone calls between a detainee in said detention facilities and counsel representing the detainee; and (3) videoconference calls between a detainee in said detention facilities and counsel representing the detainee;" and "all facilities used by the USMS to house detainees charged in the Western District of Missouri shall **FORTHWITH** submit written confirmation to the USMS that their facility is in compliance

with the requirements of this order prohibiting the recording of activity between a detainee and counsel representing the detainee, unless said recording has been specifically and explicitly authorized, in advance, by a judicial officer in the Western District of Missouri." *ECF Doc. No. 23 of USA v. Bell, Case No. 16-00003-01-CR-W-SRB.*

*Calls to Attorneys appearing on the Special Master List*

70. Based on Securus Data, 18,759 calls were recorded from calls placed to 567 known attorneys appearing on Special Master list. *Exh. 3*, Harris Dec.

71. Based on Corecivic's data through June of 2017, 197,757 calls were placed to 913 known attorneys from the Special Master List. *Exh. 3*, Harris Dec.

72. There are 398 numbers from the Special Master List that appear in the Corecivic data but not the Securus Data. *Exh. 3*, Harris Dec.

73. There are 52 additional numbers from the Special Master list that appear on Securus data, but not Corecivic call records. *Exh. 3*, Harris Dec.

74. Nicholas Harris was provided several bar lists from Kansas, Nebraska, Iowa, Missouri and the Kansas City Metropolitan Bar Association. *Exh. 3*, Harris Dec.

75. An additional 38,243 phone numbers appear on these lists, but do not appear on the Special Master list. *Exh. 3*, Harris Dec.

76. From that list of additional phone numbers, 13,315 additional phone calls were made to numbers that did not appear on the Special Master List to 580 distinct phone numbers. *Exh. 3*, Harris Dec.

77. Corecivic's records do not have a field that indicates whether a call was recorded. *Exh. 3*, Harris Dec.

78. Nicholas Harris was provided additional records, including copies of requests for privatization from attorneys, Detainees (beginning in October 2016), and one-time attorney requests for attorney/client phone calls. *Exh. 3*, Harris Dec.

79. 215 of these phone numbers appear on the Special Master list. *Exh. 3*, Harris Dec.

80. 24 of these phone numbers do not appear on the Special Master list. *Exh. 3*, Harris Dec.

81. Based on Corecivic's records, 362 separate phone calls were placed to phone numbers identified through privatization requests, but do not appear on the Special Master list. *Exh. 3*, Harris Dec.

82. Based on Securus's call records, 7,914 calls were recorded to numbers that were identified through Detainee and Attorney Requests for privatization (that also appear on the Special Master List, and were therefore produced by Securus in their CDRs). *Exh. 3*, Harris Dec.

83. From those 7,914 calls identified above, based on Securus's call records that have a field that identifies whether a call was recorded, 203 separate phone calls to a number appearing on the Special Master list were recorded after either a Detainee or Attorney had requested privatization or identified themselves as an attorney through Corecivic's document production. *Exh. 3*, Harris Dec.

84. 14 separate instances occurred of both attorneys and detainees requesting privatization of the same phone number. *Exh. 3*, Harris Dec.

85. From those lists, 546 unique numbers appear on the Corecivic privatization reports. *Exh. 3*, Harris Dec.

86. 356 unique numbers from the Corecivic privatization lists appear on the Special Master list. *Exh. 3*, Harris Dec.

87. 190 unique numbers from the Corecivic privatization lists do not appear on the Special Master Report. *Exh. 3*, Harris Dec.

88. From the numbers that appear on Corecivic privatization lists, Securus Call Detail Reports reflect 9,438 recorded calls to those 356 numbers. *Exh. 3*, Harris Dec.

89. 2,413 of the 9,438 calls, were recorded after the earliest date of privatization appearing in the Corecivic privatization lists. *Exh. 3*, Harris Dec.

90. Corecivic call records indicate 5,817 phone calls placed to the numbers in the Corecivic privatization lists that do not appear on the Special Master Report. *Exh. 3*, Harris Dec.

91. Nicholas Harris was provided a separate list of 133 separate Federal Public Defender Phone Numbers. *Exh. 3*, Harris Dec.

92. From the group of numbers identified in paragraph 27, at least 2,134 phone calls were recorded from calls placed to Federal Public Defenders, based on Securus call records. *Exh. 3*, Harris Dec.

93. Securus privatization records contain 161 unique records of attorney phone numbers appearing on the Special Master Report. *Exh. 3*, Harris Dec.

94. From the Securus privatization reports, 1,627 phone calls were recorded after the first privatization event. *Exh. 3*, Harris Dec.