# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| DAVID JOHNSON on behalf of himself and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) ) CORECIVIC et al., ) ) Defendants. ) | Case No. 4:16-cv-00947-SRB |

## **ORDER**

Before the Court is Defendant Securus Technologies, Inc.'s Motion to Stay Proceedings (Doc. #215). For the reasons stated below, the motion is denied without prejudice.

### I. Background

Plaintiff David Johnson ("Plaintiff") filed this action against Defendants CoreCivic and Securus Technologies, Inc. ("Securus"), alleging that Defendants violated the Federal Wiretap Act, Kansas Wiretap Act, and Missouri Wiretap Act by recording confidential phone calls and meetings between attorneys, including Plaintiff. (Doc. #32, p. 1). On September 18, 2018, this Court certified the matter as a class action. (Doc. #212). Defendants timely petitioned the Eighth Circuit for review of this Court's class certification decision. (Doc. #217, p. 1). Securus, joined by co-defendant CoreCivic, now moves the Court to stay proceedings in this case "until the Eighth Circuit either denies Securus's pending petition for permission to appeal pursuant to Federal Rule of Civil Procedure 23(f) or resolves any resulting interlocutory appeal." (Doc. #215, p. 1; Doc. #217).

## II. Legal Standard

Federal Rule of Civil Procedure 23(f) grants parties the ability to petition circuit courts for permission to appeal an order granting class-action certification. "An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Id.* The Court utilizes a four-factor balancing test to determine whether to stay proceedings:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Brady v. NFL*, 640 F.3d 785, 789 (8th Cir. 2011) (internal quotations omitted). "The most important factor is the appellant's likelihood of success on the merits[;]" however, the Court must consider the relative strength of each factor and balance them all. *Id.* (internal citations omitted).

## III. Discussion

Securus contends Defendants are likely to succeed on appeal because their petition presents a serious and novel issue—"how a cease-and-desist order affects the consent analysis under the Wiretap Acts"— and "[a]n appeal has a 'likelihood of success' sufficient to warrant a stay so long as it raises serious or novel questions[.]" (Doc. #224, pp. 2–3) (quoting *Sweeney v. Bond*, 519 F. Supp. 124, 132–133 (E.D. Mo. 1981)). Securus also argues the "balance of equities" favors a stay because Defendants will be forced to expend significant funds on "voluminous and expensive discovery and motions practice" if litigation moves forward, and such funds would be unrecoverable if the Eighth Circuit reverses this Court's class certification decision. (Doc. #216, p. 4). Securus further contends a stay would benefit class members because if the Eighth Circuit reverses, "voiding a previously issued class notice could create significant issues . . . ." (Doc. #224, p. 5) (quoting *Powell v. Tosh*, No. 09-0121, 2012 WL

2

1202289, at *5 (W.D. Ky. Apr. 10, 2012)).  Lastly, Securus argues a stay is warranted so that the Court does not expend resources that may prove unnecessary if the Eighth Circuit reverses.

Plaintiff argues "[t]he substantive issue of consent is not at issue in the 8th Circuit[;]" rather, "the issue . . . is whether the District Court properly analyzed this matter under the Rule 23 Class Certification Standards." (Doc. #218, p. 5).  Thus, Plaintiff contends that Defendants' petition to appeal will not likely be granted because it does not present a novel issue.  Plaintiff further argues the prospect of incurring unrecoverable litigation expenses while a petition for discretionary appeal is pending is speculative and cannot qualify as irreparable injury.  To the contrary, Plaintiff argues class members would be substantially harmed by a stay in proceedings because it would unduly delay class notice.  Lastly, Plaintiff argues denying a stay will not negatively impact the public's interest in conserving judicial resources because the Court's current role in this case is limited.

Securus's arguments in support of a stay hinge on the Eighth Circuit accepting Defendants' petition for permission to appeal.  Therefore, the Court finds a stay is unwarranted before the Eighth Circuit decides whether it will accept Defendants' petition.  First, whether Defendants are likely to succeed on the merits of their appeal is a matter this Court can more accurately analyze if the Eighth Circuit decides to accept Defendants' appeal.  Second, discovery and motions practice expenses will only cause Defendants irreparable harm if the Eighth Circuit reverses this Court's class certification decision.  Such harm is only speculative before the Eighth Circuit decides whether to accept Defendants' petition.  If the Eighth Circuit denies the petition, Defendants will not have incurred any economic loss by moving forward with discovery and finalizing class notice documents.

3

Case 4:16-cv-00947-SRB   Document 226   Filed 11/01/18   Page 3 of 4

Moreover, both parties agree that notice should not be issued to class members until the Eighth Circuit decides whether to accept Defendants' petition. (Doc. #225, p.1). This agreement further minimizes potential economic harm to Defendants and avoids any potential injury to class members resulting from the issuance of notifications before the Eighth Circuit decides whether to hear Defendants' appeal. The issue of potential injury becomes more concrete if the Eighth Circuit decides to accept Defendants' petition, and this Court welcomes a renewed motion to stay proceedings in that event. Finally, this Court does not foresee the need to expend significant judicial resources prior to the Eighth Circuit's acceptance or denial of Defendants' petition. Accordingly, the public's presumed interests in conserving judicial resources and a speedy and just resolution of this lawsuit do not weigh heavily in favor of granting a stay.

**IV.    Conclusion**

Based on the foregoing, this Court finds a stay would be premature. Accordingly, Securus Technologies, Inc.'s Motion to Stay Proceedings (Doc. #215) is denied without prejudice. This Court welcomes a renewed motion to stay proceedings in the event that the Eighth Circuit accepts Defendants' petition for permission to appeal.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 1, 2018