## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is entered into between David Johnson, individually and on behalf of the Settlement Class as defined below (collectively referred to herein as "Plaintiffs"), and CoreCivic, Inc., f/k/a Corrections Corporation of America ("CoreCivic") and Securus Technologies, Inc. (individually, "Securus," and collectively with CoreCivic, "Defendants").

WHEREAS, Plaintiffs filed in the United States District Court for the Western District of Missouri (the "Court") a putative class action lawsuit against Defendants currently styled *Johnson v. CoreCivic, et al.*, now pending as Case No. 4:16-cv-00947-SRB (the "Lawsuit");

WHEREAS, Plaintiffs allege in the Lawsuit that Defendants violated certain state and federal wiretap statutes by monitoring and/or recording attorney communications involving Plaintiffs and Settlement Class Members at Leavenworth Detention Center ("LDC"); and

WHEREAS, Defendants deny and dispute each of the allegations in the Lawsuit and assert that they have not committed any of the alleged violations, and instead have at all times complied with all laws;

WHEREAS, on April 1, 2020, the Court issued an order certifying the following four classes in this matter, which shall be referred to herein as the "Certified Classes":

1. All attorneys who represented clients who were detained at LDC, from August 31, 2013 to August 19, 2016, plus periods of tolling, who communicated with clients, and whose communications were intercepted, disclosed or used by Securus and/or its affiliates.

2. All attorneys who represented clients who were detained at LDC, from August 19, 2016 to June 28, 2017, plus periods of tolling, who communicated with clients, and whose communications were intercepted, disclosed or used by Securus and/or its affiliates.

3. All attorneys who represented clients who were detained at LDC, from August 31, 2013 to August 19, 2016, plus periods of tolling, who communicated with clients, and whose communications were intercepted, disclosed or used by CoreCivic and/or its affiliates.

4. All attorneys who represented clients who were detained at LDC, from August 19, 2016 to present, plus periods of tolling, who communicated with clients, and whose communications have been or are currently being intercepted, disclosed or used by CoreCivic and/or its affiliates.

WHEREAS, the Court has not resolved the issues of liability and damages in the Lawsuit, each party believes it has a meritorious position, and each party recognizes risks if this Lawsuit proceeds;

WHEREAS, each party desires to avoid the further expense of litigation and to settle and voluntarily compromise any and all claims or causes of action between them that have arisen or that may arise in the future which in any way relate to the Lawsuit or the facts alleged therein;

WHEREAS, each party stipulates and agrees for purposes of this Settlement only to the following class, which shall be referred to herein as the "Settlement Class":

All attorneys who, during the period of August 31, 2013 through May 10, 2020, communicated with clients who were detained at Leavenworth Detention Center and whose communications were intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates.

WHEREAS, each party further stipulates and agrees for purposes of this Settlement only to the following two sub-classes:

Settlement Subclass A: All members of the Settlement Class who had one or more of their telephone communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

Settlement Subclass B: All members of the Settlement Class who had one or more of their in-person communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

WHEREAS each party stipulates and agrees that the Settlement Class is intended to and does include, but may not be limited to, all individuals in the Certified Classes.

WHEREAS each party stipulates and agrees that the Settlement Class, including Settlement Subclass A and Settlement Subclass B, are properly certifiable, solely for the purposes of settlement, under Fed. R. Civ. P. 23 as a subsection (b)(3) class, in that the elements of Fed. R. Civ. P. 23(a)(1-4) are satisfied, and common issues of law and fact predominate over individual questions with regard to the issues related to approval of this Settlement Agreement;

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and conditions herein contained, and with the intention of being legally bound thereby, the parties hereto do covenant and agree as follows:

## I. DEFINITIONS

For purposes of this Settlement Agreement, the following terms are defined as follows:

A. **"Plaintiffs"** refers to Plaintiff David Johnson, individually and on behalf of the Settlement Class.

B. **"Lawsuit"** refers to the matter styled *David Johnson v. CoreCivic, et al.*, Case No. 4:16-cv-00947-SRB in the United States District Court for the Western District of Missouri.

2

**C.** **"Settlement Administrator"** refers to the qualified outside business selected and retained by Class Counsel, with approval by Defendants, to provide the following services: Program design and management, class notification, and settlement distribution and reporting.

**D.** **"Settlement Class"** refers to the group of persons composed of any of the following:

    a. All attorneys who, during the period of August 31, 2013 through May 10, 2020, communicated with clients who were detained at Leavenworth Detention Center and whose communications were intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates.

**E.** **"Settlement Subclass A"** refers to the sub-group of Settlement Class Members composed of any of the following:

    a. All members of the Settlement Class who had one or more of their telephone communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

**F.** **"Settlement Subclass B"** refers to the sub-group of Settlement Class members composed of any of the following:

    a. All members of the Settlement Class who had one or more of their in person communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

**G.** **"Settlement Class Member"** refers to an individual within the Settlement Class.

**H.** **"Participating Settlement Class Member**" refers to a Settlement Class Member who does not timely and validly Opt Out.

**I.** **"Participating Claimant"** refers to a Participating Settlement Class Member who files a timely and valid claim in accordance with the process set out in Section VIII of this Settlement Agreement or as otherwise ordered by the Court.

