**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **DAVID JOHNSON, on behalf of himself** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  4:16-CV-00947-SRB** |
| | ) | |
| **CORECIVIC,** *et alia,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**DECLARATION OF RICHARD W. SIMMONS OF**
**ANALYTICS CONSULTING LLC IN SUPPORT OF**
**PROPOSED NOTICE PROGRAM**

I, Richard W. Simmons, have personal knowledge of the facts and opinions set forth herein, and I believe them to be true and correct to the best of my knowledge.  If called to do so, I would testify consistent with the sworn testimony set forth in this Declaration.  Under penalty of perjury, I state as follows:

**SCOPE OF ENGAGEMENT**

1.      I am the president of Analytics Consulting LLC ("Analytics")[1].  My company is one of the leading providers of class and collective action notice and claims management programs in the nation.  It is my understanding that Analytics' class action consulting practice, including the design and implementation of legal notice campaigns, is the oldest in the country. Through my work, I have personally overseen court-ordered class and collective notice programs in more than

---

[1] In October 2013, Analytics Consulting LLC acquired Analytics, Incorporated.  I am the former President of Analytics, Incorporated (also d/b/a "BMC Group Class Action Services").  References to "Analytics" herein include the prior legal entity.

1,000 matters. I personally performed or oversaw Analytics' consulting services in each of the cases indicated on my CV, which is attached hereto as ***Exhibit 1***.

2. This Declaration summarizes: Analytics' qualifications and experience; information security measures; the proposed Notice Program[2] (the "Notice Plan"); and, why the Notice Plan will provide the best practicable notice in this matter.

## QUALIFICATIONS AND EXPERIENCE

3. Founded in 1970, Analytics has consulted for 50 years regarding the design and implementation of legal notice and claims management programs relating to class and collective action litigation. These engagements have included notice and claims administration involving antitrust, civil rights, consumer fraud, employment, ERISA, insurance, product defect/liability, and securities litigation. An overview of Analytics' history, class action consulting services, and casework is attached as ***Exhibit 2.***

4. Analytics' clients include corporations, law firms (both plaintiff and defense), and the federal government. Analytics' long-term federal contracts include the following:

   a) Since 1998, Analytics has been under contract (five consecutive five-year contracts) with the Federal Trade Commission ("FTC") to administer and provide expert advice regarding notice and claims processing in their settlements/redress programs;

   b) In 2012, Analytics was awarded a 10-year contract by the Department of Justice ("DOJ") to administer and provide expert advice regarding notice and claims processing to support their asset forfeiture/remission program;

   c) Since 2013, Analytics has been appointed as a Distribution Agent (two consecutive five-year terms) by the Securities and Exchange Commission ("SEC") to administer and provide expert advice regarding notice and claims processing to support their investor settlements; and

   ### INFORMATION SECURITY CONSIDERATIONS

---

[2] All capitalized terms used in this Declaration that are not otherwise defined herein shall have the meanings provided in the Settlement Agreement and Release dated July 21, 2020 (the "Settlement Agreement").

5.     In order to comply with various state and federal data privacy laws, Analytics goes to great lengths to protect the confidentiality of the sensitive data we maintain on behalf of our clients.  We have developed, documented, and implemented extensive programs to provide security for the information and information systems that support our class action consulting operations.

6.     Exceeding the requirements of SOC2, Analytics has either an "authority to operate" or "authority to use"  from the Consumer Financial Protection Bureau, the Federal Trade Commission, and the Securities and Exchange Commission under the Federal Information Security and Management Act (FISMA) to maintain critical and sensitive data regarding class members and potential claimants.  This independent review and approval covers all of the systems, processes, and procedures needed to ensure the confidentiality, integrity and availability of client/claimant data.  A summary of Analytics' current policy regarding information security is included herewith as ***Exhibit 3***

7.     Analytics' privacy policies and assessments that will govern this engagement have been reviewed and approved by the Federal Trade Commission, including a review by its Chief Privacy Officer.

## NOTICE PROGRAM

8.     In this matter, the identities of the vast majority of Settlement Class Members are known with certainty and the proposed address research and remailing protocols are consistent with those used in other class action settlements.

9.     The Settlement Agreement defines the Settlement Class as:

All attorneys who, during the period of August 31, 2013 through May 10, 2020, communicated with clients who were detained at Leavenworth Detention Center and whose

3

communications were intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates.

10.    The Settlement Agreement defines the Settlement Subclass A as:

All members of the Settlement Class who had one or more of their telephone communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

11.    The Settlement Agreement defines the Settlement Subclass B as:

All members of the Settlement Class who had one or more of their in-person communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

*Development of List of Settlement Class Members*

12.    The Settlement Agreement requires that the Parties provide the Preliminary Settlement Class Member List to the Settlement Administrator within ten (10) business days of the Court granting Preliminary Approval of the Settlement.

13.    Based upon representations made by Counsel and my experience with similar settlements, I expect this information to be fulsome, accurate (given the years involved (2013–2020)), and to be able to reach the vast majority of Settlement Class Members directly by mail.

*Direct Mailed Notice*

14.    In preparation for mailing, mailing addresses will be updated using the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS");[3] certified via the Coding Accuracy Support System ("CASS");[4] and verified through

---

[3] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[4] The CASS is a certification system used by the USPS to ensure the quality of ZIP +4 coding systems.

Delivery Point Validation ("DPV").[5]  This ensures that all appropriate steps have been taken to send Class Notices to current and valid addresses.  This address updating process is standard for the industry and is required by the USPS for mailings of this size.

15.     Notices will be mailed via First Class Mail, postage prepaid, by the deadline set by the Court in the Preliminary Approval Order.

16.     Analytics will request that the USPS return (or otherwise notify Analytics) of Class Notices with undeliverable mailing addresses.  Addresses for these Settlement Class Members will be researched using third-party data to identify potential updated mailing addresses, and a Class Notice will be mailed to the Settlement Class Member if an updated address becomes available.  Additionally, the Class Notice will be mailed to all persons/entities who request one via the toll-free phone number maintained by Analytics.

17.     At the completion of the notice campaign Analytics will report to the Court the total number of mailed and delivered notices.  In short, the Court will possess a detailed, verified account of the success rate of the notice campaign.

*Toll-Free Phone Support*

18.     Prior to the mailing of the Class Notice, we will coordinate with Counsel to implement a dedicated toll-free number as a resource for Settlement Class Members seeking information about the Settlement.

19.     By calling this number, Settlement Class Members will be able to listen to pre-recorded answers to Frequently Asked Questions ("FAQs") or request to have a Notice mailed to them.  Automated messages will be available to Settlement Class Members 24-hours a day, 7-days

---

[5] Records that are ZIP +4 coded are then sent through Delivery Point Validation ("DPV") to verify the address and identify Commercial Mail Receiving Agencies.  DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

a week, with live call center agents also available during standard business hours. Analytics' IVR system allows Settlement Class Members to request a return call if they call outside of business hours. This automated process confirms the caller's phone number and automatically queues a return call the next business day.

20.    Calls are transferred to agents specifically assigned to an engagement using "skillset" routing.  In addition to engagement specific training, call center agents receive training regarding Analytics' applications, policies, and procedures (such as privacy and identity proofing). This training also includes customer service-oriented modules to ensure that the answers to callers' questions are delivered in a professional, conversational, and plain-language manner.

21.    Answers to frequently asked questions will be standardized and managed in Analytics' centralized knowledge management system. Each time a call is delivered to an agent, the agent is provided, on-screen, with a list of questions and Counsel-approved responses. Call center agents are monitored, graded, and coached on an ongoing basis to ensure that consistent messages are delivered regarding each matter.

*Litigation Support Website*

22.    Prior to the mailing of the Notice, Analytics will coordinate with Counsel to develop an informational website (the "Website") to provide information to Settlement Class Members regarding the Litigation and Settlement.  Guided by an intent to keep Settlement Class Members fully informed, the Website will conform to key e-commerce best practices:

a)    The top section of the home page, most prominent on lower resolution monitors, will include a summary message about the litigation; and

b)    The home page content will be simplified and streamlined, so that specific prominent language and graphic images can direct Settlement Class Members to specific content areas:

6

i)   FAQs: "Learn How This Litigation Affects Your Rights and Get Answers to Your Questions About the Litigation";

ii)  Important Deadlines: "Important Deadlines that Will Affect Your Rights"; and

iii) Case Documents: "Detailed Information About the Case."

23.   Recognizing the increasingly mobile nature of communications, the Website will be mobile optimized, meaning it can be clearly read and used by Settlement Class Members visiting the Website via smart phone or tablet.  By visiting the Website, Settlement Class Members are able to read and download key information about the litigation, including, without limitation:

a)   Settlement Class Members' rights and options;

b)   important dates and deadlines;

c)   answers to FAQs; and

d)   case documents including the Notice and other relevant case documents.

*Email Support*

24.   The Website will contain prominent links for Settlement Class Members to ask questions about the Litigation and Settlement.  These links and the supporting email address will be operational prior to the commencement of the Notice Program.

25.   Every email received by Analytics will be assigned a tracking number and routed to a "ticketing" system.  The system will then immediately acknowledge the Settlement Class Member's email with a response containing a link to helpful information (along with a unique identifier).  Thus, Settlement Class Members will know that the Settlement Administrator has received their question, and Analytics can then track and report on the response to every email.

**PERFORMANCE OF THE NOTICE PROGRAM**

*Reach*

26.     Because of the nature of the Settlement Class, and the fact that the vast majority of Settlement Class Members are known, we expect to successfully deliver the Notice to virtually all of the Settlement Class.  Many courts have accepted and understood that a 75% or 80% reach is sufficient.  In 2010, the FJC issued a "Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide" (the "FJC Guide").  This FJC Guide states that, "[t]he lynchpin in an objective determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class. It is reasonable to reach between 70–95%."[6]  In this matter, we expect to deliver notice at the high-end of this range.

## PLAIN LANGUAGE NOTICE DESIGN

27.     The Notices themselves are designed to be "noticed," reviewed, and by presenting the information in plain language, understood and acted upon by Settlement Class Members.  The design of the Notices follows the principles embodied in the FJC's illustrative "model" notices posted at www.fjc.gov.  Many courts, and as previously cited, the FJC itself, have approved notices that we have written and designed in a similar fashion.  The Notices contain substantial, albeit easy-to-read, summaries of key information about Settlement Class Members' rights and options.

**28.**     All Notices were designed to increase noticeability and comprehension.  Because mailing recipients are accustomed to receiving junk mail that they may be inclined to discard unread, the Notice Program calls for steps to bring the Class Notice to the attention of Settlement Class Members.  This includes conspicuous messages on the outside of the mailing piece regarding the importance and contents of the mailing ("Important Court Notice" on the front of the mailer.).  Once people "notice" the Class Notices, it is critical that they can understand them.  As such, the

---

[6] *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* at 3, FED. JUD. CTR. (2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

Class Notice, as produced, is clearly worded with an emphasis on simple, plain language to encourage readership and comprehension.

29.     As proposed, the Class Notice features a prominent headline ("You are receiving this notice because records indicate that you are an attorney who may have communicated with one or more clients who were detained at Leavenworth Detention Center ("LDC") between August 1, 2013 and May 10, 2020 and whose communications may be the subject of a settlement.") in large text. This alerts recipients and readers that the Notice is an important document authorized by a court and that the content may affect them, thereby supplying reasons to read the Class Notice.

30.     The body of the Class Notice provides substantial information to Settlement Class Members. It begins with a summary page providing a concise overview of the important information and a table highlighting key options available to the Class. The Class Notice is categorized into logical sections, helps to organize the information, while a question and answer format makes it easy to find answers to common questions by breaking the information into simple headings.

## CONCLUSION

31.     In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, state and local rules and statutes, and further by case law pertaining to notice. This framework requires that: (1) notice reaches the class; (2) the notice that actually comes to the attention of the class is informative and easy to understand; (3) how likely are class members to respond given the means, or combination of means, of sending notice; and (4) class members rights and members' rights and options easy to act upon. All of these requirements will be met in this case:

    a)     Direct Class Notice is provided to nearly all Settlement Class Members in this Litigation;

b) The formats and means selected to provide notice are those most likely to have Settlement Class Members actively make an informed decision regarding their rights and options; and

c) The Class Notice is designed to be "noticed" and are written in carefully organized, plain language.

32. The proposed Notice Program will inform Settlement Class Members of the existence of the Litigation and Settlement through direct mail. These notice efforts will be supplemented by a website, email support, and toll-free phone support. Given the availability of data regarding Settlement Class Members, and the proposed efforts to identify updated addresses for Settlement Class Members, this Notice Program provides comprehensive notice and support to Settlement Class Members.

33. The Notice Program will provide the best notice practicable under the circumstances of this case, conforms to all aspects of Fed. R. Civ. P. 23, and comports with the guidance for effective notice articulated in the Manual for Complex Litigation.

34. In my opinion, the Notice Program, if implemented, will provide the best notice practicable under the circumstances of this Litigation.

35. This Notice Program is consistent with, or exceeds:

a) historic best practices for class notification;

b) FJC guidance regarding class notification;

c) Practices approved and adopted in other similar settlements; and,

d) Standards established by federal agencies with notification and distribution funds, such as the FTC, DOJ, and SEC.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  July 31, 2020

Richard W. Simmons
President
Analytics Consulting LLC

**Exhibit 1**



# Richard W. Simmons

Richard W. Simmons is the President of Analytics Consulting LLC[1]. Mr. Simmons joined Analytics in 1990 and has more than 29 years of experience developing and implementing class action communications and settlement programs in more than 1,000 separate settlements.

Mr. Simmons' first legal notice consulting engagement was the *Schwan's Salmonella Litigation* settlement (*In Re: Salmonella Litigation*, Case No. 94-cv-016304 (D. Minn.)). Since then, he has:

- Developed and implemented notice campaigns ranging in size up to 45 million known class members (and 180 million unknown class members);
- Testified regarding legal notice in building products, civil rights, consumer products, environmental pollution, privacy, and securities litigation settlements;
- Managed claims processes for settlement funds ranging up to $1 billion in value.

As part of Analytics' ongoing class action notice consulting practice, Mr. Simmons:

- testified regarding the adequacy of notice procedures in direct notice cases (including the development of class member databases);
- testified regarding the adequacy of published notice plans;
- has been appointed as a Distribution Fund Administrator by the Securities and Exchange Commission tasked with developing Distribution Plans for court approval;
- has been retained as an expert by the Federal Trade Commission to testify regarding the effectiveness of competing notice plans and procedures; and,
- acted as the primary author for the Duke Law Center's guidelines for best practices regarding the evaluation of class action notice campaigns.

