# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DAVID JOHNSON, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 16-cv-00947-SRB<br>) |
| CORECIVIC, *et al.*, | )<br>) |
| Defendants. | ) |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT FOR CLASS ACTION CLAIMS, APPROVING FORMS OF CLASS NOTICE TO SETTLEMENT CLASS MEMBERS, AND SCHEDULING HEARING FOR FINAL APPROVAL

Plaintiff David Johnson (herein "Class Representative") has requested that the Court enter an order preliminarily approving the settlement of this litigation as stated in the Settlement Agreement and Release and Addendum thereto ("Settlement" or "Settlement Agreement") which sets forth the terms and conditions for a proposed settlement and dismissal of this litigation. Defendants do not oppose preliminary approval of the Settlement.

After having read and considered the Settlement Agreement and the briefing submitted in support of preliminary approval of the Settlement, the Court GRANTS Plaintiffs' Unopposed Motion for Preliminary Approval of Amended Settlement Agreement (Doc. #268), and preliminarily approves the Parties' Settlement as fair, reasonable, and adequate and orders as follows:

1. For the reasons stated below and in those set out in the Motion for Preliminary Approval, the Court finds that preliminary approval of the following Settlement Class, including Settlement Subclass A and Subclass B thereto (referred to together with the Settlement Class as the "Settlement Classes"), is warranted under Federal Rule of Civil Procedure 23:

**Settlement Class:**

All attorneys who, during the period of August 31, 2013 through May 10, 2020, communicated with clients who were detained at Leavenworth Detention Center and whose communications were intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates.

**Settlement Subclass A:**

All members of the Settlement Class who had one or more of their telephone communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

**Settlement Subclass B:**

All members of the Settlement Class who had one or more of their in-person communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

2. The Court finds that notice of the Settlement to the Settlement Class Members[1] is justified because the Parties have shown that the Court will likely be able to approve the Settlement

---

[1] Unless otherwise stated herein, capitalized terms are given the same meaning as those terms are defined to have in the Parties' Settlement Agreement.

Agreement under Rule 23(e)(2) and will likely be able to certify the Settlement Classes for purposes of judgment, since the Court previously certified classes in this case and the Parties' proposed Settlement meets the requirements for preliminary approval under Rule 23.

3. The Court finds that it will likely be able to certify the Settlement Classes as defined in the Settlement Agreement and as set out above.

4. The Court specifically finds that, for the purposes of Settlement only, with regard to Rule 23, (i) the Settlement Classes are so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Class Representative's claims are typical of the Settlement Class Members' claims; and (iv) the Class Representative will be able to fairly and adequately protect the interests of the Settlement Class Members. In addition, the Court finds that, for the purposes of Settlement only, with regard to the Settlement Classes, questions of law or fact common to the Settlement Classes predominate over questions affecting individual members, and a class action is superior to other available methods. Certification of the Rule 23 classes for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members.

5. The Court finds it likely that it will be able to approve the Settlement under Rule 23(e)(2) because the Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

6. The Court also finds that the Settlement provides adequate relief to the Settlement Class Members considering the costs, risks, and delay associated with trial and appeal as well as the effectiveness of the proposed distribution of settlement payments to the Settlement Class Members. The Court further finds that preliminary approval of the Settlement is supported by the terms of the proposed attorneys' fees and costs and proposed service awards.

7. The Settlement treats Settlement Class Members equitably relative to each other since settlement payments are based on an equitable formula.

8. Michael Hodgson, Lance Sandage, and Joseph Eischens shall serve as Class Counsel and Plaintiff David Johnson shall serve as the Class Representative.

9. The Court approves, as to form and content, the Class Notice of Settlement. The Court also approves the Claim Form previously submitted to the Court. The Court finds that the proposed distribution of the Class Notices: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

10. Within sixty (60) days of the initial mailing of the Class Notice, Settlement Class Members may request exclusion from the Settlement by filing a valid Opt Out notice. Settlement Class Members who do not Opt Out and who wish to receive a Settlement Payout must timely complete and submit or return a Claim Form, either electronically or by mail, to the Settlement Administrator. Settlement Class Members who do not return a timely and valid Claim Form to the Settlement Administrator in compliance with this Order and the Settlement Agreement, and who also do not timely Opt-Out, will, in the event the Settlement is finally approved by the Court, remain bound by the Settlement and deemed to have released all claims against Defendants as described in the Settlement Agreement and will be deemed to have waived any right to receive a payment in conjunction with the Settlement.

11. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court at 10:00 a.m. (CST) on December 9, 2020, in Courtroom 7B of the U.S. District Court for the Western District of Missouri, Charles Evans Whittaker U.S. Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement of the

Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court. The Court will also hear at that time any timely objections submitted by Settlement Class Members and shall also consider Class Counsel's request for an award of attorneys' fees and lawsuit costs and for Service Awards for the Class Representative and former named plaintiff as specified in the Settlement Agreement.

12. Any Settlement Class Member may enter an appearance in the litigation individually or through counsel of his or her own choice. Any Settlement Class Member who does not enter an appearance or exclude himself or herself from the Settlement Class will be represented by Class Counsel.

13. Any Settlement Class Member may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the litigation should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees and costs should or should not be awarded to Class Counsel; and/or (4) why the Class Representative and former named plaintiff as specified in the Settlement Agreement should or should not receive an extra compensation in the form of a Service Award. However, no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, Service Awards and attorneys' fees and costs to Class Counsel, unless that person has, no later than sixty (60) days after the initial mailing of the Class Notice to Settlement Class Members, served by mail on Class Counsel and Defendants' counsel and filed with the Court written notice of the Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof. The Court will consider and rule upon all timely filed objections at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve his or her objection in the

manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, any Service Awards, and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

14. All papers in support of the Settlement shall be filed no later than five (5) days before the Final Approval Hearing.

15. Immediately upon the entry of this Order, all Settlement Class Members shall be and are enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on the alleged interception, monitoring, recording, disclosure, and/or use of communications (including but not limited to telephone communications, in-person communications, and video communications) at the Leavenworth Detention Center during the time period of August 31, 2013 through May 10, 2020. This injunction does not apply to Settlement Class Members who choose to opt out of the litigation. This injunction shall remain in effect through the Final Approval Date.

16. The Court reserves the right to adjourn the date of the Final Approval hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>August 5, 2020</u>