IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DAVID JOHNSON, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:16-CV-00947-SRB<br>) |
| CORECIVIC, *et al.*, | )<br>) |
| Defendants. | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion and Suggestions in Support of Final Settlement Approval. (Doc. #273.) The Court conducted a final fairness hearing on Plaintiffs' Motion on December 9, 2020, at 10:00 A.M. in Kansas City, Missouri. Counsel for the parties appeared; no objectors or any other individuals appeared at the hearing.

Accordingly, based on Plaintiffs' Motion, the final fairness hearing, and good cause shown, the Court **GRANTS** Plaintiffs' Motion for the reasons stated herein and **ORDERS** the following:

1. This Order ("Approval Order") will be binding on Plaintiffs and the Settlement Class as defined in the Settlement Agreement.

2. The Settlement was negotiated at arm's length after lengthy litigation and is fair, reasonable, and adequate; is in the best interests of the Settlement Class; provides adequate relief to the Settlement Class; treats class members equitably; and should be, and hereby is, approved, especially in light of the benefits to the class accruing from the discovery, investigation, and litigation conducted by Class Counsel prior to the proposed Settlement, and the complexity, expense, risks, and probable protracted duration of further litigation.

1

3. The Settlement Agreement was previously submitted to the Court in conjunction with Plaintiffs' Motion for Preliminary Approval of Settlement. (*See* Doc. #268-1.) The Settlement Agreement, including its exhibits, and the definition of terms contained therein are incorporated by reference in this Order. The terms of the Court's Preliminary Approval Order (Doc. #269) are also incorporated by reference in this Order.

4. This Court has jurisdiction over the subject matter of this Action, as well as personal jurisdiction over the Settlement Class as follows:

- **Settlement Class:**

  All attorneys who, during the period of August 31, 2013 through May 10, 2020, communicated with clients who were detained at Leavenworth Detention Center and whose communications were intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates.

- **Settlement Subclass A:**

  All members of the Settlement Class who had one or more of their telephone communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

- **Settlement Subclass B:**

  All members of the Settlement Class who had one or more of their in-person communications with clients at Leavenworth Detention Center intercepted, monitored, recorded, disclosed, or used by CoreCivic, Securus, and/or their affiliates during the period of August 31, 2013 through May 10, 2020.

5. The Court finds and concludes that class notice was disseminated to members of the Settlement Class in accordance with the Settlement Agreement, the Class Notice Plan and the Court's Order (Doc. #269) (the "Class Notice"). The Court finds that the Class Notice fully satisfied Rule 23 of the Federal Rules of Civil Procedure, was the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

6. No state or federal officials objected to the Settlement.

7. The Court finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions.

8. No objections in accordance with the requirements of the Class Notice and the Preliminary Approval Order were submitted to the Settlement Agreement.

9. One individual, Jonathan Sternberg, submitted a timely request to be excluded from the Settlement Class in accordance with the requirements in the Class Notice and the Preliminary Approval Order. Jonathan Sternberg was counsel for Plaintiff and is excluded from the Settlement Class as defined above.

10. The Court has evaluated the overall reaction of the Settlement Class to the Settlement and finds that the overall acceptance of the Settlement Agreement by Settlement Class Members supports the Court's conclusion that the Settlement Agreement is in all respects fair, reasonable and adequate, and in the best interests of the Settlement Class.

11. Analytics Consulting LLC is finally appointed to continue to serve as the Claims Administrator as provided in the Settlement Agreement. The Settlement Administrator is directed to finally process all timely and valid claims and disburse the Settlement Fund in accordance with the terms of the Settlement Agreement, this Order, and the declaration of Jeffrey J. Mitchell, including disbursement of the indicated payments to Class Counsel for their awarded attorneys' fees and costs, Class Representatives for their Service Awards, Participating Claimants (adjusted *pro rata*), and the Notice and Settlement Administrator for the Costs of Settlement Administration. The disbursements described herein shall be made in accordance with the timing set forth in the Settlement Agreement and shall occur no later than within 30 days of Order of Final Settlement Approval as set forth in the Settlement Agreement. Pursuant to the Settlement Agreement, all checks issued to Participating Claimants must be redeemed within six months of the issuance date. The funds associated with any checks not so redeemed (and any other monies remaining in the Net Settlement Fund that cannot be evenly distributed to Participating Claimants) shall be paid equally to the Legal Aid of Western Missouri and Kansas Legal Services, as a *Cy Pres* recipient, on behalf of Defendants.

12. As provided by the Settlement Agreement and now directed by this Court, the Releasing Parties include Plaintiffs, Plaintiffs' Counsel, all members of the Settlement Class who did not Opt-Out, and any person claiming by, through or on behalf of any such person, including but not limited to spouses, children, wards, heirs, devises, legatees, invitees, employees, associates, co-owners, attorneys, agents, administrators, predecessors, successors, assignees, representatives of any kind, shareholders, partners, directors, or affiliates.

13. As provided by the Settlement Agreement and now directed by this Court, the Released Parties include Corecivic and Securus, and any of each of their parent companies,

subsidiaries, or other affiliated companies, divisions, or departments, corporations, partnerships, limited liability companies, and limited partnerships and their successors, assigns, predecessors in interest and past, present, and future owners, directors, officers, partners, general partners, limited partners, principals, managers, agents, alleged agents, physicians, representatives, stockholders, shareholders, attorneys, insurers, servants, licensees, licensors, customers, subrogees and/or employees of any such entities, all of which are released by the Releasing Parties from any and all claims or causes of action arising out of or relating to the interception, monitoring, recording, disclosure, and/or use of communications (including but not limited to telephone communications, in-person communications, and video communications) at the Leavenworth Detention Center that may have occurred up to and through May 10, 2020, as more fully described in the Settlement Agreement.

14. The Releasing Parties, including Plaintiffs and the Participating Settlement Class Members, shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Actions relating thereto, including, without limitation, this Order and Judgment and the Releases provided in the Settlement Agreement. This Order shall forever be binding and shall have *res judicata* and claim preclusive effect in all pending and future lawsuits maintained by or on behalf of Plaintiffs and the Settlement Class.

15. Plaintiffs and the Settlement Class, and all persons acting on behalf of or in concert with any of the above, shall forever be barred and enjoined from, whether directly or indirectly, filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, or before any administrative body whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims or is

5

Case 4:16-cv-00947-SRB   Document 275   Filed 12/23/20   Page 5 of 6

based upon or arises out of the facts and circumstances underlying the claims and causes of action in this lawsuit. This Order may be raised as a complete defense to and will preclude any action or proceeding encompassed by the terms of this paragraph.

16. Without affecting the finality of this Order, the Court reserves exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement.

17. The Court hereby approves Class Counsel's application for $1,295,000 in attorneys' fees inclusive of costs.

18. The Court hereby approves service awards to the Class Representatives in the following amounts:

- $25,000 for named Plaintiff David Johnson; and
- $25,000 for formerly named Plaintiff Adam Crane.

19. The Court hereby dismisses this Action and all claims with prejudice, and without costs to any party except as expressly provided for in the Settlement Agreement and this Order.

20. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2020