**J.** **"Settlement Payout"** refers to the payout provided to Plaintiff David Johnson, the Participating Claimants, and Class Counsel as part of the consideration of this Settlement Agreement, as further defined in Section III.A of this Settlement Agreement.

**K.** **"Class Counsel"** shall mean Michael Hodgson of the Hodgson Law Firm, Lance Sandage of Sandage Law LLC, and Joseph K. Eischens of Law Office of Joseph K. Eischens.

**L.** **"Costs of Settlement Administration"** shall mean all actual and reasonable costs associated with or arising from Settlement Administration; as more fully described

herein, this shall include without limitation, (1) postal and copying charges for mailing out the Class Notice and CAFA notice(s); (2) cost of distributing payments to Participating Claimants; and (3) fees paid to the Settlement Administrator. All such costs shall be paid from the Gross Settlement Fund.

M.  **"Court"** shall mean the Court in which the Lawsuit is pending, with The Honorable Stephen R. Bough, or any duly appointed successor.

N.  **"Preliminary Approval Order"** shall mean the order of the Court preliminarily approving this Settlement Agreement.

O.  **"Effective Date"** shall mean the date on which the Final Approval Order is entered by the Court.

P.  **"Final Approval Hearing"** shall mean the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order.

Q.  **"Final Approval Order"** shall mean an order from the Court approving (1) this Settlement Agreement; (2) payment of the Class Counsel fees and expenses; (3) dismissal of Plaintiffs' individual and class claims with prejudice; and (4) such other final rulings as are contemplated by this Settlement Agreement.

R.  **"Final Court Approval"** shall mean the date the Court enters the Final Approval Order (if no after-hearing motion is filed and no appeals are taken therefrom) or the date of the final resolution of after-hearing motions or appeal, so long as the Final Approval Order is upheld or affirmed in its entirety.

S.  **"Gross Settlement Fund**" shall mean the full amount of the fund established under this Settlement in the amount of Three Million, Seven Hundred Thousand Dollars ($3,700,000.00), as further defined in Section III.A of this Settlement Agreement.

T.  **"Net Settlement Fund"** means the Gross Settlement Fund less Taxes, Costs of Settlement Administration, Service Awards, Attorneys' Fees, Costs, and Expenses, and the Allocation Correction Set Aside, as further described in Section III.A of this Settlement Agreement.

U.  **"Objection Date"** shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which Settlement Class Members must object to the Settlement Agreement's terms or provisions and to submit any required statements, proof, or other materials and/or argument in support thereof. This date shall be sixty (60) days from the first bulk mailing of the initial notice of this Settlement by the Settlement Administrator.

V.  **"Opt-Out Deadline"** shall mean the date agreed upon by the Parties or otherwise ordered by the Court by which any Settlement Class Members who wish to be excluded from the Settlement must mail their Opt-Out Notice with the postmark date used for determining timeliness with this deadline. This date shall be sixty (60) days

from the first bulk mailing of the initial notice of this Settlement by the Settlement Administrator.

**W.**    **"Opt-Out Notice" or "Opt-Out"** shall mean any timely and valid request by any Settlement Class Member for exclusion from the Settlement.

**X.**    **"Opt-Out List"** shall mean a written list prepared by the Settlement Administrator of all Settlement Class Members who submit timely and valid Opt-Out Notices.

**Y.**    **"Parties"** shall mean Plaintiffs and Defendants.

**Z.**    **"Settlement"** shall mean the agreement by the Parties to resolve the Lawsuit, the terms of which have been memorialized and provided for in this Settlement Agreement.

**AA.**    **"Settlement Agreement"** shall mean this Settlement Agreement and any exhibits attached hereto.

**BB.**    **"Released Parties"** shall mean CoreCivic and Securus, and any of each of their parent companies, subsidiaries, or other affiliated companies, corporations, partnerships, limited liability companies, and limited partnerships and their successors, assigns, predecessors in interest and any current and former owners, directors, officers, partners, general partners, limited partners, managers, agents, alleged agents, physicians, representatives, stockholders, shareholders, attorneys and insurers, and/or employees of such entities.

**CC.**    **"Class Notice"** shall mean the legally required notice provided to all Settlement Class Members informing them of the Settlement.

**DD.**    **"Preliminary Settlement Class Member List"** shall mean the list of Settlement Class Members prior to removal of individuals who file valid and timely Opt-Out Notices.

**EE.**    **"Final Settlement Class Member List"** shall mean the list of Settlement Class Members who did not file valid and timely Opt-Out Notices and thus who shall be considered Participating Settlement Class Members under this Settlement Agreement.

**FF.**    **"Final Participating Claimant List"** shall mean the list of Participating Settlement Class Members who filed valid and timely claim forms and thus who shall be considered Participating Claimants under this Settlement Agreement.

## II.    REQUIRED EVENTS

**A.**    After execution of this Settlement Agreement by all Parties:

1.    Class Counsel and Defendants' respective counsel shall take all necessary steps to obtain entry of the Preliminary Approval Order and the Final Approval Order.