In addition to his class action consulting work, Mr. Simmons has taught a college course in antitrust economics, was a guest lecturer at the University of Minnesota Law School on issues of statistical and economic analysis, was a charter member of the American Academy of Economic and Financial Experts and was a former referee for the Journal of Legal Economics (reviewing and critiquing peer reviewed articles on the application of economic and statistical analysis to legal issues). Mr. Simmons is a published author on the subject of damage analysis in Rule 10b-5 securities litigation.

Mr. Simmons graduated from St. Olaf College with a B.A. in Economics (with a year at University College, Dublin), pursued a PhD. in Agricultural and Applied Economics (with a concentration in industrial organization and consumer/behavioral economics) at the University of Minnesota[2], and has received formal media planning training from New York University.

---

[1] In October 2013, Analytics Consulting LLC acquired Analytics Incorporated. I am the former President or Analytics Incorporated. References to Analytics herein include the prior legal entities.

[2] Mr. Simmons suspended work on his dissertation to acquire and manage Analytics.



## APPLICATION OF TECHNOLOGY TO CLASS ACTION SETTLEMENTS

Mr. Simmons has been a visionary in the application of the Internet to class action notice campaigns and the management of settlements:

- In 1995, Mr. Simmons was the first in the nation to support class action settlements with an online presence, that included the ability to check online, the status of their claims.
- In 2000, Mr. Simmons invented online claims submission in class action litigation, filing a patent application governing *"Method and system for assembling databases in multiple-party proceedings"* US20010034731 A1.
- In 2002, Mr. Simmons established an online clearinghouse for class action settlements that provided the public with information regarding class action settlements and provided them with the ability to register for notification of new settlements. This clearinghouse received national press attention as a resource for class action settlements.
- From 2003 through 2013, Analytics' incremental changes in Internet support included class member verification of eligibility, locater services that identified retail outlets that sold contaminated products, secure document repositories, and multi-language support.
- In 2014, Mr. Simmons was the first to utilize and testify regarding product-based targeting in an online legal notice campaign
- In 2014, Analytics, under Mr. Simmons' leadership, released the first-class action settlement support site developed under e-commerce best practices.

## SPEAKER/EXPERT PANELIST/PRESENTER

Mr. Simmons has presented to panels of judges and lawyers on issues regarding class notice, claims processing, and disbursement:

- Mr. Simmons served as a panelist for the Francis McGovern Conferences on "Distribution of Securities Litigation Settlements: Improving the Process", at which regulators, judges, custodians, academics, practitioners and claims administrators participated.
- In 2011, Mr. Simmons was a panelist at the Federal Judicial Center's workshop/meetings regarding class action notice and settlement administration.
- In 2014, Mr. Simmons was invited to be interviewed by the Consumer Financial Protection Bureau as an expert on notice and claims administration in class action litigation as part of their study on arbitration and consumer class litigation waivers
- In 2016, Mr. Simmons presented results of research regarding the impact of forms of notice on fund participation rates to the Federal Trade Commission.

Mr. Simmons' speaking engagements regarding class notice include:

- *Risks and Regulations: Best Practices that Protect Class Member Confidentiality* presented at the HB Litigation Conference on Class Action Mastery in New York City (2018)



- *Recent Developments in Class Action Notice and Claims Administration* presented at Practising Law Institute in New York City (2017)
- *The Beginning and the End of Class Action Lawsuits* presented at Perrin Class Action Litigation Conference in Chicago (2017);
- *Class Action Administration: Data and Technology* presented at Harris Martin Target Data Breach Conference in San Diego (2014);
- *Developments in Legal Notice*, accredited CLE Program, presented at Susman Godfrey in Dallas (2014)
- *Developments in Legal Notice*, accredited CLE Program, presented at Shook Hardy & Bacon, LLP in Kansas City (2013);
- *Developments in Legal Notice*, accredited CLE Program, presented at Halunen & Associates in Minneapolis (2013),
- *Class Actions 101: Best Practices and Potential Pitfalls in Providing Class Notice*, CLE Program, presented by Brian Christensen and Richard Simmons, to the Kansas Bar Association (March 2009).

Mr. Simmons' writings regarding class notice include:

- Crafting Digital Class Notices That Actually Provide Notice - Law360.com, New York (March 10, 2016).

## JUDICIAL COMMENTS AND LEGAL NOTICE CASES

In evaluating the adequacy and effectiveness of Mr. Simmons' notice campaigns, courts have repeatedly recognized Mr. Simmons' work. The following excerpts provide recent examples of such judicial approval in matters where the primary issue was the provision of class notice.

Honorable Stephen J. Murphy III, *Doe 1 v. Deja vu Servs., Inc.*, No. 2:16-cv-10877, ECF No. 77 (E.D. Mich. June 19, 2017):

> *Also, the Plaintiffs certified that notice had been provided in accordance with the Court's preliminary approval order. The notices stated—in clear and easily understandable terms—the key information class members needed to make an informed decision: the nature of the action, the class claims, the definition of the class, the general outline of the settlement, how to elect for a cash payment, how to opt out of the class, how to object to the settlement, the right of class members to secure counsel, and the binding nature of the settlement on class members who do not to opt out.*
>
> *\* \* \**
>
> *In addition, the parties took additional steps to provide notice to class members, including through targeted advertisements on social media. The Court finds that the parties have provided the "best notice that is practicable under the circumstances," and*



*complied with the requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, and due process.*[3]

Associate Justice Edward P. Leibensberger, *Geanacopoulos v. Philip Morris USA, Inc.*, No. 9884CV06002, Dkt. No. 230 (Mass. Super. Ct. Sept. 30, 2016):

> *The Court finds that the plan of Notice as described in paragraphs 12 through 20 of the Settlement Agreement, including the use of email, mail, publication and internet notice, constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Class.*

Honorable Edward J. Davila, *In re: Google Referrer Header Privacy Litig.*, No. 5:10-cv-04809, ECF No. 85 (N.D. Cal. Mar. 31, 2015):

> *On the issue of appropriate notice, the court previously recognized the uniqueness of the class asserted in this case, since it could potentially cover most internet users in the United States. On that ground, the court approved the proposed notice plan involving four media channels: (1) internet-based notice using paid banner ads targeted at potential class members (in English and in Spanish on Spanish-language websites); (2) notice via "earned media" or, in other words, through articles in the press; (3) a website decided solely to the settlement (in English and Spanish versions); and (4) a toll-free telephone number where class members can obtain additional information and request a class notice. In addition, the court approved the content and appearance of the class notice and related forms as consistent with Rule 23(c)(2)(B).*
>
> *The court again finds that the notice plan and class notices are consistent with Rule 23, and that the plan has been fully and properly implemented by the parties and the class administrator.*

Honorable Terrence F. McVerry, *Kobylanski. v. Motorola Mobility, Inc.*, No. 2:13-cv-01181, ECF No. 43 (W.D. Pa. Oct. 9, 2014):

> *The Court finds that the distribution of the Notice to Settlement Class Members Re: Pendency of Class Action, as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution.*

---

[3]     Unless otherwise indicated, citations are omitted and emphasis is added.



Honorable Thomas N. O'Neill, Jr., *In re: CertainTeed Fiber Cement Siding Litig.*, No. 2:11-md-02270, ECF No. 119 (E.D. Pa. Mar. 20, 2014):

> *Settlement class members were provided with notice of the settlement in the manner and form set forth in the settlement agreement. Notice was also provided to pertinent state and federal officials. The notice plan was reasonably calculated to give actual notice to settlement class members of their right to receive benefits from the settlement or to be excluded from the settlement or object to the settlement. The notice plan met the requirements of Rule 23 and due process.*

Honorable Robert W. Gettleman, *In re Aftermarket Filters Antitrust Litig.*, No. 1:08-cv-04883, ECF No. 1031 (N.D. Ill. Oct. 25, 2012):

> *Due and adequate notice of the Settlement was provided to the Class. . . . The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlements.*

Honorable Marco A. Roldan, *Plubell v. Merck & Co., Inc.*, NO. 04CV235817-01, Final Judgment and Order (Mo. Cir. Ct. Mar. 15, 2013):

> *Under the circumstances, the notice of this Settlement provided to Class Members in accordance with the Notice Order was the best notice practicable of the proceedings and matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements due process and Missouri law.*

Honorable James P. Kleinberg, *Skold v. Intel Corp.*, No. 2005-CV-039231, Order on Motion for Approval (Cal. Super. Ct. Mar. 14, 2013):

> *The Court finds that Plaintiff's proposed Notice plan has a reasonable chance of reaching a substantial percentage of class members.*

Honorable J. Phil Gilbert, *Greenville IL v. Syngenta Crop Prot., Inc.*, No 3:10-cv-00188, ECF No. 325 (S.D. Ill. Oct. 23, 2012):

> *The Notice provided to the Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process requirements, and provides the Court with jurisdiction over the Class Members.*



| Practice Area | Engagement | Citation |
|---|---|---|
| Antitrust | *All Star Carts and Vehicles, Inc., et al. v. BFI Canada Income Fund, et al.* | 08-CV-1816 (E.D.N.Y.) |
| | *In Re: Aftermarket Filters Antitrust Litigation* | No. 1:08-cv-4883, MDL No. 1957 (N.D. Ill.) |
| | *In Re: Aluminum Phosphide Antitrust Litigation* | Case No. 93-cv-2452 (D. Kan.) |
| | *In Re: Beef Antitrust Litigation* | MDL No. 248 (N.D. Tex.) |
| | *In Re: Bromine Antitrust Litigation* | MDL No. 1310 (S.D. Ind.) |
| | *In Re: Corrugated Container Antitrust Litigation* | MDL. No 310 (S.D. Tex.) |
| | *In Re: Industrial Silicon Antitrust Litigation* | Case No. 95-cv-2104 (W.D. Pa.) |
| | *In Re: Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs* | MDL No. 10 (S.D.N.Y.) |
| | *In Re: Workers Compensation Insurance Antitrust Litigation* | Case No.  4:85-cv-1166 (D. Minn.) |
| | *Red Eagle Resources Corporation, Inc., et al. v. Baker Hughes Inc., et al.* | Case No. 91-cv-627 (S.D. Tex.) |
| | *Rob'n I, Inc., et al. v. Uniform Code Counsel, Inc.* | Case No. 03-cv-203796-1 (Spokane County, Wash.) |
| | *Sarah F. Hall d/b/a Travel  Specialist, et al. v. United Airlines, Inc., et al.,* | Case No. 7:00-cv-123-BR(1) (E.D. S.C.) |
| Asset Forfeiture | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Goldfinger")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Kum Ventures")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. David Merrick* | 6:10-cr-109-Orl-35DAB |
| | *U.S. v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al.* | (E.D. Fla) |
| | *United States of America v. $1,802,651.56 in Funds Seized from E-Bullion, et al.* | Case No. 09-cv-01731 (C.D. Cal.) |
| | *United States of America v. Alfredo Susi, et al.* | 3:07-cr-119 (W.D.N.Y.) |
| | *United States of America v. David Merrick* | 6:10-cr-109-Orl-35DAB |
| | *United States of America v. Elite Designs, Inc.* | Case No. 05-cv-058 (D.R.I.) |
| | *United States of America v. Evolution Marketing Group* | Case No. 6:09-cv-1852 (S.D. Fla.) |
| | *United States of America v. George David Gordon* | Case No. 4:09-cr-00013-JHP-1 (N.D. Okla.) |
| | *United States of America v. Regenesis Marketing Corporation* | No. C09-1770RSM (W.D. Wash.) |
| | *United States of America v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al.* | (E.D. FL) |
| | *United States of America v. Zev Saltsman* | Case No. 04-cv-641 (E.D.N.Y.) |
| Business | *American Golf Schools, LLC, et al. v. EFS National Bank, et al.* | Case No. 00-cv-005208 (D. Tenn.) |
| | *AVR, Inc. and Amidon Graphics v. Churchill Truck Lines* | Case No.  4:96-cv-401 (D. Minn.) |
| | *Buchanan v. Discovery Health Records Solutions* | Case No. 13-015968-CA 25 (Miami Dade County) |
| | *Do Right's Plant Growers, et al. v. RSM EquiCo, Inc., et al.* | Case No. 06-CC-00137 (Orange County, Cal.) |
| | *F.T.C. v. Ameritel Payphone Distributors* | Case No. 00-cv-514 (S.D. Fla.) |
| | *F.T.C. v. Cephalon* | Case No. 08-cv-2141  (E.D. Pa.) |
| | *F.T.C. v. Datacom Marketing, Inc.* | Case No. 06-cv-2574 (N.D. Ill.) |
| | *F.T.C. v. Davison & Associates, Inc.* | Case No. 97-cv-01278 (W.D. Pa.) |
| | *F.T.C. v. Fidelity ATM, Inc.* | Case No. 06-cv-81101 (S.D. Fla.) |
| | *F.T.C. v. Financial Resources Unlimited, Inc.* | Case No. 03-cv-8864 (N.D. Ill.) |
| | *F.T.C. v. First American Payment Processing Inc.* | Case No. 04-cv-0074 (D. Ariz.) |