2. Plaintiffs shall move for entry of a Preliminary Approval Order, which by its terms shall, inter alia:

    a.    Preliminarily approve the terms of the Settlement Agreement for purposes of issuing the Class Notice;

    b.    Certify the proposed Settlement Class, including making any findings necessary to support the certification of said Settlement Class;

    c.    Approve the contents of the Class Notice and the publication of the same; and

    d.    Schedule a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement and the applications for an award of Class Counsel fees and expenses, and to consider whether the Court should issue a Final Approval Order.

3. The Parties shall use their best efforts, consistent with the terms of this Settlement Agreement, to obtain a Final Approval Order.

4. In the event that the Court fails to issue the Preliminary Approval Order or fails to issue the Final Approval Order, the Parties agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect(s) identified by the Court. If said defects cannot be cured in order to secure Preliminary and/or Final Approval by the Court, then the Settlement Agreement is void and all parties are restored to their former positions pre-settlement as further discussed below in Section IX(B).

5. The Parties acknowledge that the approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

## III.    CONSIDERATION

    **A.**    **Settlement Funding.**  The parties have agreed to settle this matter by creating a Gross Settlement Fund of $3,700,000.00, of which CoreCivic shall fund $3,000,000.00 and Securus shall fund $700,000.00, in exchange for the releases described in Section IX. The Gross Settlement Fund shall be apportioned as follows:

1. **Taxes.** Any necessary taxes and tax expenses shall be paid from the Gross Settlement Fund.

2. **Costs of Settlement Administration**.  All of the Costs of Settlement Administration shall be paid from the Gross Settlement Fund.

3. **Service Awards.**  Subject to Court Approval, the following Settlement Class Members who performed various levels of service to the litigation shall receive, in recognition of their service contributions, "Service Awards" in the amounts set out below.  These Service Awards are subject to the Settlement Class Members being Participating Claimants and the amounts are in addition to any amounts they are entitled to receive as Participating Claimants.

   - David Johnson (named plaintiff and class representative):  $25,000.00
   - Adam Crane (former named plaintiff):  $25,000.00

These Service Awards are being sought in recognition of efforts to pursue the claims raised in this Lawsuit on behalf of the Settlement Class, including providing factual information and assisting Class Counsel with the prosecution of the Lawsuit at various levels of participation. Any amounts allocated as Service Awards under this Settlement Agreement, but not approved by the Court, shall be re-allocated to the Net Settlement Fund.

4. **Attorneys' Fees, Costs, and Expenses.**  Class Counsel will seek court approval of an award consisting of attorneys' fees, costs, and litigation expenses in the total amount of $1,295,000.00 (approximately 35% of the Gross Settlement Fund). Defendants agree not to object to this request.  Any amounts allocated as Attorneys' fees, costs, and expenses under this Settlement Agreement, but not approved by the Court, shall be re-allocated to the Gross Settlement Fund.

5. **Allocation Correction Set Aside.**  The Settlement Administrator shall set aside $50,000.00 from the Gross Settlement Fund for correction of computations of the pro rata distribution to Participating Claimants. Any remaining funds from the Allocation Correction Set Aside following the initial distribution to Participating Claimants shall be re-allocated to Participating Claimants on the same pro-rata basis, and subject to the same total maximum recovery amounts, as described in Section III.A.6 below.

6. **Pro Rata Distribution to Participating Claimants.**  The Net Settlement Fund shall be distributed to Participating Claimants on a pro rata basis, with 90% of the Net Settlement Fund being allocated to Participating Claimants in Settlement Subclass A (up to a maximum amount of $10,000 per Participating Claimant) and 10% of the Net Settlement Fund being allocated to Participating Claimants in Settlement Subclass B (up to a maximum amount of $10,000 per Participating Claimant).  Participating Claimants may, if they meet the criteria, receive payments under both Settlement Subclass A and Settlement Subclass B.  Nothing about this apportionment shall be binding in any manner on any of the parties in any subsequent matter(s), if any, between any of the parties, including but not limited to any claim for indemnification.

7. **Cy Pres Award.** In the event that the Net Settlement Fund, after payment of all amounts discussed in the preceding sub-sections is not fully depleted by Participating Claimants (i.e., if the number of Participating Claimants receiving the maximum distribution amount does not fully deplete the Net Settlement Fund), the amount left over will be donated in equal parts to Legal Aid of Western Missouri and Kansas Legal Services within 30 days of distribution to Participating Claimants. Further, any un-cashed check(s) after six (6) months will be void and those funds will be donated by the Settlement Administration to Legal Aid of Western Missouri and Kansas Legal Services within 30 days of the close of that six (6) month period.

8. The consideration described in this section is contingent upon the rights of Defendants to terminate described in the "Blow Provision" set out in Section VI.F below.

**B.    Distributions From Gross Settlement Fund.**  All distributions from the Gross Settlement Fund shall be performed by the Settlement Administrator, who shall mail checks to all Participating Claimants at their last known addresses within thirty (30) days of Final Court Approval. Payment of attorneys' fees to Class Counsel shall be paid within ten (10) days of the deposit of the Gross Settlement Fund amount. Checks shall be valid for six (6) months from the date of issuance. Any un-cashed check after six (6) months will be void and those funds will be donated in equal parts to Legal Aid of Western Missouri and Kansas Legal Services within 30 days of the close of that six-month period.