| Practice Area | Engagement | Citation |
|---|---|---|
| | *F.T.C. v. Group C Marketing, Inc.* | Case No. 06-cv-6019 (C.D. Cal.) |
| | *F.T.C. v. Jordan Ashley, Inc.* | Case No. 09-cv-23507 (S.D. Fla.) |
| | *F.T.C. v. Medical Billers Network, Inc.* | Case No. 05-cv-2014 (S.D.N.Y.) |
| | *F.T.C. v. Minuteman Press Int'l* | Case No. 93-cv-2496 (E.D.N.Y.) |
| | *F.T.C. v. Netfran Development Corp* | Case No. 05-cv-22223 (S.D. Fla.) |
| | *F.T.C. v. USA Beverages, Inc.* | Case No. 05-cv-61682 (S.D. Fla.) |
| | *Garcia, et al. v. Allergan, Inc.* | 11-CV-9811 (C.D. Cal.) |
| | *Gerald Young et al. v. HealthPort Technologies, LLC, et al.* | Case No. LACL130175 (Polk County, IA) |
| | *Goldberg et al. v. HealthPort Inc. et. al.* | Case No L-1421-14 (Essex County, NJ) |
| | *In Re Google AdWords Litigation* | No. 5:08-cv-03369-EJD (N.D. Cal.) |
| | *In re Syngenta Ag Mir 162 Corn Litigation* | Case No 2:14-md-2591-JWL-JPO (D. Kan.) |
| | *Law Offices of Henry E. Gare, P.A., et al. v. Healthport Technologies, LLC* | No. 16-2011-CA-010202 (Duval County, FL) |
| | *Melby et al. v. America's MHT, Inc., et al.* | Case No. 3:17-CV-155-M (N.D. Texas) |
| | *Number Queen, Ltd. et al. v. Redgear Technologies, Inc. et al.* | Case No. 14-0064 (W.D. Mo.) |
| | *Physicians of Winter Haven LLC v. STERIS Corp.* | Case No. 1:10-cv-00264 (N.D. Ohio) |
| | *Sue Ramirez et al. v. Smart Professional Photocopy Corporation* | No. 01-L-385 (Peoria County, IL) |
| | *Todd Tompkins, Doug Daug and Timothy Nelson v. BASF Corporation, et al.* | Case No. 96-cv-59 (D.N.D.) |
| | *Waxler Transportation Company, Inc. v. Trinity Marine Products, Inc., et al.* | Case No. 08-cv-01363 (E.D. La.) |
| Civil Rights | *Bentley v. Sheriff of Essex County* | Case No. 11-01907 (Essex County, MA) |
| | *Cazenave, et al. v. Sheriff Charles C. Foti, Jr., et al.* | Case No. 00-cv-1246 (E.D. La.) |
| | *Garcia, et al v. Metro Gang Strike Force, et al.* | Case No. 09-cv-01996 (D. Minn.) |
| | *Gregory Garvey, Sr., et al. v. Frederick B. MacDonald & Forbes Byron* | 3:07-cv-30049 (S.D. Mass.) |
| | *McCain, et al. v. Bloomberg, et al.* | Case No. 41023/83 (New York) |
| | *Nancy Zamarron, et al. v. City of Siloam Springs, et al.* | Case No. 08-cv-5166 (W.D. Ark.) |
| | *Nathan Tyler, et al. v. Suffolk County, et al.* | Case No. 1:06-cv-11354 (S.D. Mass.) |
| | *Nilsen v. York County* | Case No. 02-cv-212 (D. Me.) |
| | *Richard S. Souza et al. v. Sheriff Thomas M. Hodgson* | 2002-0870 BRCV (Superior Ct., Mass.) |
| | *Travis Brecher, et al. v. St. Croix County, Wisconsin, et al.* | Case No. 02-cv-0450-C (W.D. Wisc.) |
| Consumer | *Adam Berkson, et al. v. Gogo LLC and Gogo Inc.,* | Case No. 1:14-cv-01199-JBW-LB (S.D.N.Y.) |
| | *Andrew J. Hudak, et al. v. United Companies Lending Corporation* | Case No. 334659 (Cuyahoga County, Ohio) |
| | *Angela Doss, et al. v. Glenn Daniels Corporation* | Case No. 02-cv-0787 (E.D. Ill.) |
| | *Angell v. Skechers Canada* | 8562-12 (Montreal, Quebec) |
| | *Anthony Talalai, et al. v. Cooper Tire & Rubber Company* | Case No. L-008830-00-MT (Middlesex County, NJ) |
| | *Arnett v. Bank of America, N.A.* | No. 3:11-CV-01372-SI (D. OR) |
| | *Ballard, et al. v. A A Check Cashiers, Inc., et al.* | Case No. 01-cv-351 (Washingotn County, Ark.) |
| | *Belinda Peterson, et al. v. H & R Block Tax Services, Inc.* | Case No. 95-CH-2389 (Cook County, Ill.) |

ANALYTICS

| Practice Area | Engagement | Citation |
|---|---|---|
| | Boland v. Consolidated Multiple Listing Service, Inc. | Case No. 3:19-cv-01335-SB (D.S.C.) |
| | Braulio M. Cuesta, et al. v. Ford Motor Company, Inc., and Williams Controls, Inc. | CIV-06-61-S (E.D. Okla.) |
| | Caprarola, et al. v. Helxberg Diamond Shops, Inc. | Case No. 13-06493 (N.D. Ill.) |
| | Carideo et al. v. Dell, Inc. | Case No. 06-cv-1772 (W.D. Wash.) |
| | Carnegie v. Household International, Inc. | No. 98-C-2178 (N.D. Ill.) |
| | Clair Loewy v. Live Nation Worldwide Inc. | Case No. 11-cv-04872 (N.D. Ill.) |
| | Clements, et al. v. JPMorgan Chase Bank, N.A., et al. | No. 3:12-cv-02179-JCS (N.D. Cal.) |
| | Conradie v. Caliber Home Loans | Case No. 4:14-cv-00430 (S.D. Iowa) |
| | Consumer Financial Protection Bureau v. Corinthian Colleges, Inc. | Case No. 1:14-cv-07194 (N.D. Ill.) |
| | Consumer Financial Protection Bureau v. Park View Law | Case No. 2:17-cv-04721 (N.D. Cal.) |
| | Consumer Financial Protection Bureau v. Prime Credit, L.L.C., et al. | Case No. 2:17-cv-04720 (N.D. Cal.) |
| | Consumer Financial Protection Bureau v. Prime Marketing Holdings | Case No. 2:16-cv-07111 (C.D. Cal.) |
| | Consumer Financial Protection Bureau v. Prime Marketing Holdings | 1:15-cv-23070-MGC (S.D. Fl) |
| | Consumer Financial Protection Bureau v. Security National Automotive Acceptance | Civil Action No. 1 :15-cv-401 (S.D. Ohio) |
| | Covey, et al. v. American Safety Council, Inc. | 2010-CA-009781-0 (Orange County, FL) |
| | Cummins, et al. v. H&R Block, et al. | Case No. 03-C-134 (Kanawha County, W.V.) |
| | David and Laurie Seeger, et al. v. Global Fitness Holdings, LLC | No. 09-CI-3094, (Boone Circuit Court, Boone County, Ky.) |
| | Don C. Lundell, et al. v. Dell, Inc. | Case No. 05-cv-03970 (N.D. Cal.) |
| | Duffy v. Security Pacific Autmotive Financial Services Corp., et al. | Case No. 3:93-cv-00729 (S.D. Cal.) |
| | Edward Hawley, et al. v. American Pioneer Title Insurance Company | No. CA CE 03-016234 (Broward County, Fla.) |
| | Evans, et al. v. Linden Research, Inc., et al. | Case No. 4:11-cv-1078-DMR (N.D. Cal.) |
| | F.T.C. and The People of the State of New York v. UrbanQ | Case No. 03-cv-33147 (E.D.N.Y.) |
| | F.T.C. v. 1st Beneficial Credit Services LLC | Case No. 02-cv-1591 (N.D. Ohio) |
| | F.T.C. v. 9094-5114 Quebec, Inc. | Case No. 03-cv-7486 (N.D. Ill.) |
| | F.T.C. v. Ace Group, Inc. | Case No. 08-cv-61686 (S.D. Fla.) |
| | F.T.C. v. Affordable Media LLC | Case No. 98-cv-669 (D. Nev.) |
| | F.T.C. v. AmeraPress, Inc. | Case No. 98-cv-0143 (N.D. Tex.) |
| | F.T.C. v. American Bartending Institute, Inc., et al. | Case No. 05-cv-5261 (C.D. Cal.) |
| | F.T.C. v. American International Travel Services Inc. | Case No. 99-cv-6943 (S.D. Fla.) |
| | F.T.C. v. Asset & Capital Management Group | Case No. 8:13-cv-1107 (C.D. Cal.) |
| | F.T.C. v. Bigsmart.com, L.L.C., et al. | Case No. 01-cv-466 (D. Ariz.) |
| | F.T.C. v. Broadway Global Master Inc | Case No. 2-cv-00855 (E.D. Cal.) |
| | F.T.C. v. Call Center Express Corp. | Case No. 04-cv-22289 (S.D. Fla.) |
| | F.T.C. v. Capital Acquistions and Management Corp. | Case No. 04-cv-50147 (N.D. Ill.) |
| | F.T.C. v. Capital City Mortgage Corp. | Case No. 98-cv-00237 (D.D.C.) |
| | F.T.C. v. Centro Natural Corp | Case No. 14:23879 (S.D. Fla.) |



| Practice Area | Engagement | Citation |
|---|---|---|
| | *F.T.C. v. Certified Merchant Services, Ltd., et al.* | Case No. 4:02-cv-44 (E.D. Tex.) |
| | *F.T.C. v. Check Inforcement* | Case No. 03-cv-2115 (D.N.J.) |
| | *F.T.C. v. Chierico et al.* | Case No. 96-cv-1754 (S.D. Fla.) |
| | *F.T.C. v. Clickformail.com, Inc.* | Case No. 03-cv-3033 (N.D. Ill.) |
| | *F.T.C. v. Consumer Credit Services* | Case No. 96-cv-1990 (S.D. N.Y.) |
| | *F.T.C. v. Consumer Direct Enterprises, LLC.* | Case No. 07-cv-479 (D. Nev.) |
| | *F.T.C. v. Debt Management Foundation Services, Inc.* | Case No. 04-cv-1674 (M.D. Fla.) |
| | *F.T.C. v. Delaware Solutions* | Case No. 1:15-cv-00875-RJA (W.D.N.Y) |
| | *F.T.C. v. DeVry Education Group Inc.* | Case No. 2:16-cv-579 (C.D. Cal.) |
| | *F.T.C. v. Digital Enterprises, Inc.* | Case No. 06-cv-4923 (C.D. Cal.) |
| | *F.T.C. v. Dillon Sherif* | Case No. 02-cv-00294 (W.D. Wash.) |
| | *F.T.C. v. Discovery Rental, Inc., et al.* | Case No: 6:00-cv-1057 (M.D of Fla.) |
| | *F.T.C. v. EdebitPay, LLC.* | Case No. 07-cv-4880 (C.D. Cal.) |
| | *F.T.C. v. Electronic Financial Group, Inc.* | Case No. 03-cv-211 (W.D. Tex.) |
| | *F.T.C. v. Eureka Solutions* | Case No. 97-cv-1280 (W.D. Pa.) |
| | *F.T.C. v. Federal Data Services, Inc., et al.* | Case No. 00-cv-6462 (S.D. Fla.) |
| | *F.T.C. v. Financial Advisors & Associates, Inc.* | Case No. 08-cv-00907 (M.D. Fla.) |
| | *F.T.C. v. First Alliance Mortgage Co.* | Case No. 00-cv-964 (C.D. Cal.) |
| | *F.T.C. v. First Capital Consumer Membership Services Inc., et al.* | Case No. 1:00-cv-00905 (W.D.N.Y.) |
| | *F.T.C. v. First Capital Consumers Group, et al.* | Case No. 02-cv-7456 (N.D. Ill.) |
| | *F.T.C. v. Franklin Credit Services, Inc.* | Case No. 98-cv-7375 (S.D. Fla.) |
| | *F.T.C. v. Global Web Solutions, Inc., d/b/a USA Immigration Services, et al.* | Case No. 03-cv-023031 (D. D.C.) |
| | *F.T.C. v. Granite Mortgage, LLC* | Case No. 99-cv-289 (E.D. Ky.) |
| | *F.T.C. v. Herbalife International of America* | Case No. 2:16-cv-05217 (C.D. Cal.) |
| | *F.T.C. v. ICR Services, Inc.* | Case No. 03-cv-5532 (N.D. Ill.) |
| | *F.T.C. v. iMall, Inc. et al.* | Case No. 99-cv-03650 (C.D. Cal.) |
| | *F.T.C. v. Inbound Call Experts, LLC* | Case No. 9:14-cv-81395-KAM (S.D. Fla.) |
| | *F.T.C. v. Information Management Forum, Inc.* | Case No. 2-cv-00986 (M.D. Fla.) |
| | *F.T.C. v. Ira Smolev, et al.* | Case No. 01-cv-8922 (S.D. Fla.) |
| | *F.T.C. v. Jeffrey L. Landers* | Case No. 00-cv-1582 (N.D. Ga.) |
| | *F.T.C. v. Jewelway International, Inc.* | Case No. 97-cv-383 (D. Ariz.) |
| | *F.T.C. v. Kevin Trudeau* | Case No. 98-cv-0168 (N.D. Ill.) |
| | *F.T.C. v. Komaco International, Inc., et al.* | Case No. 02-cv-04566 (C.D. Cal.) |
| | *F.T.C. v. LAP Financial Services, Inc.* | Case No. 3:99-cv-496 (W.D. Ky.) |
| | *F.T.C. v. Lumos Labs, Inc.* | Case No. 3:16-cv-00001 (N.D. Cal.) |
| | *F.T.C. v. Marketing & Vending, Inc. Concepts, L.L.C., et al.* | Case No. 00-cv-1131 (S.D.N.Y.) |



| Practice Area | Engagement | Citation |
|---|---|---|
| | F.T.C. v. Mercantile Mortgage | Case No. 02-cv-5078 (N.D. Ill.) |
| | F.T.C. v. Merchant Services Direct, LLC | Case No. 2:13-cv-00279 (E. D. Wa.) |
| | F.T.C. v. Meridian Capital Management | Case No. 96-cv-63 (D. Nev.) |
| | F.T.C. v. NAGG Secured Investments | Case No. 00-cv-02080 (W.D. Wash.) |
| | F.T.C. v. National Consumer Counsil, Inc., et al. | Case No. 04-cv-0474 (C.D. Cal.) |
| | F.T.C. v. National Credit Management Group | Case No. 98-cv-936 (D.N.J.) |
| | F.T.C. v. National Supply & Data Distribution Services | Case No. 99-cv-128-28 (C.D. Cal.) |
| | F.T.C. v. Nationwide Information Services, Inc. | Case No. 00-cv-06505 (C.D. Cal.) |
| | F.T.C. v. NBTY, Inc. | No. 05-4793 (E.D.N.Y.) |
| | F.T.C. v. NetSpend | Case No. 1:16-cv-04203-AT (N.D. Ga.) |
| | F.T.C. v. NutriMost LLC | Case No. 2:17-cv-00509-NBF (W.D. Pa.) |
| | F.T.C. v. One Technologies, LP | Case No. 3:14-cv-05066 (N.D. Cal.) |
| | F.T.C. v. Oro Marketing | Case No. 2:13-CV-08843 (C.D. Cal.) |
| | F.T.C. v. Pace Corporation | Case No. 94-cv-3625 (N.D. Ill.) |
| | F.T.C. v. Paradise Palms Vacation Club | Case No. 81-1160D (W.D. Wash.) |
| | F.T.C. v. Patrick Cella, et al. | Case No. 03-cv-3202 (C.D. Cal.) |
| | F.T.C. v. Platinum Universal, LLC | Case No. 03-cv-61987 (S. D. Fla.) |
| | F.T.C. v. Raymond Urso | Case No. 97-cv-2680 (S.D. Fla.) |
| | F.T.C. v. Rincon Management Services, LLC | Case No. 5:11-cv-01623-VAP-SP (C.D. Cal.) |
| | F.T.C. v. Robert S. Dolgin | Case No. 97-cv-0833 (N.D. Cal.) |
| | F.T.C. v. Southern Maintenance Supplies | Case No. 99-cv-0975 (N.D. Ill.) |
| | F.T.C. v. Star Publishing Group, Inc. | Case No. 00-cv-023D (D. Wy.) |
| | F.T.C. v. Stratford Career Institute | Case No. 1:16-cv-00371 (N.D. Ohio) |
| | F.T.C. v. Stuffingforcash.com Corp. | Case No. 02-cv-5022 (N.D. Ill.) |
| | F.T.C. v. Target Vending Systems, L.L.C., et al. | Case No. 00-cv-0955 (S.D.N.Y.) |
| | F.T.C. v. The College Advantage, Inc. | Case No. 03-cv-179 (E.D. Tex.) |
| | F.T.C. v. The Crescent Publishing Group, Inc., et al. | Case No. 00-cv-6315 (S.D.N.Y.) |
| | F.T.C. v. The Tax Club | Case No. 13-cv-210 (JMF) (S.D.N.Y.) |
| | F.T.C. v. The Tungsten Group, Inc. | Case No. 01-cv-773 (E.D. Va.) |
| | F.T.C. v. Think Achievement Corp. | Case No. 2:98-cv-12 (N.D. Ind.) |
| | F.T.C. v. Think All Publishing | Case No. 07-cv-11 (E.D. Tex.) |
| | F.T.C. v. Tracfone | Case No. 3:15-cv-00392 (N.D. Cal.) |
| | F.T.C. v. Trustsoft, Inc. | Case No. 05-cv-1905 (S.D. Tex.) |
| | F.T.C. v. Unicyber Gilbaord, Inc. | Case No. 04-cv-1569 (C.D. Cal.) |
| | F.T.C. v. US Grant Resources, LLC. | Case No. 04-cv-0596 (E.D. La.) |
| | F.T.C. v. Verity International, Ltd., et al. | Case No. 00-cv-7422-LAK (S.D.N.Y.) |