**C.    Identification of Settlement Class Members.**  The Parties will provide the Preliminary Settlement Class Member List to the Settlement Administrator within ten (10) business days of the Court granting Preliminary Approval of the Settlement.

## IV.    SETTLEMENT ADMINISTRATION EXPENSES AND ATTORNEYS' FEES

**A.**    The Settlement Administrator shall establish an account at a financial institution to house the Gross Settlement Fund. Defendants shall fund all cash payments due per Section III.A by paying the amounts into the established Gross Settlement Fund account.

**B.**    The Gross Settlement Fund shall be applied to pay in full and in the following order:

1. any necessary taxes and tax expenses;

2. all Costs of Settlement Administration;

3. any Services Awards;

4. any award for attorneys' fees, costs and expenses;

5. the Allocation Correction Set Aside;

6.  cash payments distributed to Participating Claimants pursuant to Section III.A.6 of this Settlement Agreement; and

7.  cy pres donation of all funds remaining in the Net Settlement Fund in equal parts to Legal Aid of Western Missouri and Kansas Legal Services pursuant to Section III.A.7 and III.B of this Settlement Agreement.

**C.     Defendants' Funding of the Gross Settlement Fund.**  Within ten (10) calendar days after the Effective Date, Defendants shall each deposit the amount of their contribution to the Gross Settlement Fund as set out in Section III.A into the Gross Settlement Fund account. As a precondition to Defendants' funding of the Gross Settlement Fund, the Settlement Administrator must provide Defendants with a W-9 for the Gross Settlement Fund account at least five (5) business days before the date on which Defendants are required to make the deposit.

**D.** In no circumstances shall CoreCivic's contribution to the Gross Settlement Fund exceed $3,000,000.00 and in no circumstances shall Securus's contribution to the Gross Settlement Fund exceed $700,000.00. Under this Settlement Agreement, the Parties agree that this cash contribution to the Gross Settlement Fund encompasses the full extent of Defendants' monetary payments in full consideration for the Releases and covenants not to sue set forth in this Settlement Agreement. These payments, pursuant to the terms and conditions of this Settlement Agreement, and any other non-monetary obligations of and considerations due from Defendants set forth in this Settlement Agreement, will be in full satisfaction of all individual and class claims asserted in this Action.

**E.** Defendants and the Released Parties are not obligated (and will not be obligated) to compute, estimate, or pay any taxes on behalf of Plaintiffs, Plaintiffs' Counsel, Class Counsel, any Settlement Class Member, Participating Class Member, or Participating Claimant, the Settlement Administrator, or otherwise administer or support the implementation of the Settlement except as set forth herein.

## V.     NOTIFICATION TO CLASS MEMBERS & DISTRIBUTION OF CLAIM FORMS

The Settlement Administrator shall be responsible, subject to the Court approving the same, for the following notice program and claim form distribution.

**A.     Initial Notice.**  The Initial Notice shall be in the form of a letter mailed by the Settlement Administrator to the last known mailing address for all individuals on the Preliminary Settlement Class Member List or as otherwise approved by the Court.  Said mailing shall occur by the deadline set by the Court in the Preliminary Approval Order.  The Parties may jointly make minor changes to the Notice approved by the Court without further Court approval.

The Initial Notice will direct Settlement Class Members to a website containing a more detailed explanation of the Settlement terms and providing instructions regarding how Settlement Class Members may Opt-Out.

**B.** **Claim Form.** The Settlement Administrator shall include with the Initial Notice sent to each Settlement Class Member on the Preliminary Settlement Class Member List a claim form in the format approved by the Court in the Preliminary Approval Order.

**C.** **Website.** The Settlement Administrator shall create and maintain a website providing a summary of the Settlement Agreement's terms, as well as providing instructions to those Settlement Class Members as to how to Opt-Out of or object to the Settlement. The website will also provide information and instructions for Settlement Class Members who did not receive the Initial Notice described above.

**D.** **Mailing Address.** The Settlement Administrator will secure and maintain a Post Office Box or similar mailing address for the reception of Opt-Out forms or other correspondence related to the Settlement.

**E.** **Reporting By Settlement Administrator.** No later than ten (10) business days prior to the Final Approval Hearing, the Settlement Administrator shall provide an affidavit to the Court, with a copy to counsel for the Parties, attesting that notice as set forth above in Section V.A was disseminated in a manner consistent with the terms of this Settlement Agreement and in a manner that satisfies due process.

## VI. REQUESTS FOR EXCLUSIONS BY SETTLEMENT CLASS MEMBERS

**A.** The provisions of this section shall apply to any Opt-Out Notice. Any Settlement Class Member may submit an Opt-Out Notice by mailing or delivering such notice in writing to the Settlement Administrator. Any Opt-Out Notice must be postmarked no later than the Opt-Out deadline set by the Court in the Preliminary Approval Order.

**B.** Any Opt-Out Notice shall state the name, address, and telephone number of the person requesting exclusion. The Opt-Out Notice must also contain a clear statement communicating that such person elects to be excluded from the Settlement, does not wish to participate in the Settlement or receive any portion of the Settlement Payout, and elects to be excluded from any judgment entered pursuant to this Settlement.