ANALYTICS

| Practice Area | Engagement | Citation |
|---|---|---|
| | *F.T.C. v. Wellquest International, Inc.* | Case No. 2:03-cv-05002 (C.D. Cal.) |
| | *F.T.C. v. Wolf Group* | Case No. 94-cv-8119 (S.D. Fla.) |
| | *Fernando N. Lopez and Mallory Lopez, et al. v. City Of Weston* | Case No. 99-8958  CACE 07 (FL 17th Jud Dist) |
| | *Fiori, et al. v. Dell Inc., et al.* | Case No. 09-cv-01518 (N.D. Cal.) |
| | *FMS, Inc. v. Dell, Inc. et al.,* | Case No. 03-2-23781-7SEA (King County, Wash.) |
| | *Galatis, et al. v. Psak, Graziano Piasecki & Whitelaw, et. al.* | No.  L-005900-04 (Middlesex County, NJ) |
| | *Garcia v. Allergan* | 11-cv-9811 (C.D. Cal.) |
| | *Grabowski v. Skechers U.S.A., Inc.* | No. 3:12-cv-00204 (W.D. Ky.) |
| | *Greg Benney, et al. v. Sprint International Communications Corp. et al.* | Case No. 02-cv-1422 (Wyandotte County, KS) |
| | *Griffin v. Dell Canada Inc* | Case No. 07-cv-325223D2 (Ontario, Superio Court of Justice) |
| | *Haas and Shahbazi vs. Navient Solutions and Navient Credit Finance Corporation* | Case No. 15-35586 (DRJ) (S.D. Texas) |
| | *Harris, et al. v. Roto-Rooter Services Company* | Case No. 00-L-525 (Madison County, IL) |
| | *Harrison, et al. v. Pacific Bay Properties* | No. BC285320 (Los Angeles County, CA) |
| | *Henderson, et al . V. Volvo Cars of North America, LLC, et al.* | 09-04146 (D.N.J.) |
| | *In re H&R Block IRS Form 8863 Litigation* | Case No. 4:13-MD-02474-FJG. (W.D. MO) |
| | *In Re: Bancomer Transfer Services Mexico Money Transfer Litigation* | BC238061, BC239611(Los Angeles County, CA) |
| | *In Re: Certainteed Fiber Cement Siding Litigation* | MDL 2270 (E.D. PA) |
| | *In Re: H&R Block Express IRA Marketing Litigation* | Case No. 06-md-01786 (W.D. Mo.) |
| | *In Re: High Carbon Concrete Litigation* | Case No. 97-cv-20657 (D. Minn.) |
| | *In Re: High Sulfur Content Gasoline Products Liability Litigation* | MDL No. 1632 (E.D. La.) |
| | *In Re: Ria Telecommunications and Afex Mexico Money Transfer Litigation* | Case No. 99-cv-0759 (San Louis Obispo, Cal.) |
| | *In Re: Salmonella Litigation* | Case No. 94-cv-016304 (D. Minn.) |
| | *Janet Figueroa, et al. v. Fidelity National Title   Insurance Company* | Case No. 04-cv-0898 (Miami Dade County, Fla.) |
| | *Jerome H. Schlink v. Edina Realty Title* | Case No. 02-cv-18380 (D. Minn.) |
| | *Jerome Walls, et al. v. JP Morgan Chase Bank, N.A., et al.* | Case No. 11-00673 (W.D. KY) |
| | *Joel E. Zawikowski, et al. v. Beneficial National Bank, et al.* | Case No. 98-cv-2178 (N.D. Ill.) |
| | *John Babb, et al. v. Wilsonart International, Inc.* | Case No. CT-001818-04 (Memphis, Tenn.) |
| | *John Colin Suttles, et al. v. Specialty Graphics, Inc.,* | Case No. 14-505 (W.D. TX) |
| | *Kenneth Toner, et al. v. Cadet Manufacturing Company* | Case No. 98-2-10876-2SEA (King County, Wash.) |
| | *Kiefer, et al. v. Ceridian Corporation, et al.* | Case No. 3:95-cv-818 (D. Minn.) |
| | *Kobylanski et al. v. Motorola Mobility, Inc. et al.* | No. 13-CV-1181 (W.D. Pa.) |
| | *Long et al v. Americredit Financial Services, Inc.* | 0:2011-02752 (Hennepin County, MN) |
| | *Louis Thula, et al. v. Lawyers Title Insurance Corporation* | Case No. 0405324-11 (Broward County, Fla.) |
| | *Lynn Henderson, et al. v. Volvo Cars of North America, LLC, et al.* | No. 2:09-cv-04146-CCC-JAD (D.N.J.) |
| | *Lynnette Lijewski, et al. v. Regional Transit Board, et al.* | Case No. 4:93-cv-1108 (D. Minn.) |
| | *Mark Laughman, et al. v. Wells Fargo Leasing Corp. et al.* | Case No. 96-cv-0925 (N.D. Ill.) |

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Mark Parisot et al v. US Title Guaranty Company* | Case No. 0822-cc-09381 (St. Louis Circuit Court, Mo.) |
| | *Mark R. Lund v. Universal Title Company* | Case No. 05-cv-00411 (D. Minn.) |
| | *Melissa Castille Dodge, et al. v. Phillips College of New Orleans, Inc., et al.* | Case No. 95-cv-2302 (E.D. La.) |
| | *Michael Drogin, et al. v. General Electric Capital Auto Financial Services, Inc.* | Case No. 95-cv-112141 (S.D.N.Y.) |
| | *Michael Sutton v. DCH Auto Group, et al.* | (Essex County, NJ) |
| | *Michael T. Pierce et al. v. General Electric Capital Auto Lease* | CV 93-0529101 S |
| | *Mitchem, et al v. Illinois Collection Service, Inc.* | Case No. 09-cv-7274 (N.D. Ill.) |
| | *Northcoast Financial Services v. Marcia Webster* | 2004 CVF 18651 (Cuyahoga County, OH) |
| | *Oubre v. Louisiana Citizens Fair Plan* | No. 625-567 (Jefferson Parish, LA) |
| | *Patricia Faircloth, et a. v. Certified Finance, Inc., et al.* | Case No. 99-cv-3097 (E.D. La.) |
| | *Pistilli v. Life Time Fitness, Inc.* | Case No. 07-cv-2300 (D. Minn.) |
| | *Rawlis Leslie, et al. v. The St. Joe Paper Company* | Case No. 03-368CA (Gulf County, Fla.) |
| | *Regayla Loveless, et al. v. National Cash, Inc, et al.* | Case No. 2001-cv-892-2 (Benton County, Ark.) |
| | *Ricci, et al., v. Ameriquest Mortgage Co.* | Case No. 27-cv-05-2546 (D. Minn.) |
| | *Ronnie Haese, et al. v. H&R Block, et al.* | Case No. 96-cv-423 (Kleberg County, Tex.) |
| | *Sandra Arnt, et al. v. Bank of America, N.A.* | No. 27-cv-12-12279 (Hennepin County, MN) |
| | *Sara Khaliki, et al. v. Helzberg Diamond Shops, Inc.* | 4:11-cv-00010 (W.D. Mo.) |
| | *Shepherd, et al. v. Volvo Finance North America, Inc., et al.* | Case No. 1:93-cv-971 (D. Ga.) |
| | *Skusenas v. Linebarger, Goggan, Blair & Sampson, LLC.* | Case No. 1:10-cv-8119 (N.D. Ill.) |
| | *Smith v. NRT Settlement Services of Missouri, LLC* | Case No. 06-cv-004039 (St. Louis County, MO) |
| | *Terrell Ervin v. Nokia Inc. et al.* | Case No. 01-L-150 (St. Clair County, Ill.) |
| | *The People of the State of California v. Rainbow Light Nutritional Systems, LLC, et al.* | Case No. 19STCV28214 (Los Angeles County, CA) |
| | *Theresa Boschee v. Burnet Title, Inc.* | Case No. 03-cv-016986 (D. Minn.) |
| | *Thomas Geanacopoulos v. Philip Morris USA, Inc.* | Civil Action No. 98-6002-BLS1 (MA Superior Court) |
| | *Thomas Losgar, et al. v. Freehold Chevrolet, Inc., et al.* | Case No. L-3145-02 (Monmouth County, NJ) |
| | *Tiffany Ellis, et al. v. General Motors LLC* | Case No. 2:16-cv-11747 (E.D. Mich.) |
| | *Tom Lundberg, et al. v. Sprint Corporation, et al.* | Case No. 02-cv-4551 (Wyandotte County, Kan.) |
| | *Truc-way, Inc., et al. v. General Electric Credit Auto Leasing* | Case No. 92-CH-08962 (Cook County, Ill.) |
| | *Trudy Latman, et al. vs. Costa Cruise Lines, N.V., et al* | Case No. 96-cv-8076 (Dade County, Fla.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Goldfinger")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Kum Ventures")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. David Merrick* | 6:10-cr-109-Orl-35DAB |
| | *U.S. v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al.* | (E.D. Fla) |
| | *United States of America v. Alfredo Susi, et al.* | 3:07-cr-119 (W.D.N.Y.) |
| | *United States of America v. David Merrick* | 6:10-cr-109-Orl-35DAB |
| | *United States of America v. Elite Designs, Inc.* | Case No. 05-cv-058 (D. R.I.) |



| Practice Area | Engagement | Citation |
|---|---|---|
| | *United States of America v. Evolution Marketing Group* | Case No. 6:09-cv-1852 (S.D. Fla.) |
| | *United States of America v. Regenesis Marketing Corporation* | No. C09-1770RSM (W.D. Wash.) |
| | *United States of America v. Sixty-Four 68.5 lbs (Approx.) Silver Bars, et al.* | (E.D. Fla.) |
| | *Vicente Arriaga, et al. v. Columbia Mortgage & Funding Corp, et al.* | Case No. 01-cv-2509 (N.D. Ill.) |
| | *William R. Richardson, et al., v. Credit Depot Corporation of Ohio, et al.* | Case No. 315343 (Cuyahoga County, Ohio) |
| | *Zyburo v. NCSPlus Inc.* | Case No. 12-cv-06677 (S.D.N.Y.) |
| CryptoCurrency | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Goldfinger")* | No. CV 09-1731 (C.D. Cal.) |
| | *U.S. v. $1,802,651.56 in Funds Seized from e-Bullion, et al. ("Kum Ventures")* | No. CV 09-1731 (C.D. Cal.) |
| | *United States of America v. $1,802,651.56 in Funds Seized from E-Bullion, et al.* | Case No. 09-cv-01731 (C.D. Cal.) |
| Data Breach | *F.T.C. v. Choicepoint* | Case No. 06-cv-0198 (N.D. Ga.) |
| | *First Choice Federal Credit Union v. The Wendy's Company* | Case No. 2:16-cv-00506-NBF-MPK (W.D. Pa.) |
| | *Sterling et al. v. Strategic Forecasting, Inc. et al.* | No. 2:12-cv-00297-DRH-ARL (E.D.N.Y.) |
| | *Veridian Credit Union v. Eddie Bauer LLC* | No. 2:17-cv-00356 (W.D. Wash.) |
| Data Breach/Privacy | *Anderson, et al. v. United Retail Group, Inc., et al.* | Case No. 37-cv-89685 (San Diego County, Cal.) |
| | *F.T.C. v. CEO Group, Inc.* | Case No. 06-cv-60602 (S.D. Fla.) |
| | *In Re: U.S. Bank National Association Litigation* | Case No. 99-cv-891 (D. Minn.) |
| Employment | *Adam P. Kelly, et al v. Bank of America, N.A., et al.* | No. 10-CV-5332 (E.D. Ill.) |
| | *Alequin, et al. v. Darden Restaurants, Inc. et al.* | Case No.: 12-61742-CIV (S.D. Fla.) |
| | *Alice Williams, et a. v. H&R Block Enterprises* | RG 08366506, (County of Alameda, CA) |
| | *Alma Anguiano v. First United Bank and Trust Co.* | Case No. CIV-12-1096 (D. Okla.) |
| | *Andrew R. Rondomanski, et al. v. Midwest Division, Inc.* | No. 11-cv-00887 (W.D. Mo.) |
| | *Balandran, et al. v. Labor Ready, et al.* | BC 278551 (Losa Angeles County, Cal.) |
| | *Ballard, et al., v. Fogo de Chao, LLC* | Case No. 09-cv-7621 (D. Minn.) |
| | *Beasley, et al. v. GC Services LP* | Case No. 09-cv-01748 (E.D. Mo.) |
| | *Berry v. Farmers Bank & Trust, N.A.* | Case No. 13-02020 |
| | *Berte v. WIS Holdings Corporation* | 07-cv-00468 (S.D. Cal.) |
| | *Bishop et al. v. AT&T Corp.* | Case No. 08-cv-00468 (W.D. Pa.) |
| | *Bobbie Jarrett v. GGNSC Holdings, LLC* | Case No.: 12-CV-4105-BP (W.D. Mo.) |
| | *Chandler Glover and Dean Albrecht, et al., v. John E. Potter* | EEOC No. 320-A2-8011X; Agency No. CC-801-0015-99 |
| | *Christopher Evins v. Glow Networks, Inc.* | Case No. 14-cv-00544 (W.D. Mo.) |
| | *Claudine Wilfong, et al. v. Rent-A-Center, Inc.* | Case No. 00-cv-680 (S.D. Ill.) |
| | *Copher v. Motor City Auto Transport, Inc.* | 15-2500-CK (Macomb County, MI) |
| | *Creed, et al. v. Benco Dental Supply Co.* | 3:12-CV-1571 (E.D. Pa.) |
| | *Day, et al. v. KASA Delivery LLC.* | Case No. 01-17-0000-2142 (AAA) |
| | *Doe, et al. v. Cin-Lan, Inc, et al.* | Case No. 4:08-cv-12719 (E.D. Mich.) |
| | *Doe, et al. v. Déjà Vu Services, Inc., et al.,* | No. 2:16-cv-10877 (E.D. Mich.) |