**C.** Any Settlement Class Member who submits a timely Opt-Out Notice may not participate in the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement. Any Settlement Class member who submits a timely Opt-Out Notice shall maintain any rights, and shall not have released any putative claims in connection with this Settlement Agreement.

**D.** The Settlement Administrator shall report the names appearing on the Opt-Out List and in the Opt-Out Notices to the Court no less than ten (10) business days prior to the Final Approval Hearing.

**E**. The Settlement Administrator shall prepare the Final Participating Settlement Class Member List and provide it to the Parties and the Court no less than ten (10) business days prior to the Final Approval Hearing.

**F.     Blow Provision.**  Defendants, either individually or collectively, shall, in their sole discretion, have the right to terminate this Settlement Agreement if Opt-Out requests for exclusion were validly filed by 10% or more of Settlement Class Members or if the claims of Settlement Class Members who validly Opt-Out would total $500,000 or more using the maximum amounts per Participating Claimant described in Section 3.A.6 above.    If any Defendant elects to terminate the settlement under this provision, it must notify the Court and Class Counsel within seven calendar days after the date the Settlement Administrator reports the names appearing on the Opt-Out List and in the Opt-Out Notices to the Court.  Termination of the settlement and this Settlement Agreement under this provision shall result in the return to Defendants of any funds paid in connection with this Settlement Agreement within 5 business days of any Defendant providing notice of termination to the Court. In such event, Defendants shall remain, in equal parts, responsible for the Costs of Settlement Administration incurred to that date up to a total of $20,000.00, after which all Parties shall remain responsible, in equal parts, for the Costs of Settlement Administration in excess of $20,000.00.    In addition, termination under this provision shall cancel any releases or dismissals hereunder and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Lawsuit and the Parties shall be restored to their prior rights and  positions as if this Settlement Agreement, and the prior Settlement Agreement & Release and its Amendment, had not been entered into.

## VII.    OBJECTIONS BY SETTLEMENT CLASS MEMBERS

**A.**     Each Settlement Class Member wishing to object to the Settlement shall submit a timely written notice of his or her objection.  Such notice shall state:  (i) the objector's full name, address, telephone number, and e-mail address, (ii) information identifying the objector as a Settlement Class Member, which shall be (a) a copy of the Initial Notice addressed to him or her, or (b) unequivocal documentary proof that that he or she is within the definition of the Settlement Class described in this Settlement Agreement; (iii) a written statement of all grounds for the objection accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who will appear at the Final Approval Hearing; (vi) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (vii) a statement confirming whether the objector intends to testify at the Final Approval Hearing; and (viii)  the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such authorization).  To be timely, written notice of an objection in appropriate form must be filed with the Court, and served on all parties' counsel by first class mail, no later than the deadline set by the Court in the Preliminary Approval Order.

**B.**     The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objections to the Settlement Agreement, in accordance with such Settlement Class Member's due process rights.    The Preliminary Approval Order and Class Notice shall require all Settlement Class Members who have any objections to file such objection with the Clerk of the Court, and to serve by mail or hand delivery such objection upon Class Counsel and Defendants' Counsel at the addresses set

forth in the Class Notice, no later than the Objection Date. The Preliminary Approval Order shall further provide that objectors who fail to properly or timely file their objections with the Clerk of the Court, along with the required information and documentation set forth above, or to serve them as provided above, shall not be heard during the Final Approval Hearing, nor shall their objections be considered by the Court.

## VIII. CLAIM SUBMISSION PROCESS

**A.** In order to receive a Settlement Payout and be considered a Participating Claimant under this Settlement Agreement, a Participating Settlement Class Member must complete the claim form in accordance with the instructions contained thereon and with no material alterations (except disputes pursuant to Paragraph VIII.E). The claim form must be signed, dated, and postmarked or otherwise returned to the Claims Administrator within the time period ordered by the Court in the Preliminary Approval Order (the "Claim Period").

1. Within ten (10) days of receipt of an unsigned, incomplete or altered claim form, the Claims Administrator shall notify the individual who returned the form of its deficiency and provide such individual with a substitute form that the individual may use to cure the deficiency within the Claim Period. The notice of deficiency and substitute form required hereunder shall be provided to the individual via U.S. mail or email (if available). The substitute claim form must be fully and validly completed and returned before expiration of the Claim Period. A claim form that remains unsigned, incomplete or altered after the close of the Claim Period is void. The Parties agree to allow the Settlement Administrator to resolve any challenges regarding the validity of any claim form submitted pursuant to this subsection, consistent with the terms of this Settlement Agreement, and to make a final and binding determination on all issues presented by any such challenges.

2. Settlement Class Members who do not return a timely and valid claim form to the Settlement Administrator in compliance with this Section of the Settlement Agreement, and who also do not timely Opt-Out, shall remain bound by the Settlement and deemed to have released all claims against Defendants as described in Paragraph IX and shall be deemed to have waived any right to receive a payment in conjunction with the Settlement. Such individuals are Participating Settlement Class Members under this Settlement Agreement but are not Participating Claimants.