| Practice Area | Engagement | Citation |
|---|---|---|
| | DuBeau et al v. Sterling Savings Bank et al. | No. 12-cv-1602 (D. Or.) |
| | Equal Employment Opportunity Commission (EEOC) v. Star Tribune Company | Case No. 08-cv-5297(D. Minn.) |
| | Equal Employment Opportunity Commission v Faribault Foods, Inc. | Case No. 07-cv-3976 (D. Minn.) |
| | Feiertag v. DDP Holdings, LLC d/b/a Apollo Retail Specialists, LLC, | Case No. 2:14-cv-2643 (S.D. Ohio) |
| | Ferreras, et. al v. American Airlines, Inc. | 16-cv-2427 (D.N.J.) |
| | Fisher, et al. v. Michigan Bell Telephone Company | Case No. 09-cv-10802 (E.D. Mich.) |
| | Frank De La Paz v. Accurate Courier NCA LLC | Case No. 16CV00555 (County of Santa Cruz, CA) |
| | Frank, Peasley, Waters, and Wilhelm, v Gold'n Plump Poultry, Inc. | Case No. 04-cv-1018 (D. Minn.) |
| | French v. Midwest Health Management, Inc. | Case No.: 2:14-cv-2625 |
| | Geelan, et al. v. The Mark Travel Coporation | Case No. 03-cv-6322 (D. Minn.) |
| | Gipson, et al. v. Southwestern Bell Telephone Company | Case No. 08-cv-2017 (D. Kan.) |
| | Greene, et al. v. Shift Operations LLC, et al. | Case No. CGC 16-552307 (County of San Francisco, CA) |
| | Gregory Hernandez v. The Children's Place | No. CGC 04-4300989 (San Francisco, CA) |
| | Helen Bernstein, et al. v. M.G. Waldbaum | Case No. 08-cv-0363 (D. Minn.) |
| | Holt v. Living Social | 1:2012cv00745 (D.D.C.) |
| | Jimmy West v. PSS World Medical, Inc. | Case No. 4:13-cv-00574 (E.D. Mo.) |
| | John Alba, et al. v. Papa John's USA, Inc. | Case No. 05-cv-7487 (W.D. Cal.) |
| | Johnson, et al v. General Mills, Inc. | Case No. 10-cv-1104 (W.D. Mo.) |
| | Kelly Marie Camp, et al. v. The Progressive Corporation, et al. | Case No. 01-cv-2680 (E.D. La.) |
| | Kelly, et al v. Bank of America, N.A. et al. | No. 10-5332 (N.D. Ill.) |
| | Kulauzovic et al. v. Citibank, N.A. | Index No. 507538/2018 (County of Kings, NY) |
| | Kusinski v. MacNeil Automotive Products Limited | Case No. 17-cv-3618 (N.D. Ill.) |
| | Lang, et al v DirecTV, Inc., et al. | No. 10-1085 (E.D. La.) |
| | Lee and Campion v. The City of Philadelphia | NO. 001125 (Court of Common Pleas, Philadelphia County) |
| | Lynn Lietz, et al. v. Illinois Bell Telephone Company, et al. | No. 1:11-cv-0108 (N.D. Ill.) |
| | Mary Hutkai, et al. v. Penn National Gaming, Inc., et al. | Case No. 4:16-cv-00906 (W.D. Mo.) |
| | Michelle Jackson, et al. v. Jamba Juice Company | Case No. 8:02-cv-00381 (C.D. Cal.) |
| | OFCCP v. B&H Foto & Electronics Corp. | Case No. 2016-OFC-0004 (Department of Labor) |
| | Pamela Adams, et al., v. MedPlans Partners, Inc | Case No. 3:07-cv-259 (W.D. Ky.) |
| | Parnell, et al. v. Academy Mortgage Corporation | Case No. 01-17-0004-5311 (AAA) |
| | Phillip Busler, et al. v. Enersys Energy Products Inc., et al. | Case No. 09-cv-0159 (W.D. Mo.) |
| | Robert Eddings v. General Aluminum Manufacturing Company | Case No. 1:17-CV-00362 (N.D. Ohio) |
| | Rocher, et al. v. Sav-on Drugs, et al. | Case No. BC 227551 (Los Angeles County, Cal.) |
| | Russell, et al. v. Illinois Bell Telephone Company | Case No. 08-cv-1871 (N.D. Ill.) |
| | Salamon v. Bayview Loan Servicing, LLC | No. 01-17-0002-1424 (AAA) |
| | Sequoia Moss-Clark, et al. v. New Way Services, Inc., et al. | Case No. C12-1391 (Contra Costa County, CA) |


| Practice Area | Engagement | Citation |
|---|---|---|
| | Shannon Wheeler v. Cobalt Mortgage, Inc. et al. | Case No. 2:14-cv-B1847-JCC (W.D. WA) |
| | Smallwood, et al. v. Illinois Bell Telephone Company, | Case No. 09-cv-4072 (N.D. Ill.) |
| | Smith v. Family Video | No. 11-cv-01773 (N.D. Ill.) |
| | Smith v. Pizza Hut, Inc. | No. 09--cv-01632-CMA-BNB (D. Colo.) |
| | Speraneo v. BJC Health Systems, Inc. d/b/a BJC HealthCare | Case No. 1322-CC09701 (St. Louis County, MO) |
| | Stephanie Sanz, et al. v. Johny Utah 51, LLC | Case No. 14-cv-4380 (S.D.N.Y.) |
| | Teeter v. NCR Corporation | Case No. 08-cv-00297 (C.D. Cal.) |
| | Thomas Cramer et al. v. Bank of America, N.A. et al. | Case No. 12-08681 (N.D. Ill.) |
| | Thomas Dege, et al., v. Hutchinson Technology, Inc. | Case No. 06-cv-3754 (D. Minn.) |
| | Thomas v. Kellogg Company et al. | Case No. 3:13 Civ. 05136 (W.D. Wash.) |
| | Thompson v. Qwest Corporation, et al. | Civil Action No.: 1:17-cv-1745 (D. Colo.) |
| | Twohill, et al. v. First Acceptance Corporation | Case No. 3:17–cv–00284 (M.D. Tenn.) |
| | Watkins, et al. v. I.G. Incorporated, etl a. | Case No. 27-13-15361 (Hennepin County, MN) |
| | White et al. v. Edward Jones Co., L.P. dba Edward Jones | No. 17 Civ. 02004 (N.D. Ohio) |
| | Wilkinson, et al. v. NCR Corporation | Case No. 1:08-cv-5578  (N.D. Ill.) |
| | William Perrin, et al. v. Papa John's International | No. 4:09-CV-01335 (E.D. Mo.) |
| | William Whitlock, et. al v. FSH Management, LLC, et. al. | 3:10-cv-00562-M |
| | Williams v. DH Pace | Case No. 4:14-cv-00161 (W.D. Mo.) |
| | Williams, et al. v. Dollar Financial Group, et al. | Case No. RG03099375 (Alameda County, CA) |
| | Williams, et al. v. G4S Secure Solutions (USA) Inc. | Civil Action No. 1:17-CV-00051 (M.D.N.C) |
| | Williams, et al. v. H&R Block Enterprises, Inc. | No. RG 08366506 (Alameda County, CA) |
| | Wittemann, et al. v. Wisconsin Bell, Inc. | Case No. 09-cv-440 (W.D. Wisc.) |
| | Wlotkowski, et al. v. Michigan Bell | Case No. 09-cv-11898 (E.D. Mich.) |
| Environmental | Bernice Samples, et al. v. Conoco, Inc., et al. | Case No. 01-0631-CA-01 (Escambia Country, Fla.) |
| | Billieson, et al. v. City of New Orleans, et al. | No. 94-19231 (Orleans Parish, LA) |
| | City of Greenville, et al., v. Syngenta Crop Protection, Inc., and Syngenta AG | No. 3:10-cv-00188-JPG-PMF (S. D. Ill.) |
| | In Re: Duluth Superior Chemical Spill Litigation | Case No. 92-cv-503 (W.D. Wis.) |
| | Keltner, et al., v. SunCokeEnergy, Inc., et al. | Case No.: 2014-L-1540 (Madison County, IL) |
| | Latta, et al. v. Hannibal Board of Public Works, et al. | Case No. 16SL-CC01881 (St. Louis, MO) |
| | McGruder, et al. v. DPC Enterprises | No. CV2003-022677 (Maricopa County, AZ) |
| | Mehl v. Canadian Pacific Railway, Limited | Case No. 02-cv-009 (D.N.D.) |
| | Michelle Marshall, et al. v. Air Liquide -- Big Three, Inc. et al. | No. 2005-08706 (Orleans Parish, LA) |
| | Perrine, et al. v. E.I. Dupont De Nemours and Company, et al. | 01-0631-CA-01 (Harrison C., WV) |
| ERISA | In Re: Broadwing Inc ERISA Litigation | Case No. 02-cv-00857 (S.D. Ohio) |
| | Quince Rankin v. Charles C. Conway (Kmart ERISA Litigation) | Case No. 02-cv-71045 (E.D. Mich.) |
| ERISA - 401k/403b Fee | André Clark, et al., v. Oasis Outsourcing Holdings, Inc., et al. | Case No. 9:18-cv-81101- RLR (S.D. Fla.) |



| Practice Area | Engagement | Citation |
|---|---|---|
| | *Anthony Abbott, et al. v. Lockheed Martin Corp., et al.* | Case No. 06-701 (S.D. Ill.) |
| | *Bacon, et al., v. Board of Pensions of the Evangelical Lutheran Church in America* | Case No. 27-CV-15-3425 (Hennepin County, MN) |
| | *Clifton Marshall, et al. v. Northrop Grumman Corp., et al.* | Case No. 16-6794 (C.D. Cal.) |
| | *David Clark, et al, v. Duke University, et al.* | Case No. 1:16-CV-01044-CCE-LPA (M.D.N.C.) |
| | *Dennis Gordan, et al. v. Massachusetts Mutual Life Insurance Co., et al.* | Case No. 13-cv-30184-MAP (D. Mas.) |
| | *In re GE ERISA Litigation* | Master File No. 1:17-cv-12123-IT (D. Mass) |
| | *In re Northrop Grumman Corporation ERISA Litigation* | Case. No. 06-CV-6213 AB (JCx) (C.D. Cal.) |
| | *Johnson, et al v. Fujitsu Technology and Business of America, Inc. et al.* | Case No.: 5:16-cv-03698 NC (N.D. Cal.) |
| | *Karolyn Kruger, et al. v. Novant Health Inc., et al.* | Case No. 14-208 (M.D.N.C.) |
| | *Lauren Bence, et al. v. Presence Health Network, et al.* | Case No. 1:17-cv-08315 (N.D. Ill.) |
| | *Loren L. Cassell, et al. v. Vanderbilt University, et al.* | Case No. 3:16-CV-02086 (M.D. Tenn.) |
| | *Main, et al. v. American Airlines, Inc. et al.* | Civil Action No.: 4:16-cv-00473-O (N.D. Texas) |
| | *Pat Beesley, et al v. International Paper Co. et al.* | Case No. 06-703-DRH (S.D. Ill.) |
| | *Paul Andrus, et al. v. New York Life Insurance Company, et al.* | Case. No. 1:16-cv-05698 (KPF) (S.D.N.Y.) |
| | *Price v. Eaton Vance Corp., et al.* | Civil Action No. 18-12098-WGY (D. Mass.) |
| | *Robert Sims, et al, v. BB&T Corporation, et al.* | Case No. 1:15-cv-732-CCE-JEP (M.D.N.C.) |
| | *Ronald Tussey, et al. v. ABB Inc., at al.* | Case No. 2:06-cv-4305-NKL (W.D. Mo.) |
| | *Stacy Schapker v. Waddell & Reed Financial, Inc., et al.* | Case No. 17-cv-2365 (D. Kan.) |
| | *Todd Ramsey, et al., v. Philips North America LLC* | Case No. 3:18-cv-01099-NJR-RJD (S.D. Ill.) |
| | *Tracey, et al. v. Massachusetts Institute of Technology, et al.* | Case No. 1:16-cv-11620 (D. Mass.) |
| | *Troudt et al v. Oracle Corporation et al.* | No. 16-cv-00175 (D. Colo.) |
| FACTA | *Albright v. Metrolink* | No. 4:11-CV-01691AGF (E.D. Mo.) |
| | *Ebert, et al. v. Warner's Stellian* | No. 11-cv-02325 JRT/ SER (D. Minn.) |
| | *Fouks, et al. v. Red Wing Hotel Corporation* | Case No. 12-cv-02160 (D. Minn.) |
| | *Jones v. Dickinson* | No. 11 CV 02472 (D. Mo.) |
| | *Linda Todd, et al. v. Medieval Times* | Case No. 1:10-cv-00120 (D. N.J.) |
| | *Masters v. Lowe's Home Centers, Inc.* | Case No. 3:09-cv--255 (S.D. Ill.) |
| | *Seppanen et al. v. Krist Oil Company* | Case No. 2:09-cv-195 (W.D. Mich.) |
| | *Waldman v. Hess Corporation* | Case No. 07-cv-2221 (D. N.J.) |
| FCRA | *Michael Stoner, et al. v. CBA Information Services* | Case No. 04-cv-519 (E.D. Pa.) |
| Insurance | *Ann Castello v. Allianz Life Insurance Company* | Case No. 03-cv-20405 (D. Minn.) |
| | *Boyd Demmer, et al. v. Illinois Farmers Insurance Company* | Case No. MC 00-017872 (Hennepin County, Minn.) |
| | *Chultem v. Ticor Title Insur. Co., et al.* | Case No. 2006-CH-09488 (Circuit Court of Cook County, Ill.) |
| | *Colella v. Chicago Title Insur. Co., et al.* | Case No. 2006-CH-09489 (Circuit Court of Cook County, Ill.) |
| | *Daluge, et. al., v. Continental Casualty Company* | No. 3:15-cv-00297 (W.D. Wis.) |
| | *Deborah Hillgamyer, et al. v. Reliastar Life Insurance Company, et al.* | No. 11-cv-729 (W.D. Wis.) |