**B.** **Filing of Claims with Court.** Upon expiration of the Claim Period, and no less than 10 days before the Final Approval Hearing, the Settlement Administrator shall provide the Final Participating Claimants List to the parties, who shall present it to the Court. In addition, at such time, the Settlement Administrator shall submit to the Court a declaration verifying full compliance with the Preliminary Approval Order and this Settlement Agreement. Should the Settlement not receive Final Court Approval, the claim forms and releases are void.

### C. Timeliness of Submissions.

1. A required mailing sent by a Settlement Class Member shall be considered timely pursuant to this Settlement Agreement if the mailing is sent by U.S. Mail and postmarked before the applicable deadline.

2. If the prescribed time period in which to complete any required or permitted notices or mailings in accordance with this Settlement Agreement expires on a Saturday, Sunday or legal holiday (as defined by Fed. R. Civ. P 6(a)(4)), such time period shall be continued to the next following business day.

**D.** **Disputes**. The parties agree to meet and confer in good faith regarding any disputes concerning class notice or the validity of claims.

## IX. RELEASE, DISMISSAL OF LAWSUIT, AND JURISDICTION OF COURT

**A.** By this Settlement Agreement, Defendants CoreCivic and Securus and all other Released Parties are released from any and all claims or causes of action arising out of or relating to the interception, monitoring, recording, disclosure, and/or use of communications (including but not limited to telephone communications, in-person communications, and video communications) at the Leavenworth Detention Center that were, could have been, or should have been asserted against them by any Settlement Class Member who has not timely and properly opted out of the Settlement Agreement and any claims or causes of action arising out of or relating to any related facts, conduct, omissions, transactions, occurrences, or matters that were or could have been alleged in the Lawsuit. For the avoidance of doubt, the releases set out herein shall include, but not be limited to, releases of all such claims or causes of action that relate to the interception, monitoring, recording, disclosure, and/or use of communications that occurred up to and through May 10, 2020.

The parties also agree and understand that, as a condition of the Settlement, if approved by the Court, Plaintiffs and all Settlement Class Members (save those class members who Opt-Out) are waiving any and all claims for (1) actual damages; (2) punitive damages; (3) prejudgment interest; (4) any request for relief from CoreCivic or Securus for interception, monitoring, recording, disclosure, and/or use of communications (including but not limited to telephone communications, in-person communications, and video communications) at Leavenworth Detention Center.

**B.** The claims or causes of action that were or could have been asserted and could form the basis for an issue on appeal by Plaintiffs, Defendants, or the Participating Settlement Class Members are hereby released.

**C.** The release contained herein does not affect the rights of Settlement Class Members who timely and properly Opt-Out of the Settlement Agreement, nor does it affect the rights of any non-Settlement Class Member.

**D.** The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not

limited to, the release contained herein. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement, including, but not limited to, orders enjoining Settlement Class Members from prosecuting claims that are released pursuant to the Settlement Agreement.

      **E.** Upon issuance of the Final Approval Order: (i) the Settlement Agreement shall be the exclusive remedy for any and all released claims of Participating Settlement Class Members; (ii) CoreCivic, Securus, and all other Released Parties shall not be subject to liability or expense of any kind to any Participating Settlement Class Members except as set forth herein; and (iii) Participating Settlement Class Members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the **Released Parties in any court in the United States or any other tribunal.** Plaintiffs and all Settlement Class Members who do not timely Opt-Out expressly agree that this Settlement Agreement will be and may be raised as a complete defense to, and will preclude and bar any, action or proceeding encompassed by the releases contained herein.

      **F.** Upon issuance of the Final Approval Order, Plaintiffs shall file a voluntary dismissal with prejudice, for all claims asserted in the Lawsuit.

      **G.** The Parties hereby agree and acknowledge that the provisions of the releases contained herein constitute an essential and material term of the Settlement Agreement and shall be included in the Final Judgment and Order of Dismissal with Prejudice entered by the Court.

## X. REPRESENTATIONS, WARRANTIES, AND COVENANTS:

      **A.** Class Counsel, who are signatories hereof, represent and warrant that they have the authority to execute, deliver, and perform this Settlement Agreement and to consummate all of the transactions contemplated hereby. This Settlement Agreement has been duly and validly executed and delivered by Class Counsel and the Named Plaintiff and constitutes their legal, valid, and binding obligation.

      **B.** Defendants, through their respective undersigned counsel or representatives, represent and warrant that they have the authority to execute, deliver, and perform this Settlement Agreement and to consummate the transactions contemplated hereby. The execution, delivery, and performance by Defendants of this Settlement Agreement and the consummation by them of the actions contemplated hereby have been duly authorized by all necessary corporate actions on the part of Defendants and constitute their respective legal, valid, and binding obligation.

      **C.** The rights and obligations of the Parties in this Settlement Agreement, including the releases, will be binding on, and will be of benefit to, each of the Parties' successors, heirs, and estates.

## XI. ADDITIONAL ISSUES:

      **A.** **No Admission of Liability.** The Parties agree that this Settlement is made to resolve a disputed claim and that by entering into this Settlement, Defendants are not making any

admission that any of the allegations raised in the Lawsuit are true. This Settlement Agreement, and any exhibits and related documents hereto, are not, and shall not at any time be construed or deemed to be, or to evidence any admission against or concession by Defendants with respect to any wrongdoing, fault, unlawful act, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. This provision shall survive the expiration or voiding of the Settlement Agreement.