| Practice Area | Engagement | Citation |
|---|---|---|
| | *Doan v. State Farm* | 108CV129264 (Santa Clara Co, CA) |
| | *Dorothea Pavlov v. Continental Casualty Company* | Case No. 07-cv-2580 (N.D. Ohio) |
| | *Frank Rose, et al. v. United Equitable Insurance Company, et al.* | Case No. 00-cv-02248 (Cass County, ND) |
| | *Froeber v. Liberty Mutual Fire Insurance Company* | Case No. 00C15234 (Marion County, OR) |
| | *Garrison, et al., v. Auto-Owners Insurance Company* | Case No. 02-cv-324076 (Cole County, Mo.) |
| | *Harold Hanson, et al. v. Acceleration Life Insurance Company, et al.* | Case No. 3:97-cv-152 (D.N.D.) |
| | *Hofstetter, et al. v. Chase Home Finance, LLC., et al.* | Case No. 10-cv-1313 (N.D. Cal.) |
| | *In Re: Lutheran Brotherhood Variable Insurance Products Co. Sales Practices Litigation* | Case No. 99-md-1309 (D. Minn.) |
| | *Irene Milkman, et al. v. American Travellers Life Insurance Company, et al.* | No. 03775 (Philadelphia Court of Common Pleas, Pa.) |
| | *Jacobs v. State Farm General Insurance Company* | No. CJ-96-406 (Sequoyah County, Okla.) |
| | *James M. Wallace, III, et al. v. American Agrisurance, Inc., et al.* | Case No. 99-cv-669 (E.D. Ark.) |
| | *James Ralston, et al. v. Chrysler Credit Corporation, et al.* | Case No. 90-cv-3433 (Lucas County, Ohio) |
| | *Michael T. McNellis, et al. v. Pioneer Life Insurance Company, et al.* | CV 990759 (County of San Luis Obispo, Cal.) |
| | *Morris v. Liberty Mutual Fire Insurance Company* | CJ-03-714 (Pottawatomie County, OK) |
| | *Paul Curtis, et al v. Northern Life Insurance Company* | Case No. 01-2-18578 (King County, Wash.) |
| | *Ralph Shaffer v. Continental Casualty Company and CNA Financial Corp* | Case No. 06-cv-2253 (C.D. Cal.) |
| | *Raymond Arent, et al. v. State Farm Mutual Insurance Company* | Case No. 00-mc-16521 (D. Minn.) |
| | *Roy Whitworth, et al. v. Nationwide Mutual Insurance Company, et al.* | Case No. 00CVH-08-6980 (Franklin County, Ohio) |
| | *Sonia Gonzalez, et al. v. Rooms to Go, Inc., et al.* | Case No. 97-cv-3146 (S.D. Fla.) |
| | *Tow Distributing, Inc., et al. v. BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota* | Case No. 02-cv-9317 (D. Minn.) |
| Legal Notice | *Anderson et al. v. Canada (Attorney General)* | 2011 NLCA 82 |
| | *Angell v. Skechers Canada* | 8562-12 (Montreal, Quebec) |
| | *Billieson, et al. v. City of New Orleans, et al.* | No. 94-19231 (Orleans Parish, LA) |
| | *Carnegie v. Household International, Inc.* | No. 98-C-2178 (N.D. Ill.) |
| | *Cazenave, et al. v. Sheriff Charles C. Foti, Jr., et al.* | Case No. 00-cv-1246 (E.D. La.) |
| | *Cazenave, et al. v. Sheriff Charles C. Foti, Jr., et al.* | Case No. 00-cv-1246 (E.D. La.) |
| | *City of Greenville, et al., v. Syngenta Crop Protection, Inc., and Syngenta AG* | No. 3:10-cv-00188-JPG-PMF (S. D. Ill.) |
| | *Evans, et al. v. Linden Research, Inc., et al.* | Case No. 4:11-cv-1078-DMR (N.D. CA |
| | *F.T.C. v. NBTY, Inc.* | No. 05-4793 (E.D.N.Y.) |
| | *George Williams, et al. v. BestComp, Inc., et al.* | No. 09-C-5242-A (Parish of St. Landry, LA) |
| | *Griffin v. Dell Canada Inc* | Case No. 07-cv-325223D2 (Ontario, Superio Court of Justice) |
| | *In Re: Aftermarket Filters Antitrust Litigation* | No. 1:08-cv-4883, MDL No. 1957 (N.D. Ill.) |
| | *In Re: Asia Pulp & Paper Securities Litigation* | Case No. 01-cv-7351 (S.D.N.Y.) |
| | *In Re: Certainteed Fiber Cement Siding Litigation* | MDL 2270 (E.D. PA) |
| | *In Re: Duluth Superior Chemical Spill Litigation* | Case No. 92-cv-503 (W.D. Wis.) |
| | *In Re: Google Referrer Header Privacy Litigation* | No. 10-04809 (N.D. Cal.) |



| Practice Area | Engagement | Citation |
|---|---|---|
| | *In Re: Salmonella Litigation* | Case No. 94-cv-016304 (D. Minn.) |
| | *Jerome H. Schlink v. Edina Realty Title* | Case No. 02-cv-18380 (D. Minn.) |
| | *Joel E. Zawikowski, et al. v. Beneficial National Bank, et al.* | Case No. 98-cv-2178 (N.D. Ill.) |
| | *Joshua Wasser, et al. v. All Market, Inc.,* | Case No. 1:16-CV-21238 (S.D. Fla.) |
| | *Kobylanski et al. v. Motorola Mobility, Inc. et al.* | No. 13-CV-1181 (W.D. Pa.) |
| | *Mary Plubell, et al. v. Merck and Co., Inc.* | Case No. 04-cv-235817 (Jackson County, MO) |
| | *McGruder, et al. v. DPC Enterprises* | No. CV2003-022677 (Maricopa County, AZ) |
| | *Mehl v. Canadian Pacific Railway, Limited* | Case No. 02-cv-009 (D.N.D.) |
| | *Michelle Marshall, et al. v. Air Liquide -- Big Three, Inc. et al.* | No. 2005-08706 (Orleans Parish, LA) |
| | *Pat Beesley, et al v. International Paper Co. et al.* | Case No. 06-703-DRH (S.D. Ill.) |
| | *Perrine, et al. v. E.I. Dupont De Nemours and Company, et al.* | 01-0631-CA-01 (Harrison C., WV) |
| | *Red Eagle Resources Corporation, Inc., et al. v. Baker Hughes Inc., et al.* | Case No. 91-cv-627 (S.D. Tex.) |
| | *Skold, et al. v Intel Corporation, et al.* | Case No. 1-05-cv-039231 (County of Santa Clara, CA) |
| | *The People of the State of California v. Rainbow Light Nutritional Systems, LLC, et al.* | Case No. 19STCV28214 (Los Angeles County, CA) |
| | *Thomas Geanacopoulos v. Philip Morris USA, Inc.* | Civil Action No. 98-6002-BLS1 (MA Superior Court) |
| Medical/Drug | *F.T.C. v. CHK Trading Corp.* | Case No. 04-cv-8686 (S.D.N.Y.) |
| | *F.T.C. v. Christopher Enterprises, Inc.* | Case No. 2:01-cv-0505 (D. Utah) |
| | *F.T.C. v. Conversion Marketing, Inc.* | Case No. 04-cv-1264 (C.D. Cal.) |
| | *F.T.C. v. Enforma Natural Products, Inc.* | Case No. 00-cv-04376 (C.D. Cal.) |
| | *F.T.C. v. Goen Technologies* | FTC File No. 042 3127 |
| | *F.T.C. v. Great American Products* | Case No. 05-cv-00170 (N.D. Fla.) |
| | *F.T.C. v. Kevin Trudeau, et al.* | Case No. 03-cv-3904 (N.D. Ill.) |
| | *F.T.C. v. Latin Hut, Inc.* | Case No. 04-cv-0830 (S.D. Cal.) |
| | *F.T.C. v. QT, Inc.* | Case No. 03-cv-3578 (N.D. Ill.) |
| | *F.T.C. v. Seasilver USA, Inc.* | Case No. 03-cv-0676 (D. Nev.) |
| | *F.T.C. v. Smart Inventions, Inc.* | Case No. 04-cv-4431 (C.D. Cal.) |
| | *F.T.C. v. Sunny Health Nutrition Technology & Products, Inc.* | Case No. 06-cv-2193 (M.D. Fla.) |
| | *F.T.C. v. United Fitness of America, LLC* | Case No. 02-cv-0648 (D. Nev.) |
| | *In Re: Guidant Corp Implantable Defibrillators Products Liability Litigation* | Case No. 05-cv-1708 (D. Minn.) |
| | *In re: Nuvaring Products Liability Litigation* | 08-MDL-1964 |
| | *Karen Wright, et al. v. Milan Jeckle* | Case No. 98-2-07410-2 (Spokane County, Wash.) |
| | *Mary Plubell, et al. v. Merck and Co., Inc.* | Case No. 04-cv-235817 (Jackson County, MO) |
| Privacy/FCRA | *St. Clair, et al. v MRB, et al.* | Case No. 12-cv-1572 (D. Minn.) |
| Securities | *Adam C. Kassab , et al. v. Francis D. John, et al.* | Case No. 2:16-cv-00613-AJS (W.D. Pa.) |
| | *Alan Freberg, et al. v. Merrill Corporation, et al.* | Case No. 99-cv-010063 (D. Minn.) |
| | *Anderson v. Investors Diversified Services* | Case No. 4:79-cv-266 (D. Minn.) |

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Arkansas Teacher Retirement System, et al. v. Insulet Corp., et al.* | Civil Action No. 15-12345-MLW (D. Mass) |
| | *Bottlebrush Investments, LP, et al. v. The Lambveth Company, et al.* | Case No BC 407967 (County of Los Angeles, CA) |
| | *Charter Township Of Clinton v. OSI Restaurants* | Case No. 06-CA-010348 (Hillsborough County, Fla.) |
| | *Christopher Carmona, et al. v. Henry I. Bryant, et al. (Albertson's Securities Litigation)* | Case No. 06-cv-01251 (Ada County, Idaho) |
| | *Daryl L. Cooper, et al. v. Miller Johnson Steichen Kinnard, Inc.* | Case No. 02-cv-1236 (D. Minn.) |
| | *Dutton v. Harris Stratex Networks, Inc. et al* | 08-cv-00755-LPS (D. Del.) |
| | *Edith Gottlieb v. Xcel Energy, Inc., et al.* | Case No. 02-cv-2931 (D. Minn.) |
| | *Family Medicine Specialsts, et al. v. Abatix Corp., et al.* | Case No. 3:04-cv-872B (N.D. Tex.) |
| | *Fisk, et al. v. H&R Block Inc., et al.* | 1216-CV20418 (Jackson County, MO) |
| | *Friedman, et al. v. Penson Worldwide, Inc.* | 11-cv-02098 (N.D. Tex.) |
| | *In re FX Energy Stockholders Litigation* | Case No. A-15-726409-B (Clark County, NV) |
| | *In Re: American Adjustable Rate Term Trust Securities Litigation* | Case No. 4:95-cv-666 and 4:95-cv-667 (D. Minn.) |
| | *In Re: Ancor Communications, Inc Securities Litigation* | Case No. 97-cv-1696 (D. Minn.) |
| | *In Re: Asia Pulp & Paper Securities Litigation* | Case No. 01-cv-7351 (S.D.N.Y.) |
| | *In Re: Bayer AG Secuirites* | Case No. 03-cv-1546 (S.D.N.Y.) |
| | *In Re: Bio-One Securities Litigation* | Case No. 05-cv-1859 (M.D. Fla.) |
| | *In Re: Bioplasty Securities Litigation* | Case No. 4:91-cv-689 (D. Minn.) |
| | *In Re: Citi-Equity Group, Inc. Securities Litigation* | Case No. 94-cv-012194 (D. Minn.) |
| | *In Re: Citi-Equity Group, Inc., Limited Partnerships Securities Litigation* | MDL No. 1082 (C.D. Cal.) |
| | *In Re: Control Data Corporation Securities Litigation* | Case No. 3:85-cv-1341 (D. Minn.) |
| | *In Re: Cray Research Securities Litigation* | Case No. 3:89-cv-508 (D. Minn.) |
| | *In Re: Cybex International Securities Litigation* | No. 653794/2012 (County of New York, NY) |
| | *In Re: E.W. Blanch Holdings, Inc. Securities Litigation* | Case No. 01-cv-258 (D. Minn.) |
| | *In Re: Encore Computer Corporation Shareholder Litigation* | Case No. 16044 (New Castle County, Del.) |
| | *In Re: EVCI Career Colleges Holding Corp Securities Litigation* | Case No. 05-cv-10240 (S.D.N.Y.) |
| | *In Re: Flight Transportation* | MDL No. 517 (D. Minn.) |
| | *In Re: Frontier Oil Corporation* | Case No. 2011-11451 (Harris County, Tex.) |
| | *In Re: HeartWare International, Inc. Securities Litigation* | No. 1:16-cv-00520-RA (S.D.N.Y.) |
| | *In Re: Hennepin County 1986 Recycling Bond Litigation* | Case No. 92-cv-22272 (D. Minn.) |
| | *In Re: McCleodUSA Incorporated Securities Litigation* | Case No. 02-cv-0001 (N.D. Iowa) |
| | *In Re: McKesson HBOC, Inc. Securities Litigation* | Case No. 99-cv-20743 (N.D. Cal.) |
| | *In Re: Merrill Lynch & Co., Inc. Securities Derivative and ERISA Litigation* | 07-cv-9633 (S.D.N.Y.) |
| | *In Re: Merrill Lynch Research Reports Securities Litigation* | Case No. 02-md-1484 (S.D.N.Y.) |
| | *In Re: Micro Component Technology, Inc. Securities Litigation* | Case No. 4:94-cv-346 (D. Minn.) |
| | *In Re: National City Corp. Securities, Derivative and Erisa Litig.* | MDL No. 2003 (N.D. Ohio) |
| | *In Re: New Century* | No. 07-CV-0931 (C.D. Cal.) |