The Parties agree that this Settlement is intended to encompass all claims or disputes regarding the matters described in the Lawsuit and that Plaintiffs and the Settlement Class Members could raise in relation thereto, and that upon Final Court Approval of the Settlement, Plaintiffs and those Settlement Class Members who do not Opt-Out of the Settlement shall be forever barred from raising any other claims against Defendants regarding the alleged interception, monitoring, recording, disclosure, or use of attorney communications at Leavenworth Detention Center or any other matter described in the Lawsuit or claims that could have been brought in the Lawsuit.

**B.    Voiding Of Settlement Agreement If Settlement Not Approved.**    This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered, or if an appeal is taken therefrom and results in anything other than a complete affirmance of the Final Approval Order, then this Settlement Agreement, including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Lawsuit and the Parties shall be restored to their prior rights positions as if the Settlement Agreement, and the prior Settlement Agreement & Release and its Amendment, had not been entered into.

**C.    Headings and Subdivisions.** The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

**D.    Settlement Agreement Confidential Until Motion for Approval.**    The Parties and their counsel agree to keep the existence and contents of this Settlement Agreement confidential until the date on which the Motion for Preliminary Approval is filed; provided, however, that this section shall not prevent Defendants from disclosing such information, prior to the date on which the Motion for Approval is filed, to state and federal agencies, or its own independent accountants, actuaries, advisors, financial analysts, insurers, potential indemnitors, or attorneys, nor shall it prevent the Parties and their counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Settlement Agreement.

**E.    Rule 408 Applicability.**    The Parties expressly acknowledge and agree that this Settlement Agreement, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of the most protective of the following: Federal Rule of Evidence 408, or any

agreement of the Parties. In no event shall this Settlement Agreement, any of its provisions or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Lawsuit, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any Person or entity, including, but not limited to, the Released Parties, Plaintiffs, or the Settlement Class or as a waiver by the Released Parties, Plaintiffs, or the Settlement Class of any applicable privileges, claims, or defenses.

F. **Amendment of Agreement.** This Settlement Agreement, including any exhibits attached hereto, may not be modified or amended except in writing signed by all of the Parties.

G. **Execution in Counterparts.** This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

H. **Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of Kansas, without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

I. **Apportionment of Costs.** Except as otherwise provided in this Settlement Agreement, each party to this Settlement Agreement shall bear his, her, or its own costs related to the Lawsuit.

J. **Extensions of Time.** The Parties to this Settlement Agreement reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

K. **Required Notice.** All applications for Court approval or Court orders required under this Settlement Agreement shall be made on notice to Plaintiffs and Defendants.

L. **Arms-Length Negotiation.** The determination of the terms of, and the drafting of, this Settlement Agreement, including any exhibits, has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. Each of the Parties was represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

M. **Integrated Agreement.** Any of the Exhibits of this Settlement Agreement are material and integral parts hereof, and are fully incorporated herein by reference. This Settlement Agreement and any Exhibits hereto constitute the entire, fully integrated agreement

among the Parties and cancel and supersede all prior written and unwritten agreements and understandings pertaining to the Settlement of the Lawsuit.

**N.** **Notice to Parties.** All notices to the Parties or their counsel required by this Settlement Agreement shall be made in writing and communicated by fax or electronic mail and by United States Mail, first-class postage prepaid, to the following addresses:

If to Plaintiffs or Class Counsel:

Michael Hodgson
3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

Lance D. Sandage
Sandage Law LLC
1600 Genessee Street, Suite 655
Kansas City, MO 64102
Tel: 816.753.0800
Fax: 816.735.4602
lance@sandagelaw.com

Joseph K. Eischens
Law Office of Joseph K. Eischens
8013 Park Ridge Dr.
Parkville, MO 64152
(816) 945-6393 *telephone*
joe@jkemediation.com

If to CoreCivic, its Counsel:

Thomas Kokoruda
Amy D. Fitts
Polsinelli PC
900 W. 48th Place Ste 900
Kansas City, MO 64112
tkokoruda@polsinelli.com
afitts@polsinelli.com

If to Securus, its Counsel:

Ryan Harding
Husch Blackwell
235 East High Street
Jefferson City, MO 65101

ryan.harding@huschblackwell.com
Phone: 816-218-1255
Fax:    816-222-0425

IN WITNESS WHEREOF, Class Counsel has executed this Settlement Agreement as of the date(s) indicated below.

Executed this ___29TH___ day of ___JUNE_____ , 2020.

Plaintiff:

_____

David Johnson

Approved as to Form:

Class Counsel:

_____

Michael Hodgson

_____

Lance Sandage

Joe K. Eischens by Lance D. Sandage

Joseph K. Eischens

CoreCivic:

_____

NAME

Approved as to Form:

Class Counsel:

_____

Thomas Kokoruda

_____

Amy Fitts

_____

Michael Cutler

19

THE STATE OF             )
                                    )ss.

COUNTY OF                )

     On this date personally appeared David Johnson, personally known to me to be the person who executed the foregoing Release and Settlement Agreement, after being first duly sworn upon oath, and acknowledging execution of the same as his/her voluntary act for the uses and purposes therein set forth, with full knowledge of the content and effect.