| Practice Area | Engagement | Citation |
|---|---|---|
| | *In Re: Novastar Financial, Inc. Securities Litigation* | Case No. 04-cv-0330 (W.D. Mo.) |
| | *In Re: OCA, Inc. Securities and Derivative Litigation* | Case No. 05-cv-2165 (E.D. La.) |
| | *In Re: Raytheon Company Securities Litigation* | Case No. 99-cv-12142 (D. Mass.) |
| | *In Re: Reliance Group Holdings, Inc. Securities Litigation* | Case No. 00-cv-4653 (S.D.N.Y.) |
| | *In Re: Retek Inc Securities Litigation* | Case No. 02-cv-4209 (D. Minn.) |
| | *In Re: Salomon Analyst Metromedia Litigation* | Case No. 02-cv-7966 (S.D.N.Y.) |
| | *In re: Sauer-Danfoss, Inc. Stockholder Litigation* | C.A. No. 8396-VCL (Court of Chancery of the State of Delaware) |
| | *In Re: Scimed Life Systems, Inc. Shareholders Litigation* | Case No. 94-mc-17640 (D. Minn.) |
| | *In Re: Sourcecorp Securities Litigation* | Case No. 04-cv-02351 (N.D. Tex.) |
| | *In re: Spectrum Pharmaceuticals Securities Litigation* | Case No. 2:13-cv-00433-LDG (D. Nev.) |
| | *In Re: SS&C Technologies, Inc. Shareholders Litigation* | Case No. 05-cv-1525 (D. Del.) |
| | *In re: SunEdison, Inc. Securities Litigation* | Case No. 1:16-md-2742-PKC (S.D.N.Y) |
| | *In Re: Tellium Inc Securities Litigation* | Case No. 02-cv-5878  (D. N.J.) |
| | *In Re: The Sportsman's Guide, Inc. Litigation* | Case No. 06-cv-7903  (D. Minn.) |
| | *In Re: Tonka Corporation Securities Litigation* | Case No.  4:90-cv-002  (D. Minn.) |
| | *In Re: Tonka II Securities Litigation* | Case No. 3:90-cv-318 (D. Minn.) |
| | *In Re: Tricord Systems, Inc. Securities Litigation* | Case No. 3:94-cv-746 (D. Minn.) |
| | *In Re: VistaCare, Inc. Securities Litigation* | Case No. 04-cv-1661 (D. Ariz.) |
| | *In Re: Williams Securities Litigation* | Case No. 02-cv-72(N.D. Okla.) |
| | *In Re: Xcel Energy, Inc. Securities Litigation* | Case No. 02-cv-2677 (D. Minn.) |
| | *In Re: Xcelera.Com Securities Litigation* | Case No. 00-cv-11649 (D. Mass.) |
| | *In Re: Xybernaut Corp. Securities MDL Litigation* | Case No. 05-mdl-1705 (E.D. Va.) |
| | *In the Matter of BKS Advisors, LLC* | SEC Admin. Proc. File No. 3-18648 |
| | *In the Matter of deVere USA, Inc.* | SEC Admin. Proc. File No. 3-18527 |
| | *In the Matter of Focus Media Holding Limited, et al.* | SEC Admin. Proc. File No. 3-16852 |
| | *In the Matter of James Goodland and Securus Wealth Management, LLC* | SEC Admin. Proc. File No. 3-16878 |
| | *In the Matter of JL Capital Management* | SEC Admin. Proc. File No. 3-18171 |
| | *In the Matter of Ross, Sinclaire & Associates, LLC, et al.* | SEC Admin. Proc. File No. 3-17315 |
| | *Ivy Shipp, et al. v. Nationsbank Corp.* | 19,002 (TX 12th Jud Dist) |
| | *Karl E. Brogen and Paul R. Havig, et al. v. Carl Pohlad, et al.* | Case No. 3:93-cv-714 (D. Minn.) |
| | *Lori Miller, et al. v. Titan Value Equities Group Inc., et al.* | Case No. 94-mc-106432 (D. Minn.) |
| | *Makor Issues & Rights, Ltd., et al. v. Tellabs, Inc., et al.* | 02-C-4356 (N.D. Ill.) |
| | *Montoya, et al. v. Mamma.com, Inc., et al.* | Case No. 1:05-cv-02313 (S.D.N.Y.) |
| | *Partridge v GreenStar Agricultural Corporation, et al.* | Ontario Superior Court of Justice (Toronto Region) |
| | *Resendes, et al.; Maher, et al.; Hawkins, et al.; Schooley, et al. v. Thorp, et al.* | Case No. 84-cv-03457, 84-cv-11251, 85-cv-6074, 86-cv-1916L (D. Minn.) |
| | *Richard Donal Rink, et al. v. College Retirement Equities Fund* | No. 07-CI-10761, (Jefferson County, KY) |

ANALYTICS

| Practice Area | Engagement | Citation |
|---|---|---|
| | *Robert Trimble, et al. v. Holmes Harbor Sewer District, et al.* | Case No. 01-2-00751-8 (Island County, Wash.) |
| | *Sandi Roper, et al. v. SITO Mobile, Ktd., et al.* | NO. 2:17-CV-01106-ES-MAH (D.N.J.) |
| | *Securities and Exchange Commission v Al-Raya Investment Company, et. al.* | No. 109-CV-6533 |
| | *Securities and Exchange Commission v. AIMSI Technologies, Inc., et al.* | 05 CV 4724 (LLS) (S.D.N.Y.) |
| | *Securities and Exchange Commission v. Alderson et al.* | No. 18-04930 (S.D.N.Y.) |
| | *Securities and Exchange Commission v. Broadwind Energy, Inc. et al.* | Civ. Act. No. 1:15-cv-01142 (N.D. Ill.) |
| | *Securities and Exchange Commission v. CKB168 Holdings Ltd., et al.* | Civil Action No. 1:13-cv-5584 (E.D.N.Y.) |
| | *Securities and Exchange Commission v. Harrison Katzen* | Case No. 16-cv-06606 (E.D.N.Y.) |
| | *Securities and Exchange Commission v. Intercontinental Regional Center Trust of Chicago, LLC* | Civil Action No. 13-cv-982 (N.D. Ill.) |
| | *Securities and Exchange Commission v. Myron Weiner* | 11-CV-05731 (E.D.N.Y.) |
| | *Securities and Exchange Commission v. Rockford Funding Group, LLC, et al.* | 09-10047 (S.D.N.Y.) |
| | *Securities and Exchange Commission v. United American Ventures, LLC, et al.* | Case No. 10-cv-00568-JCH-LFG (D.N.M.) |
| | *Superior Partners, et al. v. Rajesh K. Soin, et al.* | Case No. 08-cv-0872 (Montgomery County, Ohio) |
| | *Svenningsen, et al. v. Piper Jaffray & Hopwood, et al.* | Case No. 3:85-cv-921 (D. Minn.) |
| | *Three Bridges Investment Group, et al. v. Honeywell, et al.* | Case No. 88-cv-22302 (D. Minn.) |
| | *United States of America v. George David Gordon* | Case No. 4:09-cr-00013-JHP-1 (N.D. Okla.) |
| | *United States of America v. Zev Saltsman* | Case No. 04-cv-641 (E.D.N.Y.) |

**Exhibit 2**

# Class Action
# Consulting Services



ANALYTICS



# Table of Contents

1 INTRODUCTION ................................................................................................................. 1

  1.1 Company Information ..................................................................................................... 1

    1.1.1 Analytics ................................................................................................................ 1

    1.1.2 Why Analytics? ..................................................................................................... 2

2 EXPERTS – NOTICE AND ADMINISTRATION ............................................................ 3

3 PROJECT MANAGEMENT AND IMPLEMENTATION ................................................. 4

  3.1 Project Management Plan .............................................................................................. 4

  3.2 Project Implementation ................................................................................................. 4

    3.2.1 Claims .................................................................................................................... 5

    3.2.2 Claim Controls ...................................................................................................... 5

    3.2.3 Claims Support & Contact Center ........................................................................ 6

    3.2.4 Distribution Services ............................................................................................ 7

  3.3 Technology and Data Security ...................................................................................... 7

© 2019 Analytics Consulting LLC



# 1    INTRODUCTION

Analytics is one of the premier providers of class action consulting and administration services - including the planning, notification, claims processing and distribution of settlement funds.

Top law firms, corporate legal departments, Special Masters, and other legal professionals rely on Analytics to plan and implement complex notice and claims programs, including collective and class action settlements, governmental settlements, and regulatory remediation engagements. Our experienced staff, tested systems, and turn-key operations centers are in place to meet the most complex of notice and settlement requirements.

Analytics' program and claims management practice provides:

- PMP-certified project managers
- SOC 1 Type II audited data intake, case management, and distribution process
- FISMA-Moderate accredited infrastructure and applications that includes:
  - Call Centers
  - Claims Resolution
  - Application and Data Hosting
  - Mail Processing
  - Treasury Management and Distribution Services
- Experience providing expert testimony and consulting services regarding legal and operational issues as they relate to the management of claims facilities and communications programs.

## 1.1    Company Information

### 1.1.1    Analytics

Analytics was established in 1970, two years after the revisions to Federal Rules of Civil Procedure Rule 23 that made federal class action litigation practical. Throughout our 49-year history, Analytics has assisted clients in managing class action settlements around the globe involving more than 250 million class members and $6 billion dollars.  With decades of experience, Analytics has the demonstrated ability to customize fund administration solutions for every sector and to manage engagements ranging from less than 25 to over 80 million individuals.  Our clients include law firms, Special Masters. Fortune 500 corporations, and the United States Government. Analytics has been retained under multi-year contracts to provide expert consulting and administration services to the following agencies to support their consumer and investor protection missions: The Consumer Financial Protection Bureau,  Federal Trade Commission, Securities and Exchange Commission, and the  Department of Justice.

Our experience covers the full range of collective action, class action and mass tort litigation, including antitrust, building products, consumer fraud, employment, ERISA, racial and sexual discrimination, insurance, privacy, securities, and truth-in-lending litigation.    We have

© 2019 Analytics Consulting LLC



administered settlements ranging in size from fewer than 100 class members to more than 40 million, including one of the largest mailed-notice campaigns in history.

### 1.1.2 Why Analytics?

There are several qualities that distinguish Analytics as a notice and claims administrator:

- **EXPERTS IN CLASS ACTION NOTICE AND SETTLEMENT ADMINISTRATION.** Our management team includes experts in law, economics, and e-commerce, and averages more than three decade's worth of class action notice and settlement administration experience. The unique perspective this team brings gives us the ability to meet the challenges of modern legal notice and claims administration.
- **WE ARE E-COMMERCE AND TECHNOLOGY EXPERTS.** We are committed to investments in technology to improve the administration process for clients and class members. From load-tested applications designed to accommodate surges in claimant interest, to websites designed for smartphones that encourage participation; our systems are designed to meet the needs of modern notice and claims administration.
- **WE'RE OBSESSIVE ABOUT THE DETAILS.** Our processes are based upon decades of experience and detailed planning and undergo an annual SOC 1 Type II audit. For each engagement, project plans result in defined deliverables as well as measured and transparent results.
- **PERSONALIZED SERVICE FOR CLIENTS AND CLASS MEMBERS** We understand that every engagement is personal: personal to the lawyers who litigated the matter and personal to the class members who participate in the settlement process. For clients, we provide a single point of contact that oversees and coordinates all aspects of each engagement. For class members – we provide the administration support they need in the mode best suited to their needs.
- **WE HAVE NO CONFLICTS.** We have no conflicts of interest that could compromise our services or undermine the trust of the parties. Due to our closely held nature, Analytics has never had a conflict of interest, however remote, in any matter that we've assisted in administering.
- **WE NEVER OUTSOURCE.** All consulting services are performed in house, and we do not offshore any portion of our administration work. This provides us with greater control over our work product and tighter data security for our clients.

Our focused approach to class action consulting provides a single, fully dedicated point of contact who is responsible for overseeing and coordinating all aspects of each engagement. In addition to a single point of contact for each engagement, we provide an unmatched level of access to senior management (all of whom are actively involved with every case we administer). Our management team has regular and direct contact with all employees, from the mailroom, processing staff and customer service representatives working directly with class members, to IT and accounting departments.

© 2019 Analytics Consulting LLC



While Analytics administers cases of all sizes and scope, we are a recognized as the leader in bespoke case administration. Analytics' Minneapolis facility has 25,000 square feet of floor space (with access to an additional 30,000 of contiguous flexible space) and includes an on-site call center and on-demand, on-premise printing and mail center.

Our success stems from our leadership in the development of methods to notify consumers of their rights and our development of processes that ease the manner in which they participate in a settlement or judgement. Our focus on improving the process and participation rates is backed by our proprietary software application, CARMEN. We pioneered the class action claims administration process - and have incorporated the lessons that we've learned into carefully documented, scalable, notice and administration best practices.

## 2  EXPERTS – NOTICE AND ADMINISTRATION

State and Federal Courts, the Department of Justice, the Federal Trade Commission, and the Securities and Exchange Commission have all recognized Analytics (and members of the executive team) as experts regarding class notification and notice procedures. Significantly, we have:

- testified regarding the adequacy of notice procedures in direct notice cases;
- testified regarding the adequacy of published notice plans;
- been appointed as a Distribution Fund Administrator by the Securities and Exchange Commission tasked with developing Distribution Plans for court approval;
- been retained as an expert by the Federal Trade Commission to testify regarding the effectiveness of competing notice plans and procedures.

Attached is a biography for Richard Simmons, Analytics' president and principal consultant with respect to notification issues. This biography identifies matters in which Analytics testified as to the adequacy of published notice, including quotes from relevant orders.

This does not include the hundreds of instances where we testified as to notice procedures employed by Analytics so that a court could have a basis for a ruling regarding the adequacy of notice. These cases are reflected in the Partial List of Class Action Consulting Experience that accompanies the biography.

Additionally,

- In 2011, Mr. Simmons was a panelist at the Federal Judicial Center's workshop/meeting regarding class action notice and settlement administration.
- In 2014, we were interviewed by the Consumer Financial Protection Bureau regarding notice and claims administration in class action litigation as part of their study on arbitration and consumer class litigation waivers.
- In 2016, we worked with the Federal Trade Commission's Class Action Notice Project to design and test alternate forms of notice.

3

© 2019 Analytics Consulting LLC



- In 2017, Mr. Simmons is the primary author for the Duke Law Center's standards for evaluating class action notice programs.

## 3    PROJECT MANAGEMENT AND IMPLEMENTATION

Analytics provides turnkey solutions for the management of collective action, class action, and mass tort notice and claims programs.  Every engagement is managed using a project management structure designed to meet the standards of the Project Management Institute and our annual SOC 1 audit.  We will work closely with each client detailed Project Plan that addresses the lifecycle of the matter from initial database development through distribution of funds.  This ensures that the scope of the work is clearly identified, appropriate responsibilities are assigned, and realistic timelines are established for key milestones.  This ensures accuracy, timeliness, and cost efficiency for clients.

### 3.1    Project Management Plan

After a project is awarded to Analytics, a project team is assembled to work with the client to document the matter, coordinate data transfer, and begin the initial process. We will work closely with each client to prepare a detailed Project Plan that addresses the lifecycle of the distribution fund.  This ensures that the scope of the work is clearly identified for engagement, appropriate responsibilities are assigned, and realistic timelines are established for milestones.

Analytics senior management team chairs a weekly management meeting that is attended by project managers and a representative from each department that supports their engagements (i.e., Data Services, Shared Services [Call Center and Data Capture], Document Center, and Treasury Management). During this meeting, Project Managers and Executive team will review Analytics' performance against commitments to our clients.  This ensures Analytics' senior management is fully informed of each engagement, and that resources are made available so that we meet or exceed client expectations.

### 3.2    Project Implementation

Analytics leverages its capabilities from startup to closeout to complete all services within the scope of the contract in a timely manner.  Analytics' consulting services are based on a tested technology infrastructure and documented processes to securely collects, manages, and distribute data.  Consequently, we are able to efficiently and cost-effectively manage matters of any size. We have available for our clients use:

- Applications hosted in secure Tier III data centers;
- Imaging and scanning facilities with a capacity of more than 200,000 pages/day
- Call-center capacity suitable for direct notification programs of up to 40 million consumers; and
- Inbound mail-processing center engineered for volumes that accompany direct notification programs of up to 40 million consumers.

4

© 2019 Analytics Consulting LLC



### 3.2.1 Claims

In a typical engagement, claims are submitted in one of two ways:

- **Online Claims**: A claimant may prepare and submit (or upload) a claim using a secure online claims portal.
- **Paper Claim Submission**: Claimant may submit an original claim form, including supporting documentation (if any) to Analytics.

Our claims processing team is supported by dedicated applications designed to meet the specific needs and workflows of class action settlements. These applications allow for:

- **Document Imaging:** Our applications provide scanned images of claims and supporting documentation and have the ability to interpret the information.
- **Process Management:** Our systems are designed to enforce the criteria of each settlement agreement to ensure claimant eligibility and claim valuation is appropriate and correct.
- **Analysis**: Our systems provide pattern matching for claim validation and identify duplicate claims.
- **Data Security:** Analytics' applications enforce a secure audit trail, and we separate duties for claims processing and review to reduce the risk of fraud.

### 3.2.2 Claim Controls

In each engagement, we perform comprehensive audits and reviews to ensure that all claims are processed accurately and that the settlement fund is protected against fraud.

#### 3.2.2.1 *Fraud Prevention*

Analytics is an industry leader in addressing and preventing fraudulent transactions. This has been accomplished through statistical analysis of transactions and extensive training of claims analysts to keep a watchful eye for suspicious claims. All staff members are trained to investigate red flag alerts.

Analytics employs an experienced and trained disbursements staff. These professionals are highly skilled in detecting potential check fraud and performing daily fraud and abuse monitoring activities in addition to account reconciliation. The disbursements team has appropriate quality controls in place to ensure error-free processing of financial transactions once the case has reached the disbursement phase.

#### 3.2.2.2 *Misuse of Data*

Analytics has also implemented internal procedures to prevent unscrupulous activity and to protect our clients' and class members' private information. These controls include:

- Configuring all of Analytics' systems so that modifications can only be made to data though the use of Analytics' proprietary applications. Individuals are not allowed direct access to underlying production databases.

© 2019 Analytics Consulting LLC



- Tracking all modifications to Analytics computer programs with a version control system and auditing all changes.
- Authorizing only designated individuals to perform work on a matter and access data on which any distribution will be based.
- If an individual has the security clearance to make changes in data, all original data is maintained, a copy of the edited data is maintained, and the system records the identity of the individual who made the change.

### 3.2.3 Claims Support & Contact Center

In a world where consumers expect 24/7 availability, we are committed to providing class members the support that they need, when and how they need it. Each engagement is staffed with dedicated agents and supported by an enterprise grade contact center infrastructure that integrates calls, emails, and online chat into a single system:

- **Interactive Voice Response**: Calls are initially routed to an automated system that answers to 90% of callers' questions. We monitor caller selections to optimize class member experience. If they request to speak to an agent, and hold times are above average, callers can request a return call rather than remain on hold. When requested, voice recognition in multiple languages is available.
- **Call Center Agents**: Calls are routed based on skill sets to agents that are trained on the specific engagement. Agents have access to online scripts (approved by our clients) that provide them with answers frequently asked questions. Inquiries not covered by the script can be immediately queued to a supervisor, and then on to the client if appropriate. We also have Spanish, French, and Chinese speaking agents and can accommodate other languages upon request.
- **Email**: Each email is routed to ticketing systems and immediately acknowledged. Class members know that we've received their inquiry, and we track and report on the response to every email. Where possible, responses are standardized, ensuring that class members receive correct, client approved answers to all of their questions.

Analytics has a full service, in-house call center in its Minneapolis facility with capacity for more than 200 agents (including flexible space). For larger projects, remote locations offer the ability to scale our capacity significantly.

Analytics' contact center system employs VOIP (Voice-Over Internet Protocol) technology that provides clients with local access/toll free/free phone numbers across the globe and allows us to route calls to any location in the world. With real-time monitoring, Analytics is also able to allocate staff as needed to a particular program – all dependent on the amount of incoming calls, number of calls in queue and average hold time. Staffing projections and budget monitoring are also better informed given the detailed, historical information routinely available.

The "average" Analytics' agent has supported callers on hundreds of settlements, and has received training regarding Analytics' applications, policies, and procedures. This training includes

6

© 2019 Analytics Consulting LLC



engagement specific information as well as customer service-oriented training to ensure that the answers to callers' questions are delivered in a conversational manner.

Agents are supported in accurate information by a knowledgebase that is integrated into the contact center software that scripts information about each engagement and answers of the most commonly discussed topics.

Call center agents are monitored and coached on an ongoing basis to ensure that consistent messages are delivered regarding each litigation. To further ensure the quality of the experience and the accuracy of the information we provide, calls are anonymously monitored through digital call recordings, and are graded for compliance with standards of accuracy and service.

### 3.2.4 Distribution Services

Following the completion of the data capture process, Analytics coordinates the distribution of checks or other forms of compensation to eligible recipients. All checks are printed in-house by Analytics, ensuring quick and accurate payment to all eligible claimants once payment amounts are approved.

Analytics has breadth of experience in the distribution of awards on qualifying claims. Fund management and disbursement services are handled on-site by accounting and tax professionals. Rigorous controls that exceed banking and federal government-sector security and audit standards are followed.

Checks are printed on-site with MICR encoding and secure check stock. All financial instruments are handled with dual custody and in areas secured by access keys and recorded digital camera monitoring. Daily account reviews are conducted, and positive pay presentments escalated to the business unit. Monthly reconciliations and account reporting are available for review.

### 3.3 Technology and Data Security

In managing settlement, Analytics brings decades of experience handling the sensitive and complex data for clients across a range of industries, from financial and healthcare to manufacturing and services. Analytics' pre-existing management processes and years of operations with complex systems and infrastructure to deliver proven value to our clients.

In light of uncertainty and marketing representations made regarding the "alphabet soup" of information security standards (HIPAA, ISO 27001, NIST, PCI/DSS, SAS70, SOC2, SSAE16, for example), Analytics chose to implement the National Institute of Standards and Technology ("NIST") Cybersecurity Framework. This Framework embodies best practices from the various bodies and can be mapped directly to any of these standards[1]. It requires us to conduct a risk assessment regarding the data that we maintain (be it credit card data, health, or financial

---

[1] For example, SOC2 compliance does not indicate NIST compliance, but NIST compliance at the level that Analytics maintains indicates full SOC2 compliance.

© 2019 Analytics Consulting LLC



information), develop a System Security Plan to address those risks, and then continuously test our compliance with that plan.

Within this standard – also in NIST Publication 800-53 (Security and Privacy Controls for Federal Information Systems and Organizations) - there are various tiers of commitments to information security. After consultation with the Federal Trade Commission (the agency charged with enforcing data privacy), we chose to implement one of the highest standards within this framework– "FISMA" Moderate[2] (meeting the information security requirements for the top 10% of Federal systems). We hold a FISMA-moderate "authority to operate" or "authority to use" from the US Federal Trade Commission, the US Bureau of Consumer Financial Protection, and the US Securities and Exchange Commission.

Highlights of Analytics' commitment to technology and data security include:

- **High Availability**: The systems that we utilize support 24/7 operations, are architected for redundancy (i.e., no critical single points of failure) and have a business continuity management strategy in place.
- **Secure Data Transfer**: Analytics takes the protection of personal information very seriously. Analytics will receive encrypted data files from clients using sFTP or encrypted media. The data elements sent by the client may vary from case to case and may include personally identifiable information (PII) such as: full name, address, telephone numbers, date of birth, and social security number
- **Secure Data Storage**: Once Analytics has retrieved the data, it will be processed and stored in Analytics' secure network. Analytics uses state-of-the-art enterprise database server technology for data storage, and our database and application solution.
- **Audited and Controlled Access**: Analytics staff, including processing and technical support personnel, will have access to the CARMEN Database. IT specialists and Analytics technical and operational program managers will access CARMEN and the CARMEN Database to ensure system performance and to audit the use 'of the system.
  All of these users and other authorized users, whose identity and need for access have been validated, will have varying levels of access to CARMEN Database.
- **Physical Security:** Analytics maintains access levels at the physical, software, and database levels. In addition to the many layers of data security, Analytics data processing facilities are physically secured – at the perimeter and within datacenters – through the use of electronic key cards, biometric access controls, and monitoring equipment. Anyone visiting our facility must sign in and out and be accompanied by an employee at all times.
- **Information Governance:** A comprehensive, written Information Security Plan designed to comply with applicable state and Federal laws and to ensure the confidentiality, integrity, and availability of client data.

---

[2] FISMA is the acronym for the Federal Information Security Management Act of 2002 that established the initial NIST authority and framework.

8

© 2019 Analytics Consulting LLC



- o A dedicated information security team, including an Information Technology Security officer, with specific responsibility of implementing and overseeing the Information Security Plan.
- o An on-site 3,000 square foot enterprise grade Tier III data center.
- o All Analytics personnel who have full access to client data have undergone comprehensive background checks
- o Periodic evaluations of the implementation of Analytics' Information Security Plan, including:
  - ▪ Annual reviews by the Federal Trade Commission, the Department of Justice, and other external auditors.

© 2019 Analytics Consulting LLC

**Exhibit 3**

Information security is more than a risk management policy and locked office doors.  As part of ongoing contractual relationships, Analytics' information security program is reviewed by the Federal Trade Commission, the Consumer Financial Protection Bureau, and the Securities and Exchange Commission.  The most recent review and re-authorization of Analytics' systems occurred by the Federal Trade Commission on October 29, 2018.  These same systems and facilities would be utilized by Analytics in this matter.

**Data Security Measures and Certification/Compliance Standards**

In light of uncertainty and marketing representations made regarding the "alphabet soup" of information security standards (HIPAA, ISO 27001, NIST, PCI/DSS, SAS70, SOC2, SSAE16, for example), Analytics chose to implement the National Institute of Standards and Technology ("NIST") Cybersecurity Framework released in 2014.  This Framework embodies best practices from the various standards bodies and can be mapped directly to any of these standards[1].  It requires us to conduct a risk assessment regarding the data that we maintain (be it credit card data, health, or financial information), develop a System Security Plan to address those risks, and then continuously test our compliance with that plan.

Within this standard – also in NIST Publication 800-53 (Security and Privacy Controls for Federal Information Systems and Organizations) - there are various tiers of commitments to information security.  After consultation with the Federal Trade Commission (the agency charged with enforcing data privacy), we chose to implement one of the highest standards – "FISMA" Moderate[2] (meeting the information security requirements for the top 10% of Federal systems).



We hold a FISMA-moderate "authority to operate" from the Federal Trade Commission, which has been accepted by the Department of Justice and the Securities and Exchange Commission.  A copy of this authorization is attached – with the Chief Information Security Officer for the Federal Trade Commission attesting to the security of the systems maintained by Analytics.  Additionally, we have received an "authority to use" from the Consumer Financial Protection Bureau.  These are the same systems that will be used to manage this settlement.

---

[1] For example, SOC2 compliance does not indicate NIST compliance, but NIST compliance at the level that Analytics maintains indicates full SOC2 compliance.
[2] FISMA is the acronym for the Federal Information Security Management Act of 2002 that established the initial NIST authority and framework.



Highlights of Analytics' information security plan include:

- A comprehensive, written Information Security Plan designed to comply with applicable state and Federal laws and to ensure the confidentiality, integrity, and availability of client data.
- A dedicated information security team, including an Information Technology Security officer, with specific responsibility of implementing and overseeing the Information Security Plan.
- An on-site 3,000 square foot enterprise grade Tier III data center.
- Analytics' online claims systems are regularly scanned by the Department of Homeland Security to ensure data confidentiality.
- All Analytics personnel who have full access to client data have undergone comprehensive background checks for the Department of Justice and the Federal Trade Commission.
- Periodic evaluations of the implementation of Analytics' Information Security Plan, including:
  - Annual reviews by the Consumer Financial Protection Bureau, the Department of Justice, the Federal Trade Commission, and other external auditors.
  - Information security audits from external clients such as MassMutuial and ING.

**System Security Plan and Policies**

Copies of Analytics Privacy Impact Assessment and System Security Plan are available upon request. Analytics policies cover the following control areas:

- Access Control
- Accountability, Audit and Risk Management
- Awareness and Training
- Audit and Accountability
- Security Assessment and Authorization
- Configuration Management
- Contingency Planning
- Identification and Authentication
- Incident Response
- Maintenance
- Media Protection
- Physical and Environmental Protection
- Planning
- Personnel Security
- Risk Assessment
- System and Services Acquisition
- System and Communications Protection
- System and Information Integrity