     WITNESS MY HAND AND SEAL this 29th day of June , 2020.

                                                Notary Public

My Commission Expires

01/25/2021

DANA VAUGHN
My Commission Expires
January 25, 2021
Clay County
Commission #12658366

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

IN WITNESS WHEREOF, Counsel for CoreCivic, Inc., has executed this Settlement Agreement as of the date(s) indicated below.

Executed this ___8th___ day of _____July_____, 2020.

Counsel for CoreCivic, Inc.:

_Thomas Kokoruda_ (signature)

Thomas Kokoruda

CoreCivic, Inc.

By: _____
Authorized Representative

Printed Name: ___Cole Carter_____

Title: ___General Counsel_____

Date: ___7/8/20_____

IN WITNESS WHEREOF, Counsel for Securus Technologies, Inc., has executed this Settlement Agreement as of the date(s) indicated below.

Executed this 20ᵗʰ day of ___July___, 2020.

**Counsel for Securus Technologies, Inc.:**

_____
Ryan Harding

**Securus Technologies, Inc.**

By: _____
Authorized Representative

Printed Name: ___Dennis J Reinhold___

Title: ___SVP/General Counsel___

Date: ___7/16/20___

STATE OF Texas )
                    ) ss
COUNTY OF Denton )

Now on this 16th day of July _____, 2020, before me appeared _Dennis J. Reinhold_, who is known or identified to me to be the same person who read and executed the above and foregoing Settlement Agreement and who acknowledged the execution of the same on behalf of Securus Technologies, Inc., as its free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_Misty D. Madore_
Notary Public

My Commission Expires: 03/31/2024

Misty Dawn Madore
My Commission Expires
03/31/2024
ID No 132421299

## ADDENDUM TO SETTLEMENT
## AGREEMENT AND RELEASE

During the pendency of the Lawsuit, Securus Technologies, Inc. changed its name to Securus Technologies, LLC. Plaintiffs and Defendants agree and acknowledge that the Settlement Agreement and Release shall apply to Securus Technologies, LLC.

IN WITNESS WHEREOF, Class Counsel has executed this Addendum to Settlement Agreement and Release as of the date(s) indicated below.

Executed this __17th__ day of __July__ 2020.

Plaintiff:

_____
David Johnson

Approved as to Form:

Class Counsel:

_____
Michael Hodgson

_____
Lance Sandage

_____
Joseph K. Eischens

CoreCivic:

_____
NAME

Approved as to Form:

Class Counsel:

_____
Thomas Kokoruda

_____
Amy Fitts

_____
Michael Cutler

THE STATE OF *Missouri*

COUNTY OF *Jackson*

:ss.

On this date personally appeared David Johnson, personally known to me to be the person who executed the foregoing Addendum to Settlement Agreement and Release, after being first duly sworn upon oath, and acknowledging execution of the same as his/her voluntary act for the uses and purposes therein set forth, with full knowledge of the content and effect.

WITNESS MY HAND AND SEAL this **17** day of **July**, 2020.

_____
Notary Public

My Commission Expires

**03-26-2021**

TAYLOR K KRANZBERG
Notary Public - Notary Seal
STATE OF MISSOURI
JACKSON County
My Commission Expires: Mar. 26, 2021
Commission # 17012553

TAYLOR K KRANZBERG
Notary Public - Notary Seal
STATE OF MISSOURI
JACKSON County
My Commission Expires: Mar. 26, 2021
Commission # 17012553

DocID: 4831-9943-2137.1

4

IN WITNESS WHEREOF, Counsel for CoreCivic, Inc., has executed this Addendum to Settlement Agreement and Release as of the date(s) indicated below.

Executed this _21st_ day of _July_____, 2020.

**Counsel for CoreCivic, Inc.:**

_Thomas Kokoruda_____

Thomas Kokoruda

**CoreCivic, Inc.**

By: _____
Authorized Representative

Printed Name: _COLE CARTER_____

Title: _GC_____

Date: _7/21/2020_____

IN WITNESS WHEREOF, Counsel for Securus Technologies, Inc., has executed this Addendum to Settlement Agreement and Release as of the date(s) indicated below.

Executed this 20th day of July, 2020.

**Counsel for Securus Technologies, Inc.:**

Ryan Harding

**Securus Technologies, Inc.**

By: _____
Authorized Representative

Printed Name: Dennis J. Reinhold

Title: SVP/ General Counsel

Date: 7/16/20

STATE OF Texas )
                 ) ss
COUNTY OF Denton )

Now on this 16th day of July, 2020, before me appeared Dennis J. Reinhold, who is known or identified to me to be the same person who read and executed the above and foregoing Addendum to Settlement Agreement and Release and who acknowledged the execution of the same on behalf of Securus Technologies, Inc., as its free and voluntary act and deed with full knowledge of its contents, as an authorized representative of that company.

IN WITNESS THEREOF, I have hereunto subscribed my hand and affixed my seal on the day and year indicated above.

_____
Notary Public

My Commission Expires: 03/31/2024

Misty Dawn Madore
My Commission Expires
03/31/2024
ID No 132